| | |
|---|---|
| A.F. MOORE & ASSOCIATES, INC., J. EMIL ANDERSON & SON, INC., PRIME GROUP REALTY TRUST, AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS, ERLING EIDE, FOX VALLEY/RIVER OAKS PARTNERSHIP, AND SIMON PROPERTY GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA PAPPAS, Cook County Treasurer and Ex Officio County Collector, JOSEPH BERRIOS, Cook County Assessor, and the COUNTY OF COOK,<br><br>Defendants. | 18 C 04888 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Maria Pappas ("Collector"), Joseph Berrios ("Assessor"), and the County of Cook's ("County") (collectively, "Defendants") motion to dismiss Plaintiffs A.F. Moore & Associates, Inc. ("A.F. Moore"), J. Emil Anderson & Son, Inc. ("Anderson"), Prime Group Realty Trust ("Prime Group"), American Academy of Orthopaedic Surgeons ("AAOS"), Erling Eide ("Eide"), Fox Valley/River Oaks Partnership ("Fox Valley"), and Simon Property Group, Inc.'s ("Simon Property") (collectively, "Plaintiffs") Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court is Assessor's separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion. The Court also denies Assessor's motion.

## **BACKGROUND**

At the motion to dismiss stage, the Court assumes that the following facts from the complaint are true and draws all reasonable inferences in Plaintiffs' favor. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A.F. Moore is an Illinois corporation that held an interest in a Bridgeview, Illinois property that was improved with an industrial building. Anderson is an Illinois corporation with an interest in a Niles, Illinois property that was also improved with an industrial building. Prime Group is a real estate investment trust that held an interest in property in Rolling Meadows, Illinois that was improved with a multi-tenant office building. AAOS is an Illinois not-for-profit corporation with an interest in property in Rosemont, Illinois improved with a surgical training facility and office building. Eide held an interest in property in Northbrook, Illinois that was improved with a retail store. Fox Valley, an Illinois general partnership, and Simon Property, a Delaware corporation, held interests in a shopping center in Calumet City, Illinois.

Collector is the duly elected and acting Treasurer and Ex Officio County Collector of Cook County. She is charged with issuing tax bills, collecting taxes, and

paying refunds for taxes that have been overpaid or collected upon incorrect, illegal, or unconstitutional assessments. She is sued in her official capacity.

Assessor is the duly elected and acting Assessor of Cook County. He is charged with assessing all taxable properties in Cook County for purposes of taxation based on their market values and at uniform assessment levels within each property class. He is sued in his official capacity.

The County is a government entity and is the Illinois county responsible for funding the Collector and Assessor's offices. The County is liable for any monetary judgment entered against Collector or Assessor in their official capacities and is only named for this purpose.

To understand the dispute underlying this case, a brief overview of Illinois property tax law is necessary. Illinois maintains a system of *ad valorem* property taxation governed by the state constitution. The constitution provides that real property can be broken down into categorical classifications for taxation purposes. However, such classifications need to be reasonable, and assessments need to be uniform within each class. Ill. Const. 1970, Art. IX, § 4(b). Furthermore, the assessment level of the highest class in a county may not exceed two and a half times the assessment level of the lowest class in that county. *Id*.

To satisfy these requirements, the County enacted the Cook County Real Property Assessment Classification Ordinance ("Classification Ordinance"), Code of Ordinances of Cook County § 74-60 *et seq.* The Classification Ordinance separated

3

properties into single-family residential, not-for-profit, commercial, and industrial classes, as is relevant here. The Classification Ordinance mandated that Assessor assess single-family residential properties at sixteen percent of their market value; not-for-profit properties at thirty percent; commercial properties at thirty eight percent; and industrial properties at thirty six percent. Code of Ord. § 74-64.

From 2000 to 2008, Assessor allegedly undervalued most, but not all, single-family residential, commercial, and industrial property in the County. This practice brought the assessment levels to approximately nine percent for single-family residential properties, twenty five percent for commercial properties, and twenty percent for industrial properties—rates far below the level required by law. Based on these assessment levels, Collector issued tax bills and collected taxes from property owners. Plaintiffs allege that the assessment rates actually utilized were concealed from the public.

In 2008, then-Assessor James Houlihan announced a proposal to recalibrate the classification system to decrease the statutory assessment levels to ten and twenty five percent of the market value, depending on the type of property involved. He noted that this proposal would marry the assessment levels with the current market values and codify the County's existing practices.

Plaintiffs are taxpayers whose properties were assessed at or above the level required by law, as opposed to the widely utilized underassessment rate. Plaintiffs allege that this valuation discrepancy caused them to pay taxes at a higher rate than

most other taxpayers in the same class and above the maximum level permitted by Illinois' laws and constitution. Plaintiffs claim to have overpaid property taxes by the following amounts: A.F. Moore by $805,019; Anderson by $755,611; Prime Group by $8,648,343; AAOS by $458,263; Eide by $1,199,006; and Fox Valley and Simon Property by $16,434,354.

Plaintiffs objected to their overpayment and requested refunds in the Cook County Circuit Court pursuant to the procedures set forth in the Illinois Property Tax Code, which was amended in 1995. 35 ILCS 200/23-15. Plaintiffs claim that the 1995 amendments have left them with an inadequate remedy at the state court level, asserting that the procedures are riddled with uncertainty and delay. Specifically, Plaintiffs complain of the statutory presumption that the assessment valuations are correct, the "clear and convincing evidence" burden to overcome that presumption, the inability to name Assessor as a defendant to the action, the inability to introduce evidence of Assessor misconduct, the prohibition on class actions, and that Collector is not required to answer their complaint. Moreover, Plaintiffs emphasize that their case has been litigated at the Cook County Court for over a decade, yet it remains in the discovery stage.

Based on the underlying tax assessments and the remedial procedures experienced thereafter, Plaintiffs filed the instant complaint, alleging equal protection and due process violations pursuant to 42 U.S.C. § 1983 and the Illinois Constitution, along with state law claims regarding the property tax code. On October 17, 2018,

Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Assessor filed a separate motion to dismiss under 12(b)(6), setting forth statute of limitations defenses.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdictional sufficiency of the complaint, but it is otherwise "analyzed as any other motion to dismiss." *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The burden of proof lies with the proponent of jurisdiction. *Id.* The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to

give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants urge the Court to dismiss the complaint for two reasons: (1) the Court lacks subject matter jurisdiction because Plaintiff's claim is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and the principle of comity, and (2) the equitable remedy Plaintiffs seek is unavailable under 28 U.S.C. § 1983 because an adequate remedy at law exists. Assessor seeks dismissal on the additional ground that Plaintiffs claims are barred by the applicable statute of limitations. The Court addresses each argument in turn.

## I. Subject Matter Jurisdiction

As the Seventh Circuit has emphasized, "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States' and is inflexible and without exception." *Scott Air Force Base Prop., LLC v. Cty. of St. Clair, III*, 548 F.3d 516, 520 (7th Cir. 2008) (internal quotation marks omitted). Moreover, "it is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action." *Id.* Therefore, the Court must determine

at the outset whether the TIA or the principle of comity serve as a bar to subject matter jurisdiction.

**A. Tax Injunction Act**

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276 (7th Cir. 2009). One such limit on the Court's jurisdiction is the TIA. 28 U.S.C. § 1341. That statute provides, "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* "Given the strong background presumption against interference with state taxation, the [TIA] may be best understood as but a partial codification of the federal reluctance to interfere with state taxation." *Nat'l Priv. Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 590 (1995).

This prescription applies with equal force to suits based on constitutional violations or those seeking declaratory or injunctive relief. *Scott Air Force Base*, 548 F.3d at 520 ("The TIA strips the district courts of the power to hear suits seeking not only injunctive but also declaratory relief from state taxes.…[T]he TIA's ambit is not confined by the law under which a state tax is challenged, for even federal constitutional claims do not render the Act inapplicable."); *Hadnott v. Berrios*, 2018 WL 4590193, at *7 (N.D. Ill. 2018) ("State taxation challenges claiming constitutional violations do not fall outside the TIA's purview."). Therefore, Plaintiff's constitutional claims are subject to the TIA's jurisdictional limitations.

To determine whether the TIA will strip this Court of subject matter jurisdiction, we must first evaluate whether the remedy available in the Illinois state court is "plain, speedy and efficient." 28 U.S.C. § 1341. This requirement is "construed narrowly," *Scott Air Force Base*, 548 F.3d at 521, and only necessitates that the "state-court remedy…meets certain minimal *procedural* criteria." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). Consequently, a "plain" remedy details a procedure that is not "uncertain or otherwise unclear." *Rosewell*, 450 U.S. at 517. A "speedy" remedy is "a relative concept" that is measured by comparing the typical time to process a remedy "against the usual time for similar litigation." *Id.* at 518. An "efficient" remedy "imposes no unusual hardship on [a party] requiring ineffectual activity or an unnecessary expenditure of time and energy." *Id.* at 518.

For over two decades, the Seventh Circuit has upheld the Illinois tax objection procedures as a "plain, speedy and efficient" remedy under the TIA. *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (collecting cases). The Illinois procedures are plain because they lay out a clear process for dissatisfied taxpayers to object to their taxation by appealing to the Property Tax Appeal Board or by filing a tax objection complaint with the county circuit court. *Cosgriff*, 876 F.3d at 916, *citing Capra v. Cook Cty. Bd. of Review*, 733 F.3d 705, 714–15 (7th Cir. 2013). Plaintiffs argue that these procedures are deficient because they create uncertainty as to whether the state court will hear their constitutional objections to the taxation process. However, both federal and state court precedent serve to quell those concerns. *See Capra*, 733 F.3d at 715 ("Thus, through

9

either the PTAB or the circuit courts, any statutory or constitutional claims can be heard by a state court of general jurisdiction and can be appealed through the Illinois court system to the Illinois Supreme Court and the Supreme Court of the United States."); *Scott Air Force Base*, 548 F.3d at 523 ("Indeed, Illinois case law clearly indicates that Illinois taxpayers are able to litigate their constitutional and other federal-law challenges to state tax matters in the Illinois administrative and judicial system."); *Reno v. Newport Twp.*, 2018 IL App. (2d) 170967, ¶ 26 ("[I]t is well established that property owners may use the statutory tax-objection procedures to raise constitutional questions arising from alleged improper assessments.") (internal quotation marks omitted); *See also Offerman v. Will Cty. Supervisor of Assessments Novak*, 2017 IL App. (3d) 150272-U, ¶ 1 (considering taxpayers' claim that acting township assessor violated the provision of the Illinois Constitution that requires taxes to be levied uniformly).

Plaintiffs next contend that the Illinois procedures are not speedy or efficient because their case has proceeded in the state court for over a decade. However, this inquiry does not turn on the length of the specific proceedings at issue, but rather the typical length of resolution. *Rosewell*, 450 U.S. at 518. Decade-long litigation is not a feature of the tax-objection procedures, but rather an unfortunate product of the tactics employed in this case. Indeed, as the Defendants note, "per local court rule and statute, the lifespan of a tax objection in state court is approximately two to three years"—a timeframe the Supreme Court and Seventh Circuit have already acknowledged as meeting the "speedy" criterion. *Rosewell*, 450 U.S. at 520–21; *Heyde*, 633 F.3d at 521.

Also, "significant delay does not doom the adequacy of state remedies." *Capra*, 733 F.3d at 716. Moreover, Plaintiffs have not alleged that the Illinois procedures require them to engage in "ineffectual activity" during the course of the litigation. *Scott Air Force Base*, 548 F.3d at 522. Therefore, the Court will not deviate from established law finding that the Illinois procedures offer a "plain, speedy and efficient" remedy.

Although Plaintiffs acknowledge the weight of the precedent against them, they insist that the adequacy of the Illinois procedures remains an open question because none of the prior rulings considered the 1995 amendments. While no case has directly and comprehensively addressed the 1995 amendments, the Seventh Circuit has considered individual features of the amendments and reached the conclusion that the Illinois procedures afford an adequate remedy. *See Heyde*, 633 F.3d at 521 (stating that the amendments to the Illinois procedures did not "significantly alter" the process so as to call into question their adequacy); *See also Capra*, 733 F.3d at 716–17 (finding that the clear and convincing evidence burden did not render Illinois procedures "inadequate or incomplete"); *See also Perry v. Coles Cty., Ill.*, 906 F.3d 583, 587, 590 (7th Cir. 2018) (considering prohibition on class actions and adequacy of remedy where county "refused to follow the law" with respect to assessments).

Taking a cue from the Seventh Circuit's evaluations, the Court finds that the 1995 amendments do not evince the need to deviate from the decades of Supreme Court and Circuit Court precedent establishing that the Illinois procedures afford Plaintiffs an adequate tax-objection remedy. Given that Plaintiffs have a "plain, speedy and

11

efficient" remedy in state court, the TIA strips the Court of jurisdiction over Plaintiff's claims.

**B. Comity**

Unlike the TIA's jurisdictional divestment, comity is a "doctrine of abstention." *Perry*, 906 F.3d at 587. "Comity reflects, in part, a 'belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'" *Hadnott*, 2018 WL 4590193, at *4, *citing Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010). This belief is especially apt regarding state taxation. As the Supreme Court has underscored, "we have long recognized that principles of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council*, 515 U.S. at 586.

The Seventh Circuit has echoed this sentiment, cautioning courts not to interfere with state taxation. *Cosgriff*, 876 F.3d at 915 ("Together, Congress and the Court embedded the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation.") (internal quotation marks omitted); *Capra*, 733 F.3d at 713 ("Like the [TIA], this comity doctrine serves to minimize frictions inherent in a federal system of government and embodies longstanding federal reluctance to interfere with state taxation.") (internal quotation marks omitted). Accordingly, "district courts should abstain from hearing § 1983 suits that deal with state taxation when there is an

'adequate, plain, and complete' remedy available to plaintiffs in state courts." *Hadnott*, 2018 WL 4590193, at *4, *citing Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981); *See also Perry*, 906 F.3d at 588 ("Taxpayers seeking such relief must instead seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete.") (internal quotation marks omitted).

In assessing whether state remedies are "plain, adequate, and complete," the Supreme Court and the Seventh Circuit have instructed district courts to use the analysis dictated by the TIA. *Fair Assessment*, 454 U.S. at 116 n.8 ("We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are 'plain, adequate, and complete,' as that phrase has been used in articulating the doctrine of equitable restraint, and those which are 'plain, speedy and efficient,' within the meaning of § 1341."); *Capra*, 733 F.3d at 714 ("In determining whether available state remedies are 'adequate, plain, and complete' for purposes of *Fair Assessment*, we have used the comparable standard from the [TIA], which bars federal courts from enjoining state taxes where a 'plain, speedy and efficient' state remedy is available."). Given that the Court determined the state remedy was adequate under the TIA analysis, that same remedy would be adequate under the comity framework. Therefore, the Court finds it appropriate to decline jurisdiction over this matter on comity grounds.

13

## II. Sufficiency of Pleadings

Because the Court lacks subject matter jurisdiction over this case, the Court cannot weigh in on the merits of Defendants' or Assessor's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, those motions are denied as moot.

## **CONCLUSION**

For the aforementioned reasons, the Court grants in part and denies in part Defendants' motion and denies Assessor's motion as moot. It is so ordered.

Dated: 4/30/2019

_____
Charles P. Kocoras
United States District Judge