UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.F. MOORE & ASSOCIATES, INC.;<br>J. EMIL ANDERSON & SON, INC.;<br>ERLING EIDE;<br>FOX VALLEY/RIVER OAKS PARTNERSHIP; and<br>SIMON PROPERTY GROUP (DELAWARE), INC., | No. 18 CV 4888 |
| *Plaintiffs,* | |
| v. | Judge John J. Tharp Jr. |
| MARIA PAPPAS, Cook County Treasurer and<br>  Ex Officio County Collector;<br>FRITZ KAEGI, Cook County Assessor; and<br>COUNTY OF COOK, | Magistrate Judge<br>  Daniel P. McLaughlin |
| *Defendants.* | |

**AFFIDAVIT OF LINDSEY R. MILLER ON BEHALF OF
PLAINTIFFS FOX VALLEY/RIVER OAKS PARTNERSHIP AND
<u>SIMON PROPERTY GROUP (DELAWARE), INC.</u>**

I, Lindsey R. Miller, hereby affirm:

1.     I am a Senior Paralegal of Simon Property Group. I have held the position of Senior Paralegal since January 2019. In my role as Senior Paralegal, I have been responsible for working with outside counsel to search for and collect responsive documents in the above-captioned litigation.

2.     Pursuant to the instructions of the Special Master dated August 26, 2025, I submit this Affidavit on behalf of Plaintiffs Simon Property Group (Delaware), Inc. and Fox Valley/River Oaks Partnership (collectively, "Plaintiffs" or "Simon"). I am authorized to make this Affidavit on Plaintiffs' behalf. While some of the matters stated herein are within my personal knowledge, some of the matters are not, and I

have relied on information within Plaintiffs' possession, custody, and control to the extent I do not have personal knowledge of such matters.

3. The information requested in Paragraph 1 of the Special Master's instructions is set forth in Exhibit 1 attached hereto.

4. The information requested in Paragraph 2 of the Special Master's instructions is set forth in Exhibit 2 attached hereto.

5. The information requested in Paragraph 3 of the Special Master's instructions is set forth in Exhibit 3 attached hereto.

6. The information requested in Paragraph 4 of the Special Master's instructions is set forth in Exhibit 4 attached hereto.

7. The information requested in Paragraph 5 of the Special Master's instructions is set forth in Exhibit 5 attached hereto.

I affirm that the information identified herein is true and correct based on information and belief, available records and information, and reasonable inquiry.

Dated: September 8, 2025

_____
Lindsey R. Miller

# EXHIBIT 1

A list with the name and department of each custodian whose ESI or hard-copy documents were searched in connection with this litigation, the approximate date of the search, precisely which ESI and/or hard-copy sources for that custodian were searched, and the date of the production containing that custodian's ESI or hard-copy documents.

| Name of Custodian | Department of Custodian | Repository Searched and Approximate Date(s) of Search | Date(s) of Production |
|---|---|---|---|
| 1. Larson, Michael | Property Tax | • Lotus Notes: October 2021; August 2025<br>• OneDrive: July 2025 | November 8, 2024; Multiple productions from August 2025 through September 2025 |
| 2. Paz, Juan | Property Tax | • Lotus Notes: October 2021; August 2025<br>• OneDrive: July 2025 | January 29, 2024; November 8, 2024; Multiple productions from August 2025 through September 2025 |
| 3. Braunlich, Amy | Procurement; formerly Financial Reporting | • Lotus Notes: August 2025 | No responsive documents[1] |
| 4. Breeden, Melissa | Legal Services | • M:Drive files: October 2021 | December 17, 2021 (left Simon in 2018) |
| 5. Broadwater, Steven | Financial Reporting & Operations | • Lotus Notes: August 2025 | August 26, 2025; September 8, 2025 |
| 6. Brown, Ken | Property Management | • Lotus Notes: August 2025 | No responsive documents |
| 7. Calisto, Jodi | Financial Reporting & Operations | • Lotus Notes: August 2025 | August 26, 2025; August 29, 2025; September 8, 2025 |

---

[1] Although certain custodians had no responsive documents in their custodial files, responsive emails and attachments relating to these custodians have been produced through the production of other custodial files to the extent they exist.

| | | | |
|---|---|---|---|
| 8. Clements, Lisa | Property Tax | • Lotus Notes: October 2021; August 2025<br>• C:Drive: October 2021; August 2025<br>• U:Drive: October 2021; August 2025 | No responsive documents (left Simon in 2009) |
| 9. Contis, David | Executive Management | • Lotus Notes: August 2025<br>• M:Drive files: August 2025 | • Lotus Notes: No responsive documents (left Simon in 2017)<br>• M:Drive files: September 2, 2025 |
| 10. Couch, Karen | Property Tax | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2011) |
| 11. Evans, Emily (married name Smith, Emily) | Property Tax | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2009) |
| 12. Fleck, Eric | Financial Planning & Analysis (part of Financial Reporting & Operations) | • Lotus Notes: August 2025 | August 26, 2025 |
| 13. Herndon, Mark | Property Tax | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2010) |
| 14. Lima, Frank | Property Tax | • Lotus Notes: August 2025<br>• C:Drive: October 2021; August 2025<br>• U:Drive: October 2021; August 2025 | No responsive documents (left Simon in 2009) |
| 15. Masbaum, Courtney | Property Tax | • Lotus Notes: August 2025 | August 26, 2025; September 8, 2025 (left Simon in 2018) |

| | | | |
|---|---|---|---|
| 16. McCarty, Michael | Development | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2023) |
| 17. Melvin, Dona Maria | Property Tax | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2015) |
| 18. Spell, Harry | Property Tax | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2015) |
| 19. Trent, Missy | Lease Accounting | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2021) |
| 20. Vosper, Donna | Partnership Relations | • M:Drive files: October 2021 | No responsive documents (left Simon in 2017) |
| 21. Vosper, Rod | Development | • M:Drive files: October 2021 | No responsive documents (left Simon in 2020) |
| 22. Yoas, Kevin | Financial Planning & Analysis (part of Financial Reporting & Operations) | • Lotus Notes: August 2025 | No responsive documents (left Simon in 2019) |

# EXHIBIT 2

A list of the non-custodial data sources that were searched in connection with this litigation, what department each source is associated with (if any), the approximate date of the search, and the date of the production of ESI or hard-copy documents from that non-custodial data source.

| Non-Custodial Data Source | Associated Department | Approximate Date(s) of Search | Date(s) of Production |
|---|---|---|---|
| 1. Tenant Access Platform (TAP) | Leasing; Lease Accounting; Lease Administration | October 2023; August 2025 | November 14, 2023; September 8, 2025 |
| 2. M:Drive | Company-wide network drive | February 2024 | March 8, 2024 |
| 3. SharePoint | Property Tax; Financial Services | July 2025; August 2025 | August 16, 2025; August 26, 2025; August 29, 2025; September 8, 2025 |
| 4. F:Drive | Financial Services (which includes Financial Reporting & Operations and Financial Planning & Analysis) | August 2025 | September 8, 2025 |
| 5. OneSource | Property Tax | July 2025 | August 1, 2025 |
| 6. CTI | Leasing; Lease Administration; Lease Accounting | November 2023 | November 15, 2023; December 8, 2023 |
| 7. Iron Mountain (Hard-copy files from offsite storage) | Property Tax; Corporate Tax | September 2023; July 2025 | January 29, 2024; August 1, 2025 |

| 8. L:Drive | Property Management | October 2023 | No responsive documents |
|---|---|---|---|
| 9. I:Drive | Company-wide drive; focus of this search was on the Construction and Development departments | October 2023; December 2023 | January 29, 2024 |

# <u>EXHIBIT 3</u>

The departments for which no custodian or non-custodial sources were searched are as follows:

- Marketing
- Mills
- Premium Outlets

# EXHIBIT 4

A list including the 19 items set forth in the County Defendants' letter dated July 3, 2025 (Ex. F to County Defendants' Opening Brief) and (a) whether the item was searched for (if applicable), (b) the approximate date of the search (if applicable), (c) a precise description of the hard-copy documents or ESI in each category that were produced (if applicable), and (d) the date of the production (if applicable).

| Items Listed in County Defendants' Letter Dated July 3, 2025 | Whether the Item Was Searched for and the Approximate Date of the Search | Hard-Copy Documents or ESI Produced and the Date of Production |
|---|---|---|
| 1. All documents related to Simon's corporate policy regarding email retention[2] | Yes; October 2021 | Simon produced its Records Retention and Destruction Policy, Records Retention Schedule, and a Corporate Document Management Policy on December 17, 2021. |
| 2. Approximately four pages of handwritten notes by Mr. Paz that he reviewed to prepare for his deposition | Yes; July 2025 | N/A (withheld on privilege grounds) |
| 3. All documents reflecting the valuation of River Oaks Mall, whether maintained in electronic format or in paper files | Yes; October 2021, November 2021, September 2023, October 2023, November 2023, | Simon produced many different categories of documents that appear responsive to Defendants' request for documents reflecting the valuation of River Oaks Mall,[3] including Direct Capitalization reports, Pending |

---

[2] During the parties' meet-and-confer on July 15, 2025, the Defendants clarified that they were seeking any separate email retention policy that Simon had in addition to any document retention policies already produced. There is no such separate policy.

[3] Plaintiffs are not conceding that these documents are all reflective of the relevant valuation in this case—the "market value" of River Oaks Mall for property tax purposes—but identify these documents for purposes of completeness in discovery.

| | July 2025, and August 2025 | Appeal reports, Real Estate Tax Transmittal reports, 5-Year Value Comparison reports, budgeting documents, and SEC filings, over several productions spanning from January 29, 2024 through September 2025. |
|---|---|---|
| 4. All data prepared by Karen Couch regarding River Oaks Mall from 2005 to 2017 | Yes; August 2025 | N/A (Although Couch left Simon in 2011 and had no custodial files, responsive documents relating to Couch have been produced through the production of other files) |
| 5. All human resources binders and other materials containing policies and procedures related to property/ real estate taxation and payment of property/ real estate taxes, whether stored on SharePoint, OneSource or any other format, electronically or physically[4] | Yes; July 2025 | N/A (no responsive documents) |
| 6. All documents identifying the individual(s) within Simon Property Group's Payment Services Department responsible for handling River Oaks Mall[5] | Identification of the individual(s) responsible for issuing property tax refunds to tenants at River Oaks Mall is in progress | N/A |

---

[4] During the parties' meet-and-confer on July 15, 2025, the Defendants clarified that this item seeks any training materials or binders used by Simon's Property Tax department.

[5] During the parties' meet-and-confer on July 15, 2025, the Defendants clarified that this item seeks the identities of the personnel responsible for issuing property tax refunds to tenants.

| | | |
|---|---|---|
| 7. All Tax Department meeting agendas and minutes from 2005 to 2017, that reference River Oaks Mall | Yes; July 2025 | N/A (no responsive documents) |
| 8. All responsive documents not produced from Mr. Paz's SharePoint, OneSource, M-Drive, Lotus Notes or any other electronic source | Yes; October 2021, July 2025, and August 2025 | Given the breadth of this item, it is difficult to identify all of the responsive documents produced, which have been produced over several productions spanning from January 29, 2024 through September 2025. |
| 9. The 2015 (approximately) letter received by Mr. Paz regarding document destruction provided by Simon's attorneys | Yes; July 2025 | N/A (withheld on privilege grounds) |
| 10. All responsive documents stored in any storage facility used or owned by Simon | Yes; September 2023 and July 2025 | Simon produced copies of tax returns on January 29, 2024; Simon also produced appraisal-related documents, tax appeal-related documents, Tenant Sales Analysis reports, documents related to a meeting with the Assessor's Office, Direct Capitalization reports, and third-party publications related to cap rates, produced on August 1, 2025. |
| 11. All responsive emails and other communications sent or received via Lotus Notes, Outlook or any other email service provider from 2005 to 2017[6] | Yes; October 2021 and August 2025 | Given the breadth of this item, it is difficult to identify all of the responsive documents produced, which have been produced over several productions spanning from January 29, 2024 through September 2025.[7] |

---

[6] Simon did not use Outlook during the period of 2005 through 2017.

[7] As of the date of this Affidavit, Plaintiffs have made 21 document productions totaling nearly 13,000 documents and 150,000 pages, including 6,154 emails and attachments from Lotus Notes.

| | | |
|---|---|---|
| 12. All communications Simon sent to tenants regarding tax appeals pertaining to River Oaks Mall from 2005 to 2017 | N/A | Simon objected to this item as untimely and unduly burdensome but searched the TAP files for documents related to real estate tax billings to tenants, which were produced on September 8, 2025. |
| 13. All reports reflecting property tax savings or refunds for River Oaks Mall for 2005 to 2017 | Yes; July 2025 and August 2025 | Simon produced Real Estate Tax Savings Worksheets on August 1, 2025. |
| 14. All lease accounting transmittals to tenants contributing to real estate taxes from 2005 to 2017, including those notifying tenants about the status of tax appeals | Yes, in part; August 2025 | Simon objected to this item as unduly burdensome but searched the TAP files for documents related to real estate tax billings to tenants, which were produced on September 8, 2025. |
| 15. All documents and electronic information related to (1) any presentations by employees of Simon to the Cook County Assessor's Office or (2) meeting with employees of Simon and the Cook County Assessor's Office, and related materials provided by Simon to the Cook County Assessor's Office from 2005 to 2017, including but not limited to presentations and papers made by Mr. Paz or Michael Larson to Tom Jaconetty, Vanessa Berrios or other officials pertaining to River Oaks Mall or Woodfield Mall[8] | Yes; July 2025 | Simon produced presentation materials and related correspondence on August 1, 2025. |

---

[8] During the parties' meet-and-confer on July 15, 2025, the Defendants clarified that this item seeks copies of the presentation materials.

| | | |
|---|---|---|
| 16. All real estate tax transmittal reports identifying the fair market value of River Oaks Mall on a monthly basis from 2005 to 2017 | Yes; July 2025 | Simon produced the Real Estate Tax Transmittal reports on August 1, 2025. |
| 17. The most current version of Juan Paz's curriculum vitae, including all updates made within the past twelve 12 months | Yes; July 2025 | Simon produced Mr. Paz's resume on August 1, 2025. |
| 18. All documents related to the River Oaks Mall property tax appeals for years 2005 to 2009 that were in the possession of Lisa Clements, prepared or relied upon by her in connection with those appeals, and subsequently provided to Juan Paz following her termination at Simon Property Group | Yes; October 2021 and August 2025 | Simon produced property tax appeal documents that were signed by Ms. Clements on December 17, 2021. Additionally, on September 8, 2025, Simon produced Ms. Clements' River Oaks-related emails that Courtney Masbaum gathered for Juan Paz in 2009 after Ms. Clements left Simon. |
| 19. All tables and reports referenced during the deposition of Juan Paz, including but not limited to the "Pending Appeals" table in the pending appeals database and any table updated tri-annually, from 2004 to the present, that relate to River Oaks Mall | Yes; October 2021, July 2025, and August 2025 | Simon produced Pending Appeals reports, Real Estate Tax Transmittal reports, 5-Year Value Comparison Reports, Direct Capitalization reports, and budgeting documents over several productions spanning from January 29, 2024 through September 2025. |

EXHIBIT 5

A list of any custodian or non-custodial sources where a search is still in progress or has yet to be undertaken.

| CUSTODIAN SOURCES[9] | | |
|---|---|---|
| **Name of Custodian** | **Department of Custodian** | **Status of Search** |
| 1. Anderson, Brian | Lease Accounting | Lotus Notes: Review in progress |
| 2. Carson, David | Lease Accounting | Lotus Notes: Review in progress (left Simon in 2023) |
| 3. Earnest, Timothy | Property Management; Executive Management | Lotus Notes: Review in progress (left Simon in 2016) |
| 4. Eisenmann, Rachelle | Property Tax | Lotus Notes: No responsive documents (left Simon in 2016) |
| 5. Hale, Donelle | Capital Expenditures | Lotus Notes: Review in progress |
| 6. Hanson, Ron | Property Management | Lotus Notes: No responsive documents (left Simon in 2015) |
| 7. Kingsley, Stephen | Property Management | Lotus Notes: Review in progress |
| 8. Polonia, Sharon | Leasing | Lotus Notes: Review in progress (left Simon in 2023) |
| 9. Thompson, Andrew | Property Tax | Lotus Notes: No responsive documents (left Simon in 2014) |
| 10. Tom, Teresa | Financial Reporting | Lotus Notes: Review in progress |
| 11. Vosper, Rod | Development | Lotus Notes: Review in progress (left Simon in 2020) |
| 12. Zeurcher, Michael | Leasing | Lotus Notes: No responsive documents (left Simon in 2016) |
| NON-CUSTODIAL SOURCES | | |
| **Non-Custodial Data Source** | **Associated Department** | **Status of Search** |
| 1. SharePoint | Risk Management | In progress |

---

[9] This section addresses the 14 additional custodians that the Plaintiffs agreed to search on August 27, 2025, at Defendants' request. Two of those requested custodians—"Pending appeals dl" and "propertytaxmanagers@simon.com"—are merely distribution lists and are not searchable custodial accounts.