UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.F. MOORE & ASSOCIATES, INC.;<br>J. EMIL ANDERSON & SON, INC.;<br>ERLING EIDE;<br>FOX VALLEY/RIVER OAKS PARTNERSHIP; and<br>SIMON PROPERTY GROUP (DELAWARE), INC., | No. 18 CV 4888 |
| *Plaintiffs,* | |
| v. | Judge John J. Tharp Jr. |
| MARIA PAPPAS, Cook County Treasurer and<br> Ex Officio County Collector;<br>FRITZ KAEGI, Cook County Assessor; and<br>COUNTY OF COOK, | Magistrate Judge<br> Daniel P. McLaughlin |
| *Defendants.* | |

**PLAINTIFFS FOX VALLEY/RIVER OAKS PARTNERSHIP AND
SIMON PROPERTY GROUP (DELAWARE), INC.'S
SEVENTH SUPPLEMENTAL RESPONSES TO
DEFENDANTS MARIA PAPPAS AND COUNTY OF COOK'S
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiffs Fox Valley/River Oaks Partnership ("Fox Valley") and Simon

Property Group (Delaware), Inc. ("Simon" and, collectively with "Fox Valley,"

"Simon/Fox Valley"),[1] through their undersigned counsel and pursuant to Rules 26

and 34 of the Federal Rules of Civil Procedure, hereby supplement their responses to

Defendants Maria Pappas and County of Cook's (collectively, the "County

---

[1] In the interest of judicial economy, Simon/Fox Valley submit their responses to the County Defendants' First Request for Production of Documents issued to Fox Valley and First Request for Production of Documents issued to Simon. Both sets of discovery contain identical Requests and seek the same information regarding the subject property, River Oaks Mall. Simon/Fox Valley's responses are therefore identical in all respects.

Defendants") First Request for Production of Documents (the "Requests," and each a "Request") as follows.

**PRELIMINARY STATEMENT**

Since September 12, 2023, when undersigned counsel for Simon/Fox Valley entered their appearances, counsel for Simon/Fox Valley have met and conferred with counsel for Defendants regarding the discovery requests at issue in the Motion for Protective Order Barring Discovery on the Market Values of the Subject Properties as Irrelevant to Any Claim or Defense in the Case (Dkt. 214) and the Objections to Magistrate Judge Finnegan's ruling on that Motion (Dkt. 308). Counsel for Simon/Fox Valley met and conferred with counsel for Defendants on September 29, 2023, October 16, 2023, November 21, 2023, December 8, 2023, and December 28, 2023.

As a result of those meet-and-confer sessions, Simon/Fox Valley agreed to (1) review their General Objections to the County Defendants' Requests and modify and/or supplement those General Objections as necessary to ensure they comply with Magistrate Judge Finnegan's rulings at the hearing on September 30, 2022 (Dkt. 259, 265); (2) supplement their responses to Request Nos. 67, 68, 69, 70, 71, 72, 75, 76, 78, 81, 82, 83, 84, 86, 87, 89, 90, 91, 92, 93, 96, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 117, 122, 123, 124, 125, 126, 127, and 129 of the County Defendants' Requests, as those Requests have been clarified and narrowed by the County Defendants during the meet-and-confers held on September 29, 2023, October 16, 2023, and December 28, 2023; and (3) search for and produce responsive documents accordingly.

2

On March 1, 2024, Simon/Fox Valley served their Fifth Supplemental Responses to the County Defendants' Requests. On July 18, 2024, the County Defendants sent a letter to Simon/Fox Valley requesting supplemental responses to Request Nos. 67, 68, 70, 76, 81, 89, 90, 96, 105, and 110. In a joint letter to the Special Master dated August 21, 2024, Simon/Fox Valley agreed to review the Requests identified in the July 18 letter, produce any remaining documents, and identify those documents by Bates number where appropriate. In a letter to the Special Master dated August 23, 2024, the County Defendants further requested that Simon/Fox Valley amend their Fifth Supplemental Responses to include all requests and prior responses to the entire set of Requests. In subsequent meet-and-confers and correspondence with counsel in September and October 2024, Simon/Fox Valley agreed to produce supplemental documents and to identify by Bates number the documents responsive to the Requests at issue in the July 18 letter, and further agreed to include in their Sixth Supplemental Responses each of the County Defendants' Requests and all of Simon/Fox Valley's prior responses to same. On November 8, 2024, Simon/Fox Valley served a supplemental production of documents.

Pursuant to the foregoing agreements, Simon/Fox Valley served their Sixth Supplemental Responses on November 15, 2024, which contain all of the County Defendants' Requests and all of Simon/Fox Valley's prior responses, as well as supplemental responses to the Requests at issue in the July 18 letter.

Subsequently, on December 20, 2024, counsel for the County Defendants wrote to counsel for Simon/Fox Valley, serving a "formal request for supplemental responses

3

to the County and Treasurer's requests for production, which relate to Dr. Daniel McMillen." The County Defendants stated that they had reviewed Simon/Fox Valley's responses to the Requests and "identified one response that requires revision"—the response to Request No. 34, which "provides a Bates range of responsive documents" but also asserts certain specific objections—and asked that Simon/Fox Valley provide a supplemental response "indicating whether any responsive documents are being withheld pursuant to these objections." Accordingly, Simon/Fox Valley serve these Seventh Supplemental Responses.

**GENERAL OBJECTIONS AND RESERVATIONS**

1. Simon/Fox Valley withdraw their General Objections and rely only on the specific objections made in response to each Request. Any reference to the General Objections in any of Simon/Fox Valley's preexisting responses shall be deemed to be withdrawn, with Simon/Fox Valley relying only on the specific objections asserted in response to each Request, if any.

2. Notwithstanding the foregoing, Simon/Fox Valley's withdrawal of their General Objections does not constitute a waiver of Simon/Fox Valley's right to make any additional, specific objections to any of the Requests. Further, Simon/Fox Valley's withdrawal of their General Objections does not constitute a waiver of their right to challenge the admissibility (whether on grounds of relevance, hearsay, or any other ground) of the information or documents referenced or produced in response to the Requests, or to object to the use of the information or documents in any subsequent proceeding, trial, or hearing.

3.      These responses are based upon information and documents known or believed by Simon/Fox Valley to exist at the time of answering these Requests. Simon/Fox Valley have not yet completed investigating the facts pertaining to this action, conducting discovery, or preparing for trial.  Simon/Fox Valley reserve the right to rely on any documents or other information that may develop or come to their attention at a later time, and to assert any additional responses or objections should Simon/Fox Valley discover additional grounds for such responses or objections. Simon/Fox Valley therefore respond and object as set forth below without prejudice to their right under the Federal Rules of Civil Procedure to amend, revise, correct, add to, clarify, or supplement the objections and responses set forth herein and the productions made pursuant thereto.

4.      The fact that Simon/Fox Valley state that they will provide any non-objectionable and nonprivileged documents or information in response to a Request does not mean, and should not be construed as implying, that Simon/Fox Valley have determined that such documents or information exist.

5.      To the extent that Simon/Fox Valley indicate they will produce documents in response to a Request, such a response is meant to indicate that Simon/Fox Valley will conduct a good-faith, reasonable search and produce responsive, nonprivileged, non-work-product documents they have located as a result of that search.

6.      No inadvertent production of any privileged document shall be deemed or construed to constitute a waiver of any privilege or right of Simon/Fox Valley to

demand that Defendants return or destroy any such privileged documents and all copies or abstracts thereof.

7. Lastly, during the parties' meet-and-confer on October 16, 2023, the County Defendants explained that, as a general point, many of the County Defendants' Requests seek materials for the period of January 1, 2002 through December 31, 2017 because the County Defendants' expert believes it is appropriate for the County Defendants to request materials for three years before and three years after the tax years at issue of 2005 through 2014, in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"). In response, Simon/Fox Valley explained that due to the transfer of the property to a third party in 2014, some of the materials after the transfer in 2014 are not in Simon/Fox Valley's possession, limiting the ability to produce materials three years beyond the tax years at issue. The County Defendants responded that they understood that Simon/Fox Valley likely do not possess many of the requested materials, and that Simon/Fox Valley should produce the documents in their possession and state as such in their responses, rather than objecting to the County Defendants' timeframe as beyond the tax years at issue. Accordingly, Simon/Fox Valley state that, in connection with these supplemental responses, Simon/Fox Valley are producing all responsive documents within their possession, custody, or control, and are not withholding any documents sought for the period of January 1, 2002 through December 31, 2017 based on a timeframe objection.

## REQUESTS AND RESPONSES

1.      All documents that identify any and all sales relied upon by Dr. Daniel P. McMillen ("Dr. McMillen"), including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2001;

(b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2001;

(c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2001.;

(d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2001;

(e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2001;

(f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2001;

(g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2001; and

(h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2001.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing

statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

2.  All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

    (a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2002;

    (g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2002; and

    (h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2002.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

3.     All documents that identify any and all sales relied upon by Dr. McMillen, including those that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2003;

(b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2003;

(c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2003;

(d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2003;

(e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2003;

(f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2003;

(g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2003; and

(h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2003.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

4. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2004;
>
> (g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2004; and
>
> (h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2004.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery

11

in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

5. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2005;

(b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2005;

(c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2005;

(d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2005;

(e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2005;

(f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2005;

(g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2005; and

(h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2005.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

12

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

6.     All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2006;

(b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2006;

(c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2006;

(d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2006;

(e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2006;

(f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2006;

(g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2006; and

(h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2006.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

7.      All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2007;

(b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2007;

(c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2007;

(d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2007;

(e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2007;

(f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2007;

(g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2007; and

(h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2007.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook

15

County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

8.	All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2008 study and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (b) the 2008 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (c) the July 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (d) the December 2010 supplemental report and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (e) the 2012 study and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (f) the 2017 amended report and determining a sales price to assessment ratio in Cook County for tax year 2008;
>
> (g) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2008; and
>
> (h) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2008.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were

16

relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

9. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2009; and

(b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2009.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing

17

statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

10. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2010; and
>
> (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2010.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery

in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

11. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2011; and

(b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2011.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook

County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

12.     All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

    (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2012; and

    (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2012.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

13. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date of sale, the amount of the sale and permanent index number of those properties, in preparing:

    (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2013; and

    (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2013.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

14. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2014; and

(b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

15.     All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2015; and
>
> (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2015.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

16. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2016; and

> (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2016.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

17. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

> (a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2017; and

> (b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

18. All documents that identify any and all sales relied upon by Dr. McMillen, including those documents that provide the address of the property, date

of sale, the amount of the sale and permanent index number of those properties, in preparing:

(a) the 2019 preliminary analysis report and determining a sales price to assessment ratio in Cook County for tax year 2018; and

(b) the 2020 study and determining a sales price to assessment ratio in Cook County for tax year 2018.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

19.    All documents and electronic information that identify any and all commercial properties in Cook County which Dr. McMillen has concluded were assessed at 38% of fair cash value or at a level of assessment greater than 38% for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)     2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to

Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Subject to and without waiving the foregoing responses and objections, no responsive documents or other materials exist. Dr. McMillen made no such determinations as to particular properties.

20.    All documents and electronic information that identify any and all commercial properties in Cook County which Dr. McMillen has concluded were assessed at a level of assessment less than 38% that were not included or relied upon in reaching the conclusions of any of the sales ratio studies for tax year:

   (a) 2001

   (b) 2002

   (c) 2003

   (d) 2004

   (e) 2005

   (f) 2006

   (g) 2007

   (h) 2008

   (i) 2009

   (j) 2010

28

(k) 2011

(l)  2012

(m)       2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Subject to and without waiving the foregoing responses and objections, no responsive documents or other materials exist. Dr. McMillen made no such determinations as to particular properties.

21.     All documents and electronic information identifying any and all sales that were relied upon by Dr. McMillen in preparing any of the sales ratio studies that included adjustments to those sale prices for any reason in determining an assessment to value ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)      2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

22.    All documents and electronic information identifying any and all sales that were provided to or reviewed by Dr. McMillen which Dr. McMillen determined that the sales price(s) were not indicative of fair market value in preparing the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Subject to and without waiving the foregoing responses and objections, no responsive documents or other materials exist. Dr. McMillen made no such determinations as to particular properties.

23. All documents and electronic information that indicate any and all sources relied upon by Dr. McMillen in compiling the data, information and sales prices utilized in preparing and producing each of the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook

County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

24.     All documents and electronic information that relate to or include unedited sales information or files obtained from the Illinois Department of Revenue to determine a sales price to assessment ratio for each of the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery

in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

25. All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2008 study to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing

35

statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

26. All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2008 supplemental report to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessmentlevel issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

27.     All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the July 2010 supplemental report to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessmentlevel issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object that this request is vague, ambiguous, and overbroad, particularly if construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek the lists of sales vetted by REAC and used by Dr. McMillen in preparing his preliminary results dated July 16, 2010. Plaintiffs are advised that Dr. McMillen did not review or receive any

38

backup documentation or research performed by REAC in preparing this list; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs further object to the request in that it seeks irrelevant information from a superseded set of preliminary results. As Dr. McMillen explained in An Analysis of Assessment Uniformity in Cook County, 2000-2008, dated October 12, 2012, all previous versions of his reports, including the "July 2010 supplemental report" inquired of in this request, were supplanted by the October 12, 2012 report, which incorporated a series of refinements and improvements made over the course of more than five years of study. Plaintiffs further object to the characterization of Dr. McMillen's July 2010 communication referenced herein as a "supplemental report," as it consists only of a set of preliminary results. Finally, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents from the supplanted report Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs007672–88

- FedPltfs008116–259

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object that this request is vague, ambiguous, and overbroad, particularly if construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek the lists of sales vetted by REAC and used by Dr. McMillen in preparing his preliminary results dated July 16, 2010. Plaintiffs are advised that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing this list; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs further object to the request in that it seeks irrelevant information from a superseded set of preliminary results. As Dr. McMillen explained in An Analysis of Assessment Uniformity in Cook County, 2000-2008, dated October 12, 2012, all previous versions of his reports, including the "July 2010 supplemental report" inquired of in this request, were supplanted by the October 12, 2012 report, which incorporated a series of refinements and improvements made over the course of more than five years of study. Plaintiffs further object to the characterization of Dr. McMillen's July 2010 communication referenced herein as a "supplemental report," as it consists only of a set of preliminary results. Finally, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld,

and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents from the supplanted report Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs007672–88

- FedPltfs008116–259

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports

28. All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the December 2010 supplemental report to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

29. All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2012 study to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**<u>RESPONSE</u>**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

30.	All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2017 amended report to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level

issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

31.     All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2019 preliminary analysis report to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)     2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

32.     All documents that identify or reference sales information or data provided by REAC to be used or considered in preparing the 2020 study to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)      2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001

47

through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

33.    All documents and electronic information regarding the sales of commercial properties (or large office buildings) in Chicago that were vetted by Michael Kelly or REAC and provided by or obtained from REAC for use in any of Dr. McMillen's sales ratio studies.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level

issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

34. All documents and electronic information that identify any sales of commercial properties in Chicago or surrounding area that were reviewed or considered by REAC in preparing sales information for the plaintiff or Dr. McMillen to be used in any of the sales ratio studies that were not tendered or provided to Dr. McMillen for consideration in preparing any of the sales ratio studies.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this request as vague and unduly burdensome to the extent it requests Plaintiffs to produce documents that "were reviewed or *considered* by REAC," an outside third party, and that were "*not* provided to Dr. McMillen."

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re*

*Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTAL RESPONSE**: Simon/Fox Valley supplement their response to this Request as follows:

Simon/Fox Valley have no documents responsive to this Request in their possession, custody, or control beyond the documents identified by Bates number in Simon/Fox Valley's prior response to this Request. Further, Simon/Fox Valley are not withholding any documents responsive to this Request subject to any objections. By way of further response, on November 15, 2024, Plaintiffs served an updated study prepared by Dr. McMillen, which in no way relies on or uses any information provided by REAC or any of its representatives. In light of this updated study, Simon/Fox Valley reserve the right to object to any document, information, testimony, or other evidence concerning REAC in any deposition, hearing, proceeding, or trial in this action.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

35. All documents and electronic information that identify or reference the sales of industrial properties in Cook County between 1997-2010 that were provided by or obtained from REAC for any of the sales ratio studies and were used to arrive at a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)        2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as

documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE:** Plaintiffs object that this request is vague, ambiguous, and overbroad, particularly if construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek the lists of sales vetted by REAC and used by Dr. McMillen in any iteration of his sales ratio study. Plaintiffs are advised that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing these lists; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs further object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio studies" in this request. Finally, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs020362

- FedPltfs008116–259

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

- Ratio_Website_L2/data/REAC/

**SECOND SUPPLEMENTED RESPONSE:** Plaintiffs object that this request is vague, ambiguous, and overbroad, particularly if construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek the lists of sales vetted by REAC and used by Dr. McMillen in any iteration of his sales ratio study. Plaintiffs are advised that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing these lists; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs further

object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio studies" in this request. Finally, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs020362

- FedPltfs008116–259

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

- Ratio_Website_L2/data/REAC/

36.  All documents and electronic information that identify or reference any sales of industrial properties in Cook County between 1997-2010, not identified in response to Request 25, that were used in any of the sales ratio studies to arrive at a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)      2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

55

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

37.     All documents and electronic information that identify or reference the sales of industrial properties in Cook County between 1997 and 2014, that were reviewed or considered by REAC in preparing sales information for the plaintiff or Dr. McMillen for use in any of the sales ratio studies that were not tendered or provided to Dr. McMillen.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this request as vague and unduly burdensome to the extent it requests Plaintiffs to produce documents that "were reviewed or *considered* by REAC," an outside third party, and that were "*not* provided to Dr. McMillen."

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the

documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague, ambiguous, and overbroad, particularly to the extent it is construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek REAC's backup documentation and research performed on those industrial sales it vetted from 1997–2014. Plaintiffs are advised that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing the lists of vetted sales; rather, Dr. McMillen received only information summarizing the vetted sales. Finally, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, FedPltfs008116–259 contain lists identifying sales of industrial property that were vetted by REAC for inclusion in the sales ratio study. A list of additional industrial sales numbered 70–241 can be found at FedPltfs020362–65. Sales marked 70–200 identify those through the year 2014 that were vetted by REAC for inclusion in the sales ratio study. The industrial sales identified in these bates ranges comprise industrial sales that were vetted by REAC and provided to Dr. McMillen.

Aside from the aforementioned industrial sales information, none of REAC's backup documentation and research on industrial properties contained in FedPltfs001942–8959 and FedPltfs020367–2384 was provided to or considered by Dr. McMillen. Therefore, any backup documentation or research relating to industrial sales that is contained in the ranges identified in this paragraph was not provided to or considered by Dr. McMillen.

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague, ambiguous, and overbroad, particularly to the extent it is construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek REAC's backup documentation and research performed on those industrial sales it vetted from 1997–2014. Plaintiffs are advised that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing the lists of vetted sales; rather, Dr. McMillen received only information summarizing the

vetted sales. Finally, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, FedPltfs008116–259 contain lists identifying sales of industrial property that were vetted by REAC for inclusion in the sales ratio study. A list of additional industrial sales numbered 70–241 can be found at FedPltfs020362–65. Sales marked 70–200 identify those through the year 2014 that were vetted by REAC for inclusion in the sales ratio study. The industrial sales identified in these bates ranges comprise industrial sales that were vetted by REAC and provided to Dr. McMillen.

Aside from the aforementioned industrial sales information, none of REAC's backup documentation and research on industrial properties contained in FedPltfs001942–8959 and FedPltfs020367–2384 was provided to or considered by Dr. McMillen. Therefore, any backup documentation or research relating to industrial sales that is contained in the ranges identified in this paragraph was not provided to or considered by Dr. McMillen.

38. All documents and electronic information that identify or reference the sales of residential properties in Cook County that were provided by or obtained from REAC in preparing sales information or data for the plaintiff or Dr. McMillen for use in any of sales ratio studies to determine a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)    2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

39.	All documents and electronic information that identify or reference any sales of residential properties in Cook County between 1997-2010, not identified in response to Request 28, that were used in any of the sales ratio studies to arrive at a sales price to assessment ratio for tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f)  2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)      2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook

County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

40.　All documents and electronic information that identify or reference the sales of residential properties in Cook County between 1997 and 2018 that were reviewed or considered by REAC in preparing sales information for the plaintiff or Dr. McMillen that were not provided to Dr. McMillen.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this request as vague and unduly burdensome to the extent it requests Plaintiffs to produce documents that "were reviewed or *considered* by REAC," an outside third party, and that were "*not* provided to Dr. McMillen."

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of

which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague, ambiguous, and overbroad, particularly to the extent it is construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek REAC's backup documentation and research performed on residential sales that it vetted for years 1997–2018. Plaintiffs observe that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing the lists of vetted sales; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs also object to this request as vague and unduly burdensome to the extent it requests Plaintiffs to produce documents that "were reviewed or considered by REAC," an outside third party, and that were "not provided to Dr. McMillen." Finally, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request:

- FedPltfs017475–20361

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague, ambiguous, and overbroad, particularly to the extent it is construed to extend to all documents that merely "reference" a set of sales information. Subject to and without waiving the foregoing objection, Plaintiffs understand this request to seek REAC's backup documentation and research performed on residential sales that it vetted for years 1997–2018. Plaintiffs observe that Dr. McMillen did not review or receive any backup documentation or research performed by REAC in preparing the lists of vetted sales; rather, Dr. McMillen received only information summarizing the vetted sales. Plaintiffs also object to this request as vague and unduly burdensome to the extent it requests Plaintiffs to produce documents that "were reviewed or considered by REAC," an outside third party, and that were "not provided to Dr. McMillen." Finally, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range— much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request:

- FedPltfs017475–20361

41. Any and all fee agreements, engagement agreements, retention agreements, or statements of work between the plaintiff and REAC or plaintiff's counsel and REAC from 2000 to present.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, documents responsive to this request were produced on 12/17/2021, Bates-stamped as FedPltfs0009488. Plaintiffs also produced responsive documents Bates-stamped FedPltfs017290–92 and SIMON0000147–52.

Further answering, Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents or communications responsive to this request to the extent any such documents exist consistent with Rule 26(b)(4).

**SUPPLEMENTED RESPONSE**: Plaintiffs object that this request seeks documents bearing no relationship to this litigation, nor, in the case of appraisals, to the subject property or to the tax years at issue in this litigation and identified by Plaintiff's Second Amended Complaint. It is thus overbroad, excessive, harassing, and not remotely proportional to the needs of the case.

Subject to this objection, documents responsive to this request were produced on 12/17/2021, Bates-stamped FedPltfs0009488. Plaintiffs also produced responsive documents Bates-stamped FedPltfs017290–92 and SIMON0000147–52.

42. All documents and electronic information that identify persons or entities for whom REAC or Michael Kelly has provided expert advice, opinions, consultation, testimony, studies, publications or reports in the last 20 years, and the nature of such expert advice, opinions, consultation, testimony, studies or reports, including any appraisals, appraisal reviews, sales screening, sales ratio studies, reports or other expert analysis.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this request as seeking the production of documents or information from and concerning third parties that is equally as accessible to Defendants as it is Plaintiffs.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, Bates-stamped FedPltfs001942 through FedPltfs008968 and FedPltfs009235 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942 through FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

43.     All documents, electronic information, opinion reports, work files, drafts, memoranda, correspondence, texts, articles, journals, codes, treatises or other materials prepared by, reviewed, analyzed or relied upon by any of plaintiff's expert witnesses, or that may form the basis for any such expert's testimony at trial.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this to the extent that it seeks production of documents or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity from discovery.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as premature, overly broad, and burdensome.  In particular, at this stage of the litigation, with expert discovery yet to even commence, Plaintiffs cannot identify all

materials "that may form the basis" for expert testimony at trial. Moreover, as drafted, this request encompasses all documents that have or may be produced in this matter. Further objecting, this request seeks materials beyond the scope of discovery permitted under the Federal Rules, in particular Rule 26(b)(3)(A) and (b)(4)(B) and (C).

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as premature, overly broad, and burdensome. In particular, at this stage of the litigation, with expert discovery yet to even commence, Plaintiffs cannot identify all materials "that may form the basis" for expert testimony at trial. Moreover, as drafted, this request encompasses all documents that have or may be produced in this matter. Further objecting, this request seeks materials beyond the scope of discovery permitted under the Federal Rules, in particular Rule 26(b)(3)(A) and (b)(4)(B) and (C). Finally, Plaintiffs incorporate and affirm herein their February 15, 2023 correspondence to Defendants, in which Plaintiffs advised that "to the best of our knowledge at this time, all existing documents supporting the sales ratio study and reports have been produced."

44. All documents and electronic information regarding the indices by the National Council of Real Estate Investment Fiduciaries for commercial and industrial properties for the Midwest as referenced in Dr. McMillen's sales ratio studies, that were considered, reviewed or consulted by Dr. McMillen, REAC or Michael Kelly in preparing the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this to the extent that it seeks production of documents "that were considered, reviewed, or consulted" by outside third parties, such as Michael Kelly or REAC, as being unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio studies" in this request. Plaintiffs further object to the request in that it seeks irrelevant information from superseded reports. As Dr. McMillen explained in An Analysis of Assessment Uniformity in Cook County, 2000-2008 dated October 12, 2012, all previous versions of his reports, including the "2008 study", "2008 supplemental report", "July 2010 supplemental report", and "December 2010 report", were supplanted by the October 12, 2012 report, which incorporated a series of refinements and improvements made over the course of more than five years of study. Indices by the National Council of Real Estate Investment Fiduciaries were no longer used by Dr. McMillen as of the October 12, 2012 report. Finally, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs000253–610

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/Data and Program Files/

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio studies" in this request. Plaintiffs further object to the request in that it seeks irrelevant information from superseded reports. As Dr. McMillen explained in An Analysis of Assessment Uniformity in Cook County, 2000-2008 dated October 12, 2012, all previous versions of his reports, including the "2008 study", "2008 supplemental report", "July 2010 supplemental report", and "December 2010 report", were supplanted by the October 12, 2012 report, which incorporated a series of refinements and improvements made over the course of more than five years of study. Indices by the National Council of Real Estate Investment Fiduciaries were no longer used by Dr. McMillen as of the October 12, 2012 report. Finally, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents Plaintiffs understand to be responsive to this request. To the extent other such information is contained and accessible only

through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs000253–610

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/Data and Program Files/

45.    All documents, electronic information and other materials that identify data files, including combined or merged files, and all programs that were used or relied on to produce the statistical calculations and results reported by Dr. McMillen along with any related documentation or instruction, such that one could replicate Dr. McMillen's calculations and reported results set forth in:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were

relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

46.     All documents, electronic information or other materials, such as but not limited to graphic presentation(s) and chart(s), that depict some or all of Dr. McMillen's analyses, findings or conclusions for the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

74

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist, are in Plaintiffs' possession, and were relied upon by Dr. McMillen, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

47.     All documents, electronic information or other materials that reveal or identify the numerical or statistical margin of error, or plus/minus variance or "confidence interval" pertaining to any conclusions or findings in the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report; and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as incomprehensible. The software used to conduct the ratio study calculates "confidence intervals" while the results are reported in the operative reports by Dr. McMillen. Further, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs

direct Defendants to the documents and subfolders containing software and accompanying data files listed below:

- FedPltfs000001–1376

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as incomprehensible. The software used to conduct the ratio study calculates "confidence intervals" while the results are reported in the operative reports by Dr. McMillen. Further, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range— much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs direct Defendants to the documents and subfolders containing software and accompanying data files listed below:

- FedPltfs000001–1376

77

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 20

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

48. All documents, electronic information or other materials that identify or reveal the procedures, parameters or rules, including, but not limited to, those regarding trimming parameters or rules regarding the inclusion or exclusion of outliers, and the manner of sampling, that were followed or utilized in preparing:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the

documents produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files.

- FedPltfs000001–1376
- FedPltfs001630–1810
- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/
- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials
- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

**<u>SECOND SUPPLEMENTED RESPONSE</u>**: Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving these objections, and in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files.

- FedPltfs000001–1376

- FedPltfs001630–1810

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

49.     All documents, electronic information or other materials that provide instruction as to how each of the following studies or reports were designed, created

or prepared, and that delineate all assumptions and premises upon which such studies or reports were based:

    (a) the 2008 study;

    (b) the 2008 supplemental report;

    (c) the July 2010 report;

    (d) the December 2010 report;

    (e) the 2012 study;

    (f) the 2017 amended report;

    (g) the 2019 preliminary analysis report: and

    (h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio studies" in this request. Further, Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs000001–1376

- FedPltfs001630–1810

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to the mischaracterization of the sales ratio study conducted by Dr. McMillen as "sales ratio

studies" in this request. Further, Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files:

- FedPltfs000001–1376

- FedPltfs001630–1810

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08/

50.    All documents, electronic information or other materials that relate to any and all adjustments made to sales (for time, comparability, unusually inflated sales prices, location of property or any other bases) that were used in the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which

was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

51.    All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2008 study with regard to tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for

discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

52.     All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2008 supplemental report with regard to tax year:

     (a) 2001

     (b) 2002

     (c) 2003

     (d) 2004

     (e) 2005

     (f) 2006

     (g) 2007

     (h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as

documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further,

Plaintiffs have previously responded to discovery in the cases consolidated for

discovery on assessment-level issues and captioned for certain purpose as *In Re Level*

*of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which

was previously made available to the Defendants, and has been produced again,

Bates-stamped FedPltfs016451 through FedPltfs016526.

53.     All documents, electronic information or other materials that identify or
reference any atypical ratios or non-representative market values or sales prices that
could have caused a distortion in the conclusions of the July 2010 supplemental report
with regard to tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations

as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or

privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent

documents responsive to this request exist and are in Plaintiffs' possession, the

documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

54. All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the December 2010 supplemental report with regard to tax year:

   (a) 2001

   (b) 2002

   (c) 2003

   (d) 2004

   (e) 2005

   (f) 2006

   (g) 2007

   (h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

55.    All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2012 study with regard to tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

56. All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2017 amended report with regard to tax year:

   (a) 2001

   (b) 2002

   (c) 2003

   (d) 2004

   (e) 2005

   (f) 2006

   (g) 2007

   (h) 2008

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

57.    All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2019 preliminary analysis with regard to tax year:

    (a) 2001

    (b) 2002

    (c) 2003

    (d) 2004

    (e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)      2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level*

*of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

58.    All documents, electronic information or other materials that identify or reference any atypical ratios or non-representative market values or sales prices that could have caused a distortion in the conclusions of the 2020 study with regard to tax year:

(a) 2001

(b) 2002

(c) 2003

(d) 2004

(e) 2005

(f) 2006

(g) 2007

(h) 2008

(i) 2009

(j) 2010

(k) 2011

(l) 2012

(m)     2013

(n) 2014

(o) 2015

(p) 2016

(q) 2017

(r) 2018

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

59.     All documents or electronic information that relate to or explain of any trimming or trimming limits used by Dr. McMillen or Michael Kelly in conducting or preparing the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files.

- FedPltfs000001–1376

- FedPltfs001630–1810

- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/

- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials

- Ratio_Website_G/Cookratio 2.0/

- Ratio_Website_I/I) Cookratio 2.1

- Ratio_Website_L3/CookratioPost08

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bateslabel range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April

26, 2023, Plaintiffs identify the following documents. To the extent other responsive information is contained and accessible only through the execution of computer programs, Plaintiffs also identify the subfolders containing the software and accompanying data files.

- FedPltfs000001–1376
- FedPltfs001630–1810
- Ratio_Website_C/Ratio Study Software and Other Materials/Stata Data and Program Files Related to 2008 Reports/
- Ratio_Website_C/Ratio Study Software and Other Materials/Cookratio Package and Related Materials
- Ratio_Website_G/Cookratio 2.0/
- Ratio_Website_I/I) Cookratio 2.1 Ratio_Website_L3/CookratioPost08

60. All documents that relate to any indicators of market value other than sales that were considered or used in preparing any of the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**<u>SUPPLEMENTED RESPONSE</u>**: No responsive documents or other materials exist.

61. All documents or electronic information indicating, identifying or referencing that there was an "under-representation of high-value properties" in the Illinois Department of Revenue sales file of property transactions in Cook County between 2000 and 2018.

**<u>RESPONSE</u>**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

62.     A copy of any authority, treatise, statistical guide or manual that Dr. McMillen considered, referenced or relied on in preparing any of the sales ratio studies to determine when an "under-representation" is significant to the extent that one must "correct" for it in preparing a sales ratio study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, Bates-stamped FedPltfs001377 through FedPltfs001941, and FedPltfs009235 through FedPltfs009488. Further, Plaintiffs have previously

responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

63.     All documents or electronic information that identify the sample of data, and the means employed for choosing a sample of data, that was relied upon by Dr. McMillen or Michael Kelly to arrive at a ratio for residential property for each tax year in the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced

on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

64.     All documents or electronic information that identify the sample of data, and the means employed for choosing a sample of data, that was relied upon by Dr. McMillen or Michael Kelly to arrive at a ratio for commercial property for each tax year in the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

65. All documents or electronic information that identify the sample of data, and the means employed for choosing any sample of data, that was relied upon by Dr. McMillen or Michael Kelly to arrive at a ratio for industrial property for each tax year in the following:

(a) the 2008 study;

(b) the 2008 supplemental report;

(c) the July 2010 report;

(d) the December 2010 report;

(e) the 2012 study;

(f) the 2017 amended report;

(g) the 2019 preliminary analysis report: and

(h) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and

102

reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

66. All documents and electronic information that include copies of all ground leases for those properties that were sold subject to long-term ground leases, and or documents, spreadsheets or other material containing summaries of the ground lease information and or adjustments to sales prices that were made by Michael Kelly or REAC in consideration of such ground leases, as referenced in a REAC letter dated May 15, 2008, from Michael Kelly to Mark Davis of O'Keefe Lyons & Hynes.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court. Plaintiffs also object to this request as vague and unduly burdensome, as it requests documents referenced in a "REAC letter" from thirteen years ago between an outside

third party and co-plaintiffs' counsel without attaching a copy of the letter to the Requests.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, on a thumb drive containing statistical programs and data, and as documents Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

67. Any and all real estate transfer documents relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs produced a mortgage release and deed related to the subject property, Bates-stamped SIMON0000001–10.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on October 16, 2023, counsel for the County Defendants explained that encompassed within Request No. 67 are purchase offers, transfer declarations, leasing fliers (i.e., listings for leasing opportunities), and lease proposals to lease the property or a component of the property to a potential tenant.

Based on this clarified scope, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any purchase offers, leasing fliers, or listings for leasing opportunities at River Oaks Mall in their possession, custody, or control. Additionally, Simon/Fox Valley will produce transfer declarations as set forth in their supplemental responses to Request Nos. 68 and 70 below. Lastly, with respect to lease proposals, Simon/Fox Valley explained during the parties' meet-and-confer on December 28, 2023 that these documents are not stored in any centralized location and would therefore involve a lengthy and cumbersome search process, with minimal value to the County Defendants given that Simon/Fox Valley already produced the leases and lease abstracts requested by the County Defendants. The County Defendants agreed with Simon/Fox Valley's proposal to suspend the request for lease proposals pending the County Defendants' review of Simon/Fox Valley's document production.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's Second Supplemental Response to Request No. 68. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

68.     Any and all green sheets relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Finally, Plaintiffs object that "green sheets," an undefined term, is vague and confusing such that Plaintiffs lack the necessary knowledge to respond further.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, Simon/Fox Valley asked for clarification of the term "green sheet." On October 16, counsel for the County Defendants explained that the term "green sheet" is used in the industry in Illinois and refers to the "PTAX 203" Forms filed with the Illinois Department of Revenue.

106

Based on this clarified scope, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have located and will produce responsive, nonprivileged documents in response to this Request. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: Simon/Fox Valley have produced documents responsive to this Request at RIVEROAKS_00040428-29, RIVEROAKS_00040431-32, RIVEROAKS_00040433-34, RIVEROAKS_00041284-85, RIVEROAKS_00041287-88, RIVEROAKS_00041289-90, RIVEROAKS_00042432-33, RIVEROAKS_00042435-36, and RIVEROAKS_00042437-38. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

69.     Any and all permits or applications relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that

107

this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that the terms "permits" and "applications" when used in conjunction with "relating to" render this request so overbroad, vague, harassing, and confusing as to make responding further unreasonable.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer process, counsel for the County Defendants explained that this Request seeks all permits obtained at River Oaks Mall for capital improvements of $5,000 or more, whether obtained by the landlord or tenants. Counsel for Simon/Fox Valley explained that they do not have a method for identifying permits or capital expenditure documents by dollar amount and did not know whether they possessed any responsive documents, but Simon/Fox Valley agreed to search for and produce responsive documents without regard to dollar amount to the extent they located any. Additionally, counsel for Simon/Fox Valley explained that the Operating Income and Expense Reports that Simon/Fox Valley already produced include line items for "Operational Capital Expenditures," so the information sought by Request No. 69 has already been produced. *See* FedPltfs014658–792; FedPltfs014847–014910; FedPltfs015038–165; FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; and FedPltfs016384–426. The County Defendants responded that they still seek the production of permits obtained at River Oaks Mall for capital improvements of $5,000 or more.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents responsive to this Request to the extent any such documents exist within Simon/Fox Valley's possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

70. Any and all transfer declarations relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Finally, Plaintiffs object that "transfer declarations," an undefined term, is vague and confusing such that Plaintiffs lack the necessary knowledge to respond further.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023.

During the meet-and-confer on September 29, Simon/Fox Valley asked for clarification of the term "transfer declarations." On October 16, counsel for the County Defendants explained that Request No. 70 seeks documents that overlap with the scope of Request No. 67, as that Request has been clarified above.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: *See* Simon/Fox Valley's supplemental response to Request No. 67. Simon/Fox Valley also refer the County Defendants to the transfer declaration produced at RIVEROAKS_00034038-RIVEROAKS_00034039. Further, to the extent Request No. 70's reference to "transfer declarations" is coextensive with the request for "green sheets" or "PTAX 203" Forms as sought in Request No. 68, Simon/Fox Valley have located and will produce responsive, nonprivileged documents in response to that Request. Lastly, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's Second Supplemental Response to Request No. 68. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

71. Any and all rent rolls relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs direct Defendants to rent rolls attached to each petition filed in the Board of Review of Cook County for the tax years at issue, Bates-stamped FedPltfs0014794–804; FedPltfs014944–54; FedPltfs014971–81; FedPltfs015437–49; FedPltfs015526–36; FedPltfs015773–82; FedPltfs015970–79; FedPltfs016222–42; FedPltfs016428–47.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer process, counsel for Simon/Fox Valley stated that they have produced all rent rolls for the tax years at issue and asked whether the County Defendants are seeking further documents. Counsel for the County Defendants stated that the County Defendants may be satisfied with Simon/Fox Valley's response to this Request but wanted to confirm with the County Defendants' expert.

Simon/Fox Valley agree to further meet and confer with the County Defendants regarding this Request if necessary.

72. Any and all rental or lease agreements relating to the subject property or a portion of the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. Plaintiffs further object that this request seeks sensitive confidential and proprietary information of third parties that is neither relevant nor likely to lead to the discovery of admissible evidence. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Upon information and belief, information beyond that contained in the rent rolls, which have already been produced by Plaintiffs (*see* response to Request No. 71) is neither provided to nor considered by appraisers in the normal course of their duties. In light of the foregoing, Plaintiffs will not produce the requested rental or lease agreements.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, during which Simon/Fox Valley agreed to produce the lease agreements for River Oaks Mall for the requested time period to the extent within their possession, custody, or control. On November 14, 2023, Simon/Fox Valley produced the lease agreements. *See* RIVEROAKS_00000001-RIVEROAKS_00023476. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections

contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

73. Any and all Cook County Board of Review materials relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks documents already in Defendants' possession, custody or control, or which are equally available to Defendants from third parties or other sources. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs direct Defendants to the petitions filed in the Board of Review of Cook County for the tax years at issue, Bates-stamped FedPltfs014614 through FedPltfs016450.

74. All documents, information and communications exchanged between the plaintiff and REAC, or counsel for the plaintiff and REAC, including, but not limited to, contracts, agreements, appraisal reports, valuation opinions, agreements regarding the copyright of materials of the sales ratio study, notes or preliminary information, and fee arrangements for preparing, producing and copyrighting the sales ratio study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly

burdensome, and not proportional to the needs of the case. Plaintiffs further object to this request to the extent it seeks information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents or communications responsive to this request to the extent any such documents exist consistent with Rule 26(b)(4).

**SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague and ambiguously compound. Subject to this objection, Plaintiffs understand this request to seek documents relating to REAC's involvement in "preparing, producing, and copyrighting the sales ratio study." Based on Plaintiffs' understanding of the request, no responsive documents or other materials exist. To the extent this request seeks information beyond this interpretation, Plaintiffs object that this request is indecipherable. Plaintiffs further respond that all documents from REAC that were used in connection with work to support the sales ratio study are identified by FedPltfs001942–8968, FedPltfs009488, FedPltfs017290–92, and FedPlfts017473–26810.

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as vague and ambiguously compound. Subject to this objection, Plaintiffs understand this request to seek documents relating to REAC's involvement in "preparing, producing, and copyrighting the sales ratio study." Based on Plaintiffs' understanding of the request, no responsive documents or other materials exist. To the extent the just-quoted clause is not intended to limit the scope of this request,

such that the request would seek all materials exchanged between Plaintiffs and REAC wholly without regard to subject matter, Plaintiffs object that the request would be egregiously overbroad, burdensome, and harassing, for multiple reasons. First, the request would extend to materials wholly without connection to this litigation. Second, to the extent they were connected with the litigation, all potentially responsive documents not identified later in this response would either be (i) wholly duplicative of those documents, or (ii) beyond the scope of discovery permitted under the Federal Rules, in particular Rule 26(b)(3)(A) and (b)(4)(B) and (C). Accordingly, the probative value of any resulting production cannot remotely justify the boundless search necessary to locate, identify, and/or designate the material. Consistent with Plaintiffs' initial understanding, and with these objections, Plaintiffs have limited their search for responsive material to the documents from REAC that were used in connection with work to support the sales ratio study, all of which have been produced and are identified by FedPltfs001942–8968, FedPltfs009488, FedPltfs017290–92, and FedPlfts017473–26810.

75. Any and all documents, electronic information and other materials indicating that the property taxes for the subject property were paid under protest at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is vague, ambiguous, unduly burdensome, and harassing. In addition, Plaintiffs object that this request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Illinois law does not require

115

property taxes to be paid "under protest," except insofar as any taxes paid that are the subject of tax objection complaints such as those that Plaintiffs filed in the Circuit Court of Cook County, Illinois, with respect to this matter are deemed paid "under protest" by operation of law without any further action by the taxpayer. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs direct Defendants to the petitions filed in the Board of Review of Cook County for the tax years at issue, Bates-stamped FedPltfs014614 through FedPltfs016450, as well as the complaints Plaintiffs filed in the Circuit Court of Cook County, Bates-stamped SIMON0000033 through SIMON0000146.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that the County Defendants are satisfied with Simon/Fox Valley's existing response to Request No. 75 and are not seeking any additional response or documents.

76.     Any and all CoStar information related to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information equally available to Defendants from third parties or other sources. Plaintiffs also object to this request as seeking information that is neither relevant nor likely to lead to

admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, and control and are relevant to the claims and defenses in this case. Further responding, Plaintiffs have produced CoStar information related to the subject property, Bates-stamped FedPltfs015820–31; FedPltfs016016–27; FedPltfs016272–81.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, during which Simon/Fox Valley agreed to search for responsive documents.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: In addition to the documents identified by Bates number in Simon/Fox Valley's prior response to this Request (FedPltfs015820-31, FedPltfs016016-27, and FedPltfs016272-81), Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents responsive to this Request to the extent any such documents exist within Simon/Fox Valley's possession, custody, or control.

117

Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: Simon/Fox Valley have produced supplemental documents responsive to this Request at RIVEROAKS_00037740-43, RIVEROAKS_00037748-51, RIVEROAKS_00037776-79, RIVEROAKS_00037803-06, RIVEROAKS_00037814-17, RIVEROAKS_00037844-47, RIVEROAKS_00037882-85, RIVEROAKS_00037886-89, RIVEROAKS_00037892-95, RIVEROAKS_00039172-75, RIVEROAKS_00039333-36, and RIVEROAKS_00039337-40. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

77. Any and all CoStar information used by REAC in its work relating to any of the sales ratio studies.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations as if fully stated herein. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced

on 12/17/2021, Bates-stamped FedPltfs000001 through FedPltfs009488. In particular, documents provided by REAC are found at FedPltfs001942-FedPltfs008968. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objection, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs state that CoStar information was used by REAC in a large number of sales which it vetted. The CoStar information is interspersed throughout the REAC materials which have been produced in their entirety. The range of said materials is as follows:

- FedPltfs017473–26810
- FedPltfs001942–8959

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such

documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objection, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs state that CoStar information was used by REAC in a large number of sales which it vetted. The CoStar information is interspersed throughout the REAC materials which have been produced in their entirety. The range of said materials is as follows:

- FedPltfs017473–26810
- FedPltfs001942–8959


78. Any and all revenue stamps related to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information neither relevant nor likely to lead to admissible evidence, as well as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Finally, Plaintiffs object that "revenue stamps," an undefined term,

is vague and confusing such that Plaintiffs lack the necessary knowledge to respond further.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that the County Defendants are not seeking any additional response or documents in connection with Request No. 78.

79.     Any and all materials relating to any Property Tax Appeal Board action relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information or documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. In addition Plaintiffs object that this request seeks materials in Defendants' possession, custody or control. Further, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs are unaware of any such Property Tax Appeal Board action, and therefore they do not have any documents or materials in their possession, custody, or control that are responsive to this request.

80.　　Any and all emails exchanged between any attorney or employee of O'Keefe Lyons & Hynes (or its predecessor firm) and REAC from 2005 to the present.

**<u>RESPONSE</u>**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request calls for information protected from disclosure, including by the attorney client or attorney work-product privileges. Plaintiffs further object to this request on the grounds that it is overly broad and burdensome in that it requests communications that do not relate to the subject matter of this case. Plaintiffs object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.

Subject to and without waiving the foregoing objections, to the extent documents responsive to this request exist and are in Plaintiffs' possession, the documents were previously made available to Defendants and were again produced on 12/17/2021, Bates-stamped FedPltfs000001 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526.

**<u>SUPPLEMENTED RESPONSE</u>**: Plaintiffs object to this request as wildly overbroad and burdensome, as it expressly seeks information entirely without connection to the subject matter of this action. Further, to the extent it encompasses emails related to this litigation, Plaintiffs object to the request as improper and

harassing, as it expressly targets material beyond the scope of discovery permitted under the Federal Rules and/or otherwise protected by the attorney work product doctrine. Further answering, these Plaintiffs do not possess any additional emails described in the request beyond what is reflected in FedPltfs008969.

81. Any and all deeds related to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor reasonably likely to lead to admissible evidence, as Plaintiffs do not contest the official market values upon which the taxes at issue are based. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs produced property deeds, Bates-stamped SIMON0000001–10.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on December 28, 2023, counsel Simon/Fox Valley stated that they had located and would produce additional responsive documents.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents responsive to this Request to the extent any such documents exist within Simon/Fox Valley's possession, custody, or control. Additionally, Simon/Fox Valley

refer the County Defendants to the documents produced at RIVEROAKS_00034034-RIVEROAKS_00034037, RIVEROAKS_00034040-RIVEROAKS_00034043, and RIVEROAKS_00034062-RIVEROAKS_00034067. Finally, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: Simon/Fox Valley have produced supplemental documents responsive to this Request at RIVEROAKS_00037760-66, RIVEROAKS_00040436-45, RIVEROAKS_00041292-301, and RIVEROAKS_00042440-49. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

82. Any and all documents and electronic information referencing or identifying the price and terms of any listing, sale or offering of the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that

124

this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, and control and are relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer process, counsel for Simon/Fox Valley stated that Simon/Fox Valley do not possess any documents referencing or identifying the price and terms of any listing, sale, or offering of River Oaks Mall because the property was never marketed or listed for sale. Counsel for the County Defendants stated that the County Defendants are seeking any documents that were provided to Simon/Fox Valley by Washington Prime Group or internal to Simon/Fox Valley at the time of the transfer of River Oaks Mall to Washington Prime Group in 2014.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have produced documents evidencing the transfer of River Oaks Mall from Fox Valley to River Oaks Center, LLC as part of the property's transfer to Washington Prime Group in 2014. *See* RIVEROAKS_00034038-39, RIVEROAKS_00034040-43, RIVEROAKS_00034044-53, RIVEROAKS_00034054-

55, RIVEROAKS_00034056-61, and RIVEROAKS_00034062-67. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

83.     Any and all documents and electronic information referencing or identifying annual retail sales and operating expenses at the subject property for each year between 2002 and 2017.

**<u>RESPONSE</u>**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that this request seeks sensitive confidential and proprietary information of third parties. Because information beyond that contained in the rent rolls, which were previously produced, is not provided to or considered by appraisers in the normal course of their duties, Plaintiffs will not produce the sales reports from individual tenants.

Subject to and without waiving these objections, Plaintiffs state that operating income and expense statements for the subject property were produced with Bates-

stamps FedPltfs014658–792; FedPltfs014847–014910; FedPltfs015038–165; FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; and FedPltfs016384–426.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that the term "annual retail sales" used in this Request is very broad and asked whether the County Defendants are seeking any additional documents given that Simon/Fox Valley already produced the Operating Income and Expense Statements showing this information. Counsel for the County Defendants stated he would confer with the County Defendants' expert to determine whether the County Defendants would move on from this Request. During the meet-and-confer on October 16, 2023, counsel for the County Defendants explained their expert's view that retail sales information would not necessarily be contained in the Operating Income and Expense Statements.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced a spreadsheet that identifies the annual retail sales for each tenant at River Oaks Mall during the time period requested to the extent within Simon/Fox Valley's possession, custody, or control. *See* RIVEROAKS_00030057. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the

General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

84. Any and all documents and electronic information referencing or identifying costs of any significant capital expenditures incurred at the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, and control and are relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley explained their view that Request No. 84 is duplicative of Request Nos. 105 and 117,

and the parties agreed to address this Request in their discussion regarding Request No. 105.

85.     A copy of the subject property deed, including a legal description.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information that is neither relevant nor likely to lead to admissible evidence given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property.

Subject to and without waiving these objections, Plaintiffs produced copies of property deeds, Bates-stamped SIMON0000001–10.

86.     A copy of the subject property survey.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information that is neither relevant nor likely to lead to admissible evidence given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will produce a copy of the property survey.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023.

During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley agreed to search for and produce any responsive documents to the extent they exist.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00029766-RIVEROAKS_00029772 and RIVEROAKS_00030043. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

87.     Copies of any and all appraisal reports for mortgage financing or asset valuation regarding the subject property at any point time between January 1, 2002 and December 31, 2017, including the complete appraisal file.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs state that appraisals for the subject property were produced with Bates-stamps FedPltfs011389 through FedPltfs013118.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked whether the County Defendants are seeking any additional documents through this Request given that Simon/Fox Valley already produced the appraisals for River Oaks Mall. Counsel for the County Defendants stated that they do not know what documents are being withheld subject to the objections and do not know whether other appraisals exist.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the parties' meet-and-confers on October 16, 2023 and December 28, 2023, Simon/Fox Valley do not have any appraisal reports for mortgage financing or asset valuation purposes in their possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

88. An opportunity for these defendants' appraiser(s) to tour the subject property.

**RESPONSE**: Plaintiffs object to this request as improper and not proportional to the needs of the case. Plaintiffs further object to this request as seeking an opportunity beyond Plaintiffs' capacity or ability to provide or facilitate. The subject property is no longer under Plaintiffs' control, and therefore Plaintiffs cannot provide "an opportunity for these defendants' appraiser(s) to tour the subject property."


89. Any and all appraisals regarding the subject property at any time from January 1, 2002 and December 31, 2017, including the complete appraisal file.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs state that appraisals for the subject property were produced with Bates-stamps FedPltfs011389 through FedPltfs013118.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley

132

stated that they view Request No. 89 as duplicative of Request No. 87, and counsel for the County Defendants agreed. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that this Request seeks appraisals for any purpose whatsoever, as well as the complete appraisal file.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have located and will produce additional responsive, nonprivileged documents in response to this Request. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: Simon/Fox Valley have produced documents responsive to this Request at FedPltfs011389-610, FedPltfs011611-738, FedPltfs011739-969, FedPltfs011970-2123, FedPltfs012124-458, FedPltfs012459-755, FedPltfs012756-838, FedPltfs012839-941, FedPltfs012942-3082, RIVEROAKS_00038244-464, and RIVEROAKS_00038553-672. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

90.    Any and all documents and electronic information referencing or identifying any and all quarterly valuations or asset management appraisal

valuations relating in any way to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that the phrase "relating in any way to the subject property" renders this request overbroad, compound, vague, ambiguous, unduly burdensome, and harassing.

Subject to and without waiving these objections, Plaintiffs state that they are unaware of any material responsive to this request not separately referenced in these responses.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that they view Request No. 90 as duplicative of Request Nos. 87 and 89, and counsel for the County Defendants agreed. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that this Request seeks periodic valuations of the property, whether performed annually, semi-annually, quarterly, or monthly, as well as valuations performed for investor conferences and valuations

given to investors at meetings. On December 28, 2023, counsel for Simon/Fox Valley stated that Simon/Fox Valley did not perform any periodic valuations like those described by the County Defendants on during the meet-and-confer on October 16, 2023.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any periodic valuations or asset management appraisal valuations in their possession, custody, or control as they understand those terms to be defined by the County Defendants. Nevertheless, Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents relating to other valuations of River Oaks Mall within Simon/Fox Valley's possession, custody, or control, without waiver of Simon/Fox Valley's right to challenge the admissibility (whether on grounds of relevance, hearsay, or any other ground) of the information or documents referenced or produced in response to this Request. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: In accordance with the meet-and-confer discussions and agreements set forth above, Simon/Fox Valley have produced responsive documents at RIVEROAKS_00037739, RIVEROAKS_00037747, RIVEROAKS_00037752, RIVEROAKS_00037771, RIVEROAKS_00037783,

RIVEROAKS_00037842, RIVEROAKS_00037843, RIVEROAKS_00037873, RIVEROAKS_00037874, RIVEROAKS_00037890, RIVEROAKS_00037891, RIVEROAKS_00039425, RIVEROAKS_00039432-37, RIVEROAKS_00039441-42, RIVEROAKS_00039447-49, RIVEROAKS_00039451-65, ,RIVEROAKS_00039473-74, RIVEROAKS_00039476-84, RIVEROAKS_00039491-94, RIVEROAKS_00039497-507, RIVEROAKS_00039513-29, RIVEROAKS_00039533, RIVEROAKS_00039534, RIVEROAKS_00039535-37, RIVEROAKS_00039540-45, RIVEROAKS_00039546-52, RIVEROAKS_00039558-81, RIVEROAKS_00039582-92, RIVEROAKS_00039601-09, RIVEROAKS_00039671-92, RIVEROAKS_00039693-94, RIVEROAKS_00039701-03, RIVEROAKS_00039704, RIVEROAKS_00039705, RIVEROAKS_00039714, RIVEROAKS_00039738-47, RIVEROAKS_00039751-54, RIVEROAKS_00039767-73, RIVEROAKS_00039781-84, RIVEROAKS_00039794-95, RIVEROAKS_00039797-809, RIVEROAKS_00039820-31, RIVEROAKS_00039840-64, RIVEROAKS_00039865-89, RIVEROAKS_00039900-03, RIVEROAKS_00039911-14, RIVEROAKS_00039920-27, RIVEROAKS_00039931-33, RIVEROAKS_00039936-43, RIVEROAKS_00039948-51, RIVEROAKS_00039957-64, RIVEROAKS_00039969-76, RIVEROAKS_00039980-83, RIVEROAKS_00040003-07, RIVEROAKS_00040009, RIVEROAKS_00040031-42, RIVEROAKS_00040047-72, RIVEROAKS_00040076-80, RIVEROAKS_00040086-94, RIVEROAKS_00040099-101, RIVEROAKS_00040104-111, RIVEROAKS_00040120-21, RIVEROAKS_00040122, RIVEROAKS_00040136-37,RIVEROAKS_00040139-51,

RIVEROAKS_00040165-67, RIVEROAKS_00040169-83, RIVEROAKS_00040190-96, RIVEROAKS_00040200-08, RIVEROAKS_00040218-29, RIVEROAKS_00040238-41, RIVEROAKS_00040242, RIVEROAKS_00040244-46, RIVEROAKS_00040253-61, RIVEROAKS_00040263-71, RIVEROAKS_00040287-91, RIVEROAKS_00040297-309, RIVEROAKS_00040310-11, RIVEROAKS_00040312-16, RIVEROAKS_00040339-42, RIVEROAKS_00040344-61, RIVEROAKS_00040368, RIVEROAKS_00040369, RIVEROAKS_00040370, RIVEROAKS_00040371, RIVEROAKS_00040376-77 ,RIVEROAKS_00040378-83, RIVEROAKS_00040391-96, RIVEROAKS_00040397-98, RIVEROAKS_00040403-06, RIVEROAKS_00040407-14, RIVEROAKS_00040597-99, RIVEROAKS_00040600, RIVEROAKS_00040608, RIVEROAKS_00040616, RIVEROAKS_00040621-24, RIVEROAKS_00040627-37, RIVEROAKS_00040652-54, RIVEROAKS_00040673-79, RIVEROAKS_00040688-702, RIVEROAKS_00040703-17, RIVEROAKS_00040734-35, RIVEROAKS_00040748-50, RIVEROAKS_00040758-61, RIVEROAKS_00040764-73, RIVEROAKS_00040778-810, RIVEROAKS_00040815, RIVEROAKS_00040816, RIVEROAKS_00040903-07, RIVEROAKS_00040908, RIVEROAKS_00040911-13, RIVEROAKS_00040947-71, RIVEROAKS_00040972-75, RIVEROAKS_00040976, RIVEROAKS_00040980-87, RIVEROAKS_00040991-94, RIVEROAKS_00040998-1026, RIVEROAKS_00041037-47, RIVEROAKS_00041060-64, RIVEROAKS_00041067-78, RIVEROAKS_00041086-118, RIVEROAKS_00041122-25, RIVEROAKS_00041128-37, RIVEROAKS_00041147-58,

RIVEROAKS_00041168-69, RIVEROAKS_00041170-74, RIVEROAKS_00041182-86, RIVEROAKS_00041192-200, RIVEROAKS_00041207-11, RIVEROAKS_00041224, RIVEROAKS_00041225, RIVEROAKS_00041236-37, RIVEROAKS_00041238-42, RIVEROAKS_00041244, RIVEROAKS_00041250-51, RIVEROAKS_00041252, RIVEROAKS_00041253, RIVEROAKS_00041263-64, RIVEROAKS_00041265-75, RIVEROAKS_00041456-59, RIVEROAKS_00041465-72, RIVEROAKS_00041479-95, RIVEROAKS_00041510-12, RIVEROAKS_00041532-36, RIVEROAKS_00041584-86, RIVEROAKS_00041594-1601, RIVEROAKS_00041604-08, RIVEROAKS_00041654-56, RIVEROAKS_00041657-58, RIVEROAKS_00041692-95, RIVEROAKS_00041696-98, RIVEROAKS_00041703, RIVEROAKS_00041826-27,RIVEROAKS_00041828-29, RIVEROAKS_00041832-35, RIVEROAKS_00041879-81, RIVEROAKS_00041883-97, RIVEROAKS_00041902-04, RIVEROAKS_00041925-26, RIVEROAKS_00041927-30, RIVEROAKS_00041937-39, RIVEROAKS_00041940-42, RIVEROAKS_00041943, RIVEROAKS_00041944-45, RIVEROAKS_00041980, RIVEROAKS_00042036-37, RIVEROAKS_00042041-51, RIVEROAKS_00042087-96, RIVEROAKS_00042113, RIVEROAKS_00042114, RIVEROAKS_00042115-16, RIVEROAKS_00042239-41, RIVEROAKS_00042242, RIVEROAKS_00042265, RIVEROAKS_00042266, RIVEROAKS_00042319-25, RIVEROAKS_00042358-60, RIVEROAKS_00042361, RIVEROAKS_00042384-87, RIVEROAKS_00042388, RIVEROAKS_00042389-91, RIVEROAKS_00042392, RIVEROAKS_00042634-36, RIVEROAKS_00042671, RIVEROAKS_00042672, RIVEROAKS_00042713-15, and

RIVEROAKS_00042721-22. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

91.     Any and all income and operating expense statements for the subject property at any point in time between January 1, 2002 and December 31, 2017, and all documents regarding income from all sources, including but not limited to, rent, additional rents, percentage rents, passthroughs, interest on security deposits, administrative charges, charges for providing or relating to utilities, maintenance, taxes and vending machine fees.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. Plaintiffs further object that the phrases "all sources" and "including but not limited to" render this request overbroad, compound, vague, ambiguous, unduly burdensome, and harassing. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs also object that this request, in seeking "all documents regarding income from all sources," is not remotely proportional, even if market value remained relevant, which it does not.

Subject to and without waiving these objections, Plaintiffs state that operating income and expense statements for the subject property were produced with Bates-stamps     FedPltfs014658–792;     FedPltfs014847–910;     FedPltfs015038–165;

FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; FedPltfs016384–426.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked whether the County Defendants are seeking any additional documents through this Request given that Simon/Fox Valley already produced the responsive operating income and expense statements. After consulting with their expert, counsel for the County Defendants stated that Simon/Fox Valley's existing response is sufficient as long as the objections are withdrawn.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein. Further, Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

92.    Any and all building plans for the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly

given that Plaintiffs are not contesting the official values on which the taxes at issue are based. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that the phrase "building plans," an undefined term, is vague, overbroad and confusing, rendering this request abusive and harassing, such that further response is unreasonable and inappropriate.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked whether the County Defendants are seeking any additional documents through this Request given that Simon/Fox Valley already produced CAD drawings and site plans. After consulting with their expert, counsel for the County Defendants stated during the meet-and-confer on October 16, 2023 that the County Defendants do not seek anything else in response to Request No. 92. Lastly, during the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley explained that they located a set of approximately 2,500 documents consisting of building plan images and related documents, and offered to produce those to the County Defendants if desired. The County Defendants asked that those documents be produced.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00030557-RIVEROAKS_00033916. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General

Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

93.     Any and all market data regarding the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and that this is request is not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official values on which the taxes at issue are based. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that the phrase "market data," an undefined term, is vague, overbroad and confusing, rendering this request abusive and harassing, and such that further response is unreasonable and inappropriate.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked what the County Defendants mean by the term "market data" used in this Request, noting the broad nature of that term. Counsel for the County Defendants

stated that he understood why Simon/Fox Valley felt this Request was broad, and that he would discuss it with the County Defendants' expert. On October 16, 2023, having discussed this Request with their expert, counsel for the County Defendants stated that this Request may overlap with other Requests, and that examples of "market data" include leasing fliers, leasing proposals, and sales offering memoranda. During the meet-and-confer on December 28, 2023, Simon/Fox Valley stated that their position regarding this Request is the same as Request No. 67.

Based on the clarified scope of this Request, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any leasing fliers or sales offering memoranda in their possession, custody, or control. Further, as stated in Simon/Fox Valley's supplemental response to Request No. 67, lease proposals are not stored in any centralized location and would therefore involve a lengthy and cumbersome search process, with minimal value to the County Defendants given that Simon/Fox Valley already produced the leases and lease abstracts requested by the County Defendants. The County Defendants agreed with Simon/Fox Valley's proposal to suspend the request for lease proposals pending the County Defendants' review of Simon/Fox Valley's document production.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

94. Any and all documents, electronic information or other materials identifying the measurements of the square footage of the subject property between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs state that rent rolls identifying square footage for the subject property have been produced, Bates-stamped FedPltfs0014794– 804; FedPltfs014944–54; FedPltfs014971–81; FedPltfs015437–449; FedPltfs015526–36; FedPltfs015773–82; FedPltfs015970–79; FedPltfs016222–42; FedPltfs016428–47.

95. Any and all documents, electronic information or other materials showing the property expenses for the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified

144

assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that the phrase "property expenses" is vague and ambiguous, rendering this request unduly abusive and harassing.

Subject to and without waiving these objections, Plaintiffs state that operating statements for the subject property were produced with Bates-stamps FedPltfs014658–792; FedPltfs014847–014910; FedPltfs015038–165; FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; FedPltfs016384–426.

96. Any and all documents, electronic information or other materials showing which tenants were not current with their rent at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Plaintiffs further object that this request seeks sensitive commercial information, with respect to third parties, that lacks any connection even to the irrelevant issue (the subject property's market value) to which it purportedly relates.

145

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley explained that this Request is overbroad and burdensome, and presents a relevancy issue as to why the County Defendants need 15 years of documents showing tenants that were not current with their rent. Counsel for the County Defendants stated that he understood Simon/Fox Valley's burden objection and that he would confer with the County Defendants' expert regarding this Request, while noting the County Defendants' view that rental information is relevant to the value of the property because the presence of "deadbeat" tenants could impact the value. Counsel for Simon/Fox Valley responded that if the County Defendants have the valuations and the income for the property, the "deadbeat tenant" concept should be incorporated into the valuations and income. During the meet-and-confer on October 16, 2023, counsel for the County Defendants explained that they are seeking "certified vacancy affidavits" in response to this Request. Finally, during the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley stated that they would search for and produce certified vacancy affidavits to the extent not already produced in the state court litigation.

Based on the clarified scope of this Request, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents responsive to this Request to the extent any such documents exist within Simon/Fox Valley's possession, custody, or control.

146

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: In accordance with the meet-and-confer discussions and agreements set forth above, Simon/Fox Valley have produced responsive documents at FedPltfs014656, FedPltfs014958, FedPltfs015188, FedPltfs015538, FedPltfs015784, FedPltfs015981, FedPltfs016244, and FedPltfs016449. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

97. Any and all documents, electronic information or other materials regarding or identifying the comparable rentals referenced in any and all appraisals of the subject property.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as well as unduly burdensome and not proportional to the needs of the case, particularly given that Plaintiffs do not challenge the official valuations on which the taxes at issue are based.

Subject to and without waiving these objections, Plaintiffs state that any material responsive to this request has been produced with Bates stamps FedPltffs011389 through 013118.

98.    Any and all materials reflecting payments made to Michael Kelly or REAC by O'Keefe Lyons & Hynes, LLC (or its predecessor firm) or one of its clients from 2000 to the present.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as well as unduly burdensome and not proportional to the needs of the case, as it seeks information regarding matters not related to the subject property or work done on this case. Plaintiffs further object to this request as premature and reserve the right to supplement this response and assert additional objections or privileges in accordance with the period for expert discovery set by the Court.   In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving the foregoing objections, documents related to REAC and Michael Kelly's work on this matter were produced on 12/17/2021, Bates-stamped FedPltfs001942 through FedPltfs009488. Further, Plaintiffs have previously responded to discovery in the cases consolidated for discovery on assessment-level issues and captioned for certain purpose as *In Re Level of Assessment Litigation* in the Circuit Court of Cook County, Illinois, all of which was previously made available to the Defendants, and has been produced again, Bates-stamped FedPltfs016451 through FedPltfs016526. Further answering, Plaintiffs produced documents responsive to this request, Bates-stamped SIMON0000147–52 and FedPltfs017290–92.

**SUPPLEMENTED RESPONSE**: Plaintiffs object that this request seeks documents bearing no relationship to this litigation, nor, in the case of appraisals, to the subject property or to the tax years at issue in this litigation and identified by Plaintiff's Second Amended Complaint. It is thus overbroad, excessive, harassing, and not remotely proportional to the needs of the case. Plaintiffs further object that the phrase "any and all materials reflecting payments" is vague, rendering this request overbroad and harassing even to the extent it seeks payments relevant to this litigation, as that phrasing implies that duplicative documentation is necessary.

Subject to these objections, documents responsive to this request were produced on 12/17/2021, Bates-stamped FedPltfs0009488. Plaintiffs also produced responsive documents Bates-stamped FedPltfs017290–92 and SIMON0000147–52.

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as wildly overbroad, burdensome, and harassing as it expressly seeks information entirely without connection to the subject matter of this action. Plaintiffs further object that the phrase "any and all materials reflecting payments" is vague, rendering this request overbroad and harassing even to the extent it seeks payments relevant to this litigation, as that phrasing implies that cumulative and duplicative documentation is required. Similarly, Plaintiffs object that this request needlessly encompasses material beyond the scope of discovery permitted under the Federal Rules and/or otherwise protected by the attorney work product doctrine. Without waiving the foregoing objections, Plaintiffs produced documents labeled FedPltfs009488, FedPltfs017920– 92 demonstrating payments to REAC for the work

performed by Michael Kelly and REAC related to the sales ratio study. Further answering, these Plaintiffs produced documents responsive to this request, Bates-stamped SIMON0000147–52 related to the subject property.

**THIRD SUPPLEMENTED RESPONSE**: Plaintiffs object to this request as wildly overbroad, burdensome, and harassing as it expressly seeks information entirely without connection to the subject matter of this action. Plaintiffs further object that the phrase "any and all materials reflecting payments" is vague, rendering this request overbroad and harassing even to the extent it seeks payments relevant to this litigation, as that phrasing implies that cumulative and duplicative documentation is required. Similarly, Plaintiffs object that this request needlessly encompasses material beyond the scope of discovery permitted under the Federal Rules and/or otherwise protected by the attorney work product doctrine. Consistent with the foregoing objections, Plaintiffs have limited their search for responsive material to documents sufficient to substantiate payments to Michael Kelly or REAC for work performed in connection with this litigation, and have produced all such documents. Specifically, the documents labeled FedPltfs009488 and FedPltfs017920–92 demonstrate payments to REAC for the work performed by Michael Kelly and REAC related to the sales ratio study. Further answering, these Plaintiffs produced documents Bates-stamped SIMON0000147–52 related to the subject property for the tax years at issue in this litigation.

99.     Any and all documents, electronic information or other materials indicating which attorney's fees are allegedly recoverable by the plaintiff in this case.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as premature, as litigation for which attorney's fees are recoverable is ongoing. Subject to and without waiving these objections, Plaintiffs will produce documents indicating their recoverable attorney's fees at a time sufficient to allow the Court to make such an award.

**SUPPLEMENTED RESPONSE**: Plaintiffs object that this request is premature and refer Defendants to Plaintiffs' arguments in response to Defendants' motion to compel meaningful discovery compliance (ECF Nos. 230, 237) as well as the Court's November 28, 2022 Minute Order (ECF No. 269) denying Defendants' motion to compel written discovery related to attorneys' fees on that basis. Plaintiffs further object that this request is vague, overbroad, and harassing, as the combination of "any and all" with "materials indicating" appears to demand that any materials evidencing the legal work performed for Plaintiffs in this case must be produced. Complying with such a demand would be burdensome in the extreme, and would serve no purpose in light of the materials Plaintiffs intend to produce at the appropriate time.

Subject to and without waiving these now-sustained objections, Plaintiffs will produce documents indicating their recoverable attorney's fees at a time sufficient to allow the Court to make such an award.

100.    The most recent original or electronic copy certified ALTA plat of survey including a surveyor's calculation of the subject's land area and total building area in

square feet (SF) per item as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object to this request as duplicative of earlier requests, and Plaintiffs incorporate their response to Request No. 86 as if fully stated herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that for both Request Nos. 100 and 101 (which is similar to Request No. 100), Simon/Fox Valley would search for and produce responsive documents to the extent they exist. During the meet-and-confers on October 16, 2023 and December 28, 2023, the parties treated Request Nos. 100 and 101 collectively.

Based on the foregoing, Simon/Fox Valley respond to this Request and Request No. 101 as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced documents responsive to these Requests. *See* RIVEROAKS_00029627-50, RIVEROAKS_00029651, RIVEROAKS_00029652-765, RIVEROAKS_00029766-72, RIVEROAKS_00029773-30029, RIVEROAKS_00030030, RIVEROAKS_00030031-37, RIVEROAKS_00030043, RIVEROAKS_00030044, and RIVEROAKS_00030045. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

101. A copy of the most recent title report including copies of any and all easements and/or operating agreements that may encumber the subject to permit the normal operation of the subject property within the larger mall campus it is part of or that reflects the subject as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information neither relevant to the case nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs similarly object that this request is not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values on which the taxes at issue were based.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, or control, and are relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's supplemental response to Request No. 100.

102. Provide a photocopy or an electronic copy of the most current complete set of a leasing plan(s) or a floor plan(s) that depicts each subject building as of

January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. Plaintiffs further object to this request to the extent it requires the creation of documents and thus imposes obligations beyond those specified in the Federal Rules.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs state that they have produced materials responsive to this request at the following Bates ranges: FedPltffs011470-73; FedPltffs011805-07; FedPltffs1220003-05; FedPltffs12529-31; 012836.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked what the term "leasing plan" means. After consulting with their expert, counsel for the County Defendants explained during the meet-and-confer on October 16, 2023 that they define a "leasing plan" as a schematic or floorplan of the area of the property with the square footage of all of the units. With the meaning of "leasing plan" having

been clarified, Simon/Fox Valley agreed to search for and produce responsive documents.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00030038, RIVEROAKS_00030039, RIVEROAKS_00030040, RIVEROAKS_00030041, RIVEROAKS_00030042, RIVEROAKS_00030046, RIVEROAKS_00030047, RIVEROAKS_00030048, RIVEROAKS_00030049, RIVEROAKS_00030050, RIVEROAKS_00030051, RIVEROAKS_00030052, RIVEROAKS_00030053, RIVEROAKS_00030054, RIVEROAKS_00030055, and RIVEROAKS_00030056. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.


103. Provide an architect's calculation of total gross building area and gross leasable area (GLA) in aggregate and per unit per building and the net rentable area (NRA) for the office building component and per office unit, and the total number of on-site vehicle parking spaces as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly

burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. Plaintiffs further object to this request to the extent it requires the creation of documents and thus imposes obligations beyond those specified in the Federal Rules.

Subject to and without waiving these objections, Plaintiffs state that materials responsive to this request can be found within the documents Bates-stamped FedPltfs011389 through FedPltfs013118, and FedPltfs014614 through FedPltfs016450.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request and Request No. 104 (which seeks similar information) on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked whether the County Defendants are seeking any additional documents beyond those identified by Bates number in the existing response. Counsel for the County Defendants stated that Simon/Fox Valley's existing response was sufficient as long as the objections were withdrawn.

Based on the foregoing, Simon/Fox Valley respond to this Request and Request No. 104 as follows: As stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

104. Provide a site plan; a conceptual site plan; preliminary platted, and/or platted and approved subdivision of the subject site(s) that depict(s) any potential outlot(s) including the outlot(s) land area (SF or acres) and location of each outlot on the subject property as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object to this request as duplicative of earlier requests, and Plaintiffs incorporate their response to Request No. 103 as if fully stated herein.

**SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's supplemental response to Request No. 103.

105. Provide a certified cost history of capital improvements and maintenance and repairs per subject building greater than $5,000 for calendar years 2001 through 2014 including date work completed, narrative description of work completed, and cost of work completed including sworn itemized contractor's cost statements, a list of pending planned capital improvements including a budgeted cost estimate(s), and any and all municipal building code violations and related actual repair cost(s) and/or code violation(s) required repair estimate(s) as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object to this request as duplicative of Requests Nos. 84 and 117 and refer Defendants to Plaintiffs' responses to those requests.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023.

157

During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that this Request is duplicative of Request Nos. 84 and 117 (which seeks the same information but based on a $2,500 threshold instead of a $5,000 threshold). Counsel for Simon/Fox Valley explained the potential burden associated with this Request and asked what the term "certified" means, noting that the term "sworn and certified" is used in other Requests. Counsel for the County Defendants agreed that this Request (and Request Nos. 84 and 117) could be more reasonable, and that he understood the burden and would revert with the County Defendants' position regarding these Requests. During the meet-and-confer on October 16, 2023, counsel for the County Defendants proposed modifying this Request to be based upon a $5,000 threshold rather than a $2,500 threshold. During the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley explained that they do not have a method for identifying capital expenditure documents by dollar amount and did not know whether they possessed any responsive documents, but they agreed to search for and produce responsive documents without regard to dollar amount to the extent they located any. Additionally, counsel for Simon/Fox Valley explained that the Operating Income and Expense Reports that Simon/Fox Valley already produced include line items for "Operational Capital Expenditures," so the information sought by this Request has already been produced.

Based on the clarified scope of this Request, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley will conduct a reasonable search for and produce any nonprivileged documents responsive to this Request to the extent any

such documents exist within Simon/Fox Valley's possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: In accordance with the meet-and-confer discussions and agreements set forth above, Simon/Fox Valley have produced responsive documents at:

- RIVEROAKS_00037744-RIVEROAKS_00037746
- RIVEROAKS_00037767-RIVEROAKS_00037770
- RIVEROAKS_00037772-RIVEROAKS_00037774
- RIVEROAKS_00037780-RIVEROAKS_00037782
- RIVEROAKS_00037791-RIVEROAKS_00037802
- RIVEROAKS_00037818-RIVEROAKS_00037834
- RIVEROAKS_00037848-RIVEROAKS_00037857
- RIVEROAKS_00037858-RIVEROAKS_00037864
- RIVEROAKS_00038206-RIVEROAKS_00038243
- RIVEROAKS_00039117
- RIVEROAKS_00039425
- RIVEROAKS_00039426-RIVEROAKS_00039428
- RIVEROAKS_00039593-RIVEROAKS_00039594
- RIVEROAKS_00039595
- RIVEROAKS_00039614-RIVEROAKS_00039617

- RIVEROAKS_00039618-RIVEROAKS_00039619
- RIVEROAKS_00039620-RIVEROAKS_00039631
- RIVEROAKS_00039632-RIVEROAKS_00039648
- RIVEROAKS_00039649-RIVEROAKS_00039655
- RIVEROAKS_00039656-RIVEROAKS_00039659
- RIVEROAKS_00039660-RIVEROAKS_00039669
- RIVEROAKS_00039695-RIVEROAKS_00039700
- RIVEROAKS_00039706
- RIVEROAKS_00039707
- RIVEROAKS_00039708
- RIVEROAKS_00039717
- RIVEROAKS_00039718
- RIVEROAKS_00039719-RIVEROAKS_00039721
- RIVEROAKS_00039722
- RIVEROAKS_00039723-RIVEROAKS_00039724
- RIVEROAKS_00039725-RIVEROAKS_00039732
- RIVEROAKS_00039755-RIVEROAKS_00039757
- RIVEROAKS_00039760-RIVEROAKS_00039764
- RIVEROAKS_00039891-RIVEROAKS_00039894
- RIVEROAKS_00039895-RIVEROAKS_00039896
- RIVEROAKS_00039909
- RIVEROAKS_00039998-RIVEROAKS_00039999
- RIVEROAKS_00040010-RIVEROAKS_00040012
- RIVEROAKS_00040117-RIVEROAKS_00040119

- RIVEROAKS_00040123

- RIVEROAKS_00040124

- RIVEROAKS_00040125

- RIVEROAKS_00040126

- RIVEROAKS_00040127

- RIVEROAKS_00040128

- RIVEROAKS_00040129

- RIVEROAKS_00040130-RIVEROAKS_00040133

- RIVEROAKS_00040156

- RIVEROAKS_00040157

- RIVEROAKS_00040242

- RIVEROAKS_00040275-RIVEROAKS_00040276

- RIVEROAKS_00040277-RIVEROAKS_00040284

- RIVEROAKS_00040601-RIVEROAKS_00040602

- RIVEROAKS_00040603

- RIVEROAKS_00040660

- RIVEROAKS_00040661-RIVEROAKS_00040668

- RIVEROAKS_00040778-RIVEROAKS_00040810

- RIVEROAKS_00040911-RIVEROAKS_00040913

- RIVEROAKS_00041027-RIVEROAKS_00041032

- RIVEROAKS_00041083-RIVEROAKS_00041084

- RIVEROAKS_00041141-RIVEROAKS_00041143

- RIVEROAKS_00041163-RIVEROAKS_00041165

- RIVEROAKS_00041214-RIVEROAKS_00041215

- RIVEROAKS_00041216-RIVEROAKS_00041223
- RIVEROAKS_00041226-RIVEROAKS_00041228
- RIVEROAKS_00041243
- RIVEROAKS_00041453
- RIVEROAKS_00041539-RIVEROAKS_00041540
- RIVEROAKS_00041541-RIVEROAKS_00041544
- RIVEROAKS_00041546-RIVEROAKS_00041549
- RIVEROAKS_00041550-RIVEROAKS_00041551
- RIVEROAKS_00041552-RIVEROAKS_00041555
- RIVEROAKS_00041562-RIVEROAKS_00041563
- RIVEROAKS_00041564
- RIVEROAKS_00041565-RIVEROAKS_00041566
- RIVEROAKS_00041568-RIVEROAKS_00041569
- RIVEROAKS_00041573-RIVEROAKS_00041579
- RIVEROAKS_00041580-RIVEROAKS_00041583
- RIVEROAKS_00041587-RIVEROAKS_00041593
- RIVEROAKS_00041609-RIVEROAKS_00041612
- RIVEROAKS_00041613-RIVEROAKS_00041615
- RIVEROAKS_00041616-RIVEROAKS_00041618
- RIVEROAKS_00041620-RIVEROAKS_00041623
- RIVEROAKS_00041624-RIVEROAKS_00041625
- RIVEROAKS_00041626-RIVEROAKS_00041629
- RIVEROAKS_00041630-RIVEROAKS_00041635
- RIVEROAKS_00041638-RIVEROAKS_00041640

- RIVEROAKS_00041648
- RIVEROAKS_00041649
- RIVEROAKS_00041650-RIVEROAKS_00041652
- RIVEROAKS_00041653
- RIVEROAKS_00041661-RIVEROAKS_00041662
- RIVEROAKS_00041663-RIVEROAKS_00041681
- RIVEROAKS_00041682-RIVEROAKS_00041684
- RIVEROAKS_00041711-RIVEROAKS_00041712
- RIVEROAKS_00041713-RIVEROAKS_00041714
- RIVEROAKS_00041715
- RIVEROAKS_00041716
- RIVEROAKS_00041717
- RIVEROAKS_00041718
- RIVEROAKS_00041719
- RIVEROAKS_00041720
- RIVEROAKS_00041721-RIVEROAKS_00041722
- RIVEROAKS_00041723-RIVEROAKS_00041724
- RIVEROAKS_00041728-RIVEROAKS_00041734
- RIVEROAKS_00041735-RIVEROAKS_00041738
- RIVEROAKS_00041739-RIVEROAKS_00041742
- RIVEROAKS_00041743-RIVEROAKS_00041748
- RIVEROAKS_00041768-RIVEROAKS_00041769
- RIVEROAKS_00041770-RIVEROAKS_00041773
- RIVEROAKS_00041774-RIVEROAKS_00041776

- RIVEROAKS_00041795-RIVEROAKS_00041801

- RIVEROAKS_00041802

- RIVEROAKS_00041803

- RIVEROAKS_00041804

- RIVEROAKS_00041805

- RIVEROAKS_00041806

- RIVEROAKS_00041807

- RIVEROAKS_00041808

- RIVEROAKS_00041809-RIVEROAKS_00041811

- RIVEROAKS_00041813-RIVEROAKS_00041814

- RIVEROAKS_00041815-RIVEROAKS_00041818

- RIVEROAKS_00041819-RIVEROAKS_00041822

- RIVEROAKS_00041823-RIVEROAKS_00041825

- RIVEROAKS_00041836-RIVEROAKS_00041837

- RIVEROAKS_00041838-RIVEROAKS_00041845

- RIVEROAKS_00041846-RIVEROAKS_00041848

- RIVEROAKS_00041849-RIVEROAKS_00041851

- RIVEROAKS_00041852-RIVEROAKS_00041853

- RIVEROAKS_00041854

- RIVEROAKS_00041855

- RIVEROAKS_00041861-RIVEROAKS_00041866

- RIVEROAKS_00041867-RIVEROAKS_00041868

- RIVEROAKS_00041869

- RIVEROAKS_00041870-RIVEROAKS_00041873

- RIVEROAKS_00041907

- RIVEROAKS_00041908

- RIVEROAKS_00041909

- RIVEROAKS_00041910

- RIVEROAKS_00041911-RIVEROAKS_00041913

- RIVEROAKS_00041914-RIVEROAKS_00041915

- RIVEROAKS_00041916-RIVEROAKS_00041920

- RIVEROAKS_00041921-RIVEROAKS_00041924

- RIVEROAKS_00041947-RIVEROAKS_00041948

- RIVEROAKS_00041949

- RIVEROAKS_00041950

- RIVEROAKS_00041951

- RIVEROAKS_00041952

- RIVEROAKS_00041953

- RIVEROAKS_00041954

- RIVEROAKS_00041955-RIVEROAKS_00041956

- RIVEROAKS_00041957

- RIVEROAKS_00041958

- RIVEROAKS_00041959-RIVEROAKS_00041961

- RIVEROAKS_00041962-RIVEROAKS_00041963

- RIVEROAKS_00041964

- RIVEROAKS_00041965

- RIVEROAKS_00041966-RIVEROAKS_00041969

- RIVEROAKS_00041970-RIVEROAKS_00041972

- RIVEROAKS_00041973

- RIVEROAKS_00041974-RIVEROAKS_00041976

- RIVEROAKS_00041981-RIVEROAKS_00041983

- RIVEROAKS_00041984-RIVEROAKS_00041985

- RIVEROAKS_00041986-RIVEROAKS_00041989

- RIVEROAKS_00041990

- RIVEROAKS_00041991

- RIVEROAKS_00041992

- RIVEROAKS_00041993

- RIVEROAKS_00041994

- RIVEROAKS_00041995

- RIVEROAKS_00041996

- RIVEROAKS_00041997

- RIVEROAKS_00041998

- RIVEROAKS_00041999-RIVEROAKS_00042000

- RIVEROAKS_00042001-RIVEROAKS_00042002

- RIVEROAKS_00042003

- RIVEROAKS_00042009-RIVEROAKS_00042011

- RIVEROAKS_00042012-RIVEROAKS_00042018

- RIVEROAKS_00042019-RIVEROAKS_00042021

- RIVEROAKS_00042022

- RIVEROAKS_00042023-RIVEROAKS_00042024

- RIVEROAKS_00042025

- RIVEROAKS_00042026

- RIVEROAKS_00042027-RIVEROAKS_00042028
- RIVEROAKS_00042075-RIVEROAKS_00042076
- RIVEROAKS_00042077
- RIVEROAKS_00042080
- RIVEROAKS_00042081
- RIVEROAKS_00042082
- RIVEROAKS_00042083
- RIVEROAKS_00042084
- RIVEROAKS_00042085
- RIVEROAKS_00042086
- RIVEROAKS_00042099-RIVEROAKS_00042101
- RIVEROAKS_00042103-RIVEROAKS_00042106
- RIVEROAKS_00042107-RIVEROAKS_00042108
- RIVEROAKS_00042109-RIVEROAKS_00042112
- RIVEROAKS_00042117
- RIVEROAKS_00042118-RIVEROAKS_00042124
- RIVEROAKS_00042125-RIVEROAKS_00042149
- RIVEROAKS_00042150-RIVEROAKS_00042160
- RIVEROAKS_00042161-RIVEROAKS_00042164
- RIVEROAKS_00042165-RIVEROAKS_00042166
- RIVEROAKS_00042167-RIVEROAKS_00042170
- RIVEROAKS_00042171-RIVEROAKS_00042173
- RIVEROAKS_00042174
- RIVEROAKS_00042175

- RIVEROAKS_00042176
- RIVEROAKS_00042177
- RIVEROAKS_00042187-RIVEROAKS_00042193
- RIVEROAKS_00042194-RIVEROAKS_00042218
- RIVEROAKS_00042219-RIVEROAKS_00042229
- RIVEROAKS_00042230-RIVEROAKS_00042233
- RIVEROAKS_00042234
- RIVEROAKS_00042235-RIVEROAKS_00042238
- RIVEROAKS_00042246-RIVEROAKS_00042250
- RIVEROAKS_00042254
- RIVEROAKS_00042255-RIVEROAKS_00042261
- RIVEROAKS_00042273-RIVEROAKS_00042274
- RIVEROAKS_00042275-RIVEROAKS_00042276
- RIVEROAKS_00042277-RIVEROAKS_00042279
- RIVEROAKS_00042280-RIVEROAKS_00042283
- RIVEROAKS_00042284
- RIVEROAKS_00042285-RIVEROAKS_00042287
- RIVEROAKS_00042291-RIVEROAKS_00042293
- RIVEROAKS_00042294
- RIVEROAKS_00042295-RIVEROAKS_00042298
- RIVEROAKS_00042299-RIVEROAKS_00042301
- RIVEROAKS_00042302-RIVEROAKS_00042310
- RIVEROAKS_00042347
- RIVEROAKS_00042348

- RIVEROAKS_00042349
- RIVEROAKS_00042350
- RIVEROAKS_00042351
- RIVEROAKS_00042352
- RIVEROAKS_00042353
- RIVEROAKS_00042365-RIVEROAKS_00042368
- RIVEROAKS_00042396-RIVEROAKS_00042397
- RIVEROAKS_00042398-RIVEROAKS_00042401
- RIVEROAKS_00042402-RIVEROAKS_00042409
- RIVEROAKS_00042410-RIVEROAKS_00042411
- RIVEROAKS_00042412-RIVEROAKS_00042413
- RIVEROAKS_00042415-RIVEROAKS_00042419
- RIVEROAKS_00042627-RIVEROAKS_00042630
- RIVEROAKS_00042631-RIVEROAKS_00042633
- RIVEROAKS_00042641-RIVEROAKS_00042642
- RIVEROAKS_00042656-RIVEROAKS_00042662
- RIVEROAKS_00042663-RIVEROAKS_00042665
- RIVEROAKS_00042673-RIVEROAKS_00042678
- RIVEROAKS_00042679-RIVEROAKS_00042684
- RIVEROAKS_00042685
- RIVEROAKS_00042686
- RIVEROAKS_00042687
- RIVEROAKS_00042688
- RIVEROAKS_00042689

- RIVEROAKS_00042690

- RIVEROAKS_00042691

- RIVEROAKS_00042700-RIVEROAKS_00042702

- RIVEROAKS_00042703

- RIVEROAKS_00042704-RIVEROAKS_00042705

- RIVEROAKS_00042706

- RIVEROAKS_00042713-RIVEROAKS_00042715

- RIVEROAKS_00042717-RIVEROAKS_00042720

- RIVEROAKS_00042730

- RIVEROAKS_00042731

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

106. An electronic copy of all existing lease abstracts and any and all related lease amendments per tenant in their entirety as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object to this request as duplicative of earlier requests, and Plaintiffs incorporate their response to Request No. 72 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley agreed to produce lease abstracts for River Oaks Mall subject to confirming the timeframe (while Request No. 72 seeks leases from 2002 through 2017, Request No.

106 seeks lease abstracts only from 2005 through 2014). After conferring with their expert, counsel for the County Defendants clarified during the meet-and-confer on October 16, 2023 that they are seeking lease abstracts from 2002 through 2017. Counsel for Simon/Fox Valley explained that the lease abstracts will go further back in time than 2002 due to the manner in which the lease abstracts are generated. Counsel for the County Defendants acknowledged and agreed to this broader production.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00023477-RIVEROAKS_00029288 and RIVEROAKS_00029289-RIVEROAKS_00029626. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

107. A sworn and certified rent roll as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014 for the enclosed regional mall and anchor department stores, and movie theatre as of each cited date per tenant, vacant, or owner-occupied space including the tenant name, unit #, unit size – sq. ft. of GLA, unit's use (food court, retail store, anchor department store, kiosk, ATM, or storage, etc.) lease term – start and expiration dates, base monthly and annual rent in aggregate and per SF of GLA, monthly and annual expense pass-through amounts per SF of GLA, annual base rent and pass-through increase amounts per SF of GLA and date of increase for each, statement of payment

171

(ownership or tenant paid expenses) for real estate taxes and operating expenses - Insurance, Repairs (routine, mechanical, and structural), HVAC, Common Area Maintenance; roads and grounds; management and administrative fees; utilities - statement of payment responsibility (tenant pays direct to utility provider or ownership pays for electricity – lights and outlets, gas, water/sewer per unit); a statement of applicable percentage of sales rent provisions per tenant (gross sales base year dollar amount and the percentage of sales revenue to be collected in excess of the base year sales dollar amount and the annual sales for calendar years 2005 through 2014 for tenant's with percentage rent stipulations); a statement of gross annual rent (base rent and percentage of sales rent plus expense pass-throughs) per SF of GLA.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above and object that this request is duplicative of earlier requests, and by requiring the creation of documents, imposes obligations exceeding those provided for in the Federal Rules. Plaintiffs further incorporate the responses to Requests Nos. 71 and 72 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley explained that this is one of the Requests that uses the term "sworn and certified," and asked whether this Request seeks something different than the rent rolls Simon/Fox Valley already produced. Additionally, the parties agreed to treat Request Nos. 107 and 108 collectively. After conferring with their expert, counsel for the County Defendants confirmed that the County Defendants are not seeking anything else in response to Request Nos. 107 and 108 beyond what was identified in response to Request Nos. 71 and 72 as long as Simon/Fox Valley withdraw their objections to Request Nos. 71 and 72. Further, the County Defendants confirmed that they are not requesting that anything be "sworn and certified."

Based on the foregoing, Simon/Fox Valley respond to this Request and Request No. 108 as follows: Simon/Fox Valley have produced documents responsive to Request Nos. 71 and 72. *See* Simon/Fox Valley's original response to Request No. 71; *see also* Simon/Fox Valley's supplemental response to Request No. 72. Simon/Fox Valley have also withdrawn their General Objections to these Requests, as well as their specific objections to Request No. 72. However, with respect to Request No. 71, counsel for the County Defendants stated during the meet-and-confers on October 16, 2023 and December 28, 2023 that the County Defendants may be satisfied with Simon/Fox Valley's response to this Request but needed additional time to confer with their expert regarding this Request. Accordingly, Simon/Fox Valley agree to further meet and confer with the County Defendants regarding Request No. 71 if necessary.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

108. A sworn and certified rent roll as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014 for the subject's office building component as of each cited date including per tenant, vacant, or owner-occupied space including tenant name, unit size – sq. ft. of NRA, unit's use (professional office, medical office, retail, or storage, etc.) lease term – start and expiration dates, base monthly and annual rent in aggregate and per SF of NRA, monthly and annual expense pass-through amounts per SF of NRA, annual base rent and passthrough increase amounts per SF of NRA and date of increase for each, statement of payment (ownership or tenant paid expenses) for real estate taxes and operating expenses - Insurance, Repairs (routine, mechanical, and structural), HVAC, Common Area Maintenance; roads and grounds; management and administrative fees; utilities - statement of payment responsibility (tenant pays direct to utility provider or ownership pays for electricity – lights and outlets, gas,

water/sewer per unit); a statement of gross annual rent (base rent plus expense pass-throughs) per SF of NRA.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above and object that this request is duplicative of earlier requests, and by requiring the creation of documents, imposes obligations exceeding those provided for in the Federal Rules. Plaintiffs further incorporate the responses to Requests Nos. 71 and 72 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's supplemental response to Request No. 107.

109.    A sworn and certified history for calendar years 2001 through 2014 of annual gross sales per SF of in-line retail mall store space GLA occupied for an entire calendar year during each cited calendar year that contains 10,000 SF of GLA or less including the amount of occupied GLA SF per year and the total annual gross sales per SF per year.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request to the extent it requires the creation of documents and is thus imposes obligations beyond the those provided for in the Federal Rules. In addition, Plaintiffs object that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values on which the taxes at issue were based. Plaintiffs further incorporate their response to Request No. 83 as if fully stated herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023.

During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that this Request again seeks "sworn and certified" documents and asked for clarity on what the County Defendants are seeking through this Request. After conferring with their expert, counsel for the County Defendants explained during the meet-and-confer on October 16, 2023 that the request for in-line sales is defined within Request No. 109 and asked that Simon/Fox Valley respond to this Request by producing any and all history of in-line sales for calendar years 2001 through 2014 regardless of whether the documents are sworn and certified (including anything related to in-line sales that has been certified or attested to). Counsel for the County Defendants confirmed that they are seeking the same sales information as sought in Request No. 83.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley have produced a spreadsheet that identifies the annual retail sales for each tenant at River Oaks Mall during the time period requested to the extent within Simon/Fox Valley's possession, custody, or control. *See* RIVEROAKS_00030057. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

110.    The most recently completed appraisal report(s) for any and all purposes from calendar years 2001 through 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above and further objects that this request is duplicative of earlier requests. Plaintiffs incorporate the response to Request No. 89 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that this Request is duplicative of Request Nos. 87 and 89, and counsel for the County Defendants agreed that the parties could treat Request No. 110 the same as Request Nos. 87 and 89, and asked that Simon/Fox Valley withdraw the objections to this Request.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: *See* Simon/Fox Valley's supplemental response to Request No. 89. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

**SECOND SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's Second Supplemental Response to Request No. 89. Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

176

111. Provide a photocopy of all current applicable engineering and environmental reports that reflect the subject's condition for the tax years 2005 through 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, or control, and are relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked what the County Defendants mean by phrase "current applicable engineering and environmental reports that reflect the subject's condition." Counsel for the County Defendants stated he did not know but his understanding is that some appraisals attach engineering or environmental reports, and he believes some reports have been produced in this case. After conferring with their expert, the County Defendants stated during the meet-and-confer on October 16, 2023 that the County

Defendants are not seeking any additional response or documents in response to Request No. 111. During the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley explained that they located a set of approximately 2,500 documents consisting of building plan images and related documents responsive to Request No. 92, which included some environmental reports responsive to Request No. 111, and Simon/Fox Valley offered to produce those to the County Defendants if desired. The County Defendants asked that those documents be produced.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00033467-542, RIVEROAKS_00033543-67, RIVEROAKS_00033568-699, RIVEROAKS_00033701-41, and RIVEROAKS_00033743-74.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.


112.    Provide a certified and sworn historical detailed line-item pro forma income and expense operating statement per year for calendar years 2002 through 2014 per subject building component (enclosed mall, anchor department stores, and movie theatre and separate operating statements for the office building component.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that

this request requires the creation of documents and is duplicative of earlier requests. Subject to and without waiving these objections, Plaintiffs incorporate their response to Request No. 91 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley explained that, as stated in response to Request No. 91, Simon/Fox Valley have already produced Operating Income and Expense Reports for River Oaks Mall with the following Bates-stamps: FedPltfs014658–792; FedPltfs014847–910; FedPltfs015038–165; FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; FedPltfs016384–426. Counsel for the County Defendants stated that he would confer with their expert and revert with their position. During the meet-and-confer on October 16, 2023, the County Defendants confirmed that Request No. 112 is duplicative of Request No. 91, and that the reference to Request No. 91 in response to Request No. 112 is sufficient as long as the response to Request No. 112 withdraws the objections.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: *See* Simon/Fox Valley's supplemental response to Request No. 91. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

113. Provide a three-year history of sales and ownership of the property as required by USPAP (Uniform Standards of Professional Appraisal Practice) – provide a copy of recent sales contract(s) and closing statement(s) all written purchase offers, Letters of Intent (LOIs) to purchase, and any for-sale listing agreement and marketing materials from calendar year 2001 through 2014; all sale contract(s), LOIs, or written purchase offers, and any for-sale and for-lease listing agreement(s) and related for-sale marketing materials from the cited time frame and all for-lease marketing materials from the cited time frame.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request requires the creation of documents and is intended solely to harass. Plaintiffs further object that this request is vague, compound, and confusing, and is duplicative of Request No. 82. Subject to and without waiving these objections, Plaintiffs incorporate their response to Request No. 82 as if fully set forth herein.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that because the River Oaks Mall was not marketed for sale or sold (beyond the transfer in 2014), no responsive documents exist. Counsel for the County

Defendants stated that because there was not a sale of the property, Simon/Fox Valley should answer this Request without objecting. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that if Simon/Fox Valley withdraw the objections to Request No. 113, the County Defendants will move on from this Request. Additionally, on December 28, 2023, counsel for Simon/Fox Valley confirmed that they would produce documents related to the transfer of River Oaks Mall in 2014, but that they did not have anything else responsive to this Request.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any documents responsive to this Request. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request. Lastly, Simon/Fox Valley have produced documents evidencing the transfer of River Oaks Mall from Fox Valley to River Oaks Center, LLC as part of the property's transfer to Washington Prime Group in 2014. *See* RIVEROAKS_00034038-39, RIVEROAKS_00034040-43, RIVEROAKS_00034044-53, RIVEROAKS_00034054-55, RIVEROAKS_00034056-61, and RIVEROAKS_00034062-67.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

114. An electronic copy of certified sworn vacancy affidavits per year for calendar years 2001 through 2014, for the subject property.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property.

Subject to and without waiving these objections, Plaintiffs direct Defendants to affidavits attached to each petition filed in the Board of Review of Cook County for the tax years at issue, Bates-stamped FedPltfs0014656; FedPltfs014958; FedPltfs015188; FedPltfs015538; FedPltfs015784; FedPltfs015981; FedPltfs0162244; FedPltfs016449.

115. Plaintiff's appraiser(s)' entire work file (electronic and hard file) for each appraisal of the subject property and for all appraisal or consulting services for tax years 2005 through 2014.

**RESPONSE**: Plaintiffs incorporate the response to Request No. 89 as if fully set forth herein. Plaintiffs do not possess these records to the extent they are not included in the appraisal reports themselves, which have already been produced to Defendants.

116. Any and all documents or electronic information in any format provided to the plaintiff's appraiser(s) by property ownership, property ownership's designated

agents or legal counsel for each appraisal of the subject property and for all appraisal or consulting services for tax years 2005 through 2014.

**RESPONSE**: Plaintiffs incorporate the response to Request No. 89 as if fully set forth herein. The appraisal reports contain everything relied upon to produce those reports.

117.    Provide an electronic cost history of capital improvements and any and all repairs of $2,500 or more for calendar years through 2014 including date work completed, narrative description of work completed, and cost of work completed, and a list of pending planned capital improvements including budgeted cost estimates as of January 1, 2005; January 1, 2006, January 1, 2007; January 1, 2008; and January 1, 2009; January 1, 2010; January 1, 2011; January 1, 2012; January 1, 2013; and January 1, 2014.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. In addition, Plaintiffs object to this request to the extent it requires the creation of documents and is designed solely to harass. Plaintiffs further object to this request as seeking information that is neither relevant nor likely to lead to admissible evidence, and as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. Plaintiffs also object that the information sought by this request is not utilized in any property-valuation process. Finally, Plaintiffs refer Defendants to the answer to the response to Request No. 84.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that they view

this Request as duplicative of Request No. 105. During the meet-and-confer on October 16, 2023, counsel for the County Defendants confirmed that this Request is duplicative of Request No. 105 and that Simon/Fox Valley can refer to their response to Request No. 105.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: *See* Simon/Fox Valley's supplemental response to Request No. 105.

118. Any and all written and electronic communication, including but not limited to emails and text messages, between plaintiff's counsel and Richard Almy from 2005 to the present.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is designed to harass. Further responding, Plaintiffs state that other than documents Bates-labeled FedPltfs017281 through FedPltfs017289, they do not possess material responsive to this request.

119. The property record card for the subject property from 2002 to 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited in scope to the relevant time period, and seeks material already within Defendants' own possession custody or control.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within

Plaintiffs' possession, custody, or control, and are relevant to the claims and defenses in this case.

120. Any and all CoStar sheets provided to plaintiff's counsel by Michael Kelly regarding (1) the subject property, (2) comparable sales used in Michael Kelly's appraisal of the subject property or (3) any of the properties used in one of Dr. McMillen's sales ratio studies, such as those referenced on Page 9 of Michael Kelly's deposition in *In re: Level of Assessment* on September 16, 2015.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above and further object that this request is duplicative of earlier requests.

121. All broker's listing sheets for the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited in scope to the relevant time period, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, as Plaintiffs are not contesting the official market values on which the taxes at issue were based. Subject to and without waiving these objections, Plaintiffs state they do not possess material responsive to this request.

122. Any and all rental listing descriptions relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited in scope to the relevant time period, and seeks information that is neither relevant nor likely to lead

to the discovery of admissible evidence, and is grossly disproportionate to the needs of the case, as Plaintiffs are not contesting the official market values on which the taxes at issue were based. Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will conduct a search of reasonable scope and will produce non-privileged documents responsive to this request to the extent any such documents exist within Plaintiffs' possession, custody, and control and are relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked what the County Defendants mean by "rental listing descriptions." Counsel for the County Defendants stated that if there were vacancies at River Oaks Mall and Simon/Fox Valley were trying to market those specific portions of the property, the County Defendants are seeking documents that describe the property and what was being offered for rent in the marketing materials and/or listing materials. Further, in response to Simon/Fox Valley's concern that the Request reads like an interrogatory by asking for a "description," counsel for the County Defendants confirmed that the County Defendants are not seeking a description or asking Simon/Fox Valley create any documents; rather, they are only asking for documents that describe the property. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that the materials sought by this Request are

encompassed in other Requests (e.g., the rental listings sought in Request No. 67), and asked that Simon/Fox Valley respond to this Request.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: As stated during the meet-and-confer on December 28, 2023, Simon/Fox Valley do not have any leasing fliers or listings for leasing opportunities in their possession, custody, or control.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

123.    Any and all Sidwell maps for the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited in scope to the relevant time period, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, as Plaintiffs are not contesting the official market values on which the taxes at issue were based. Further answering, Plaintiffs state that they do not possess material responsive to this request.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that Simon/Fox Valley do not have any responsive documents. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that if Simon/Fox Valley

withdraw the objections to Request No. 123, the County Defendants will move on from this Request.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any documents responsive to this Request in their possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

124. Any and all asset management reports for the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values upon which the certified assessed values were based for the subject property. In addition, Plaintiffs object that this request seeks information beyond the period during which Plaintiffs owned the subject property. Finally, Plaintiffs object that "asset management reports," an undefined term, is vague and confusing such that Plaintiffs lack the necessary knowledge to respond further.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley asked the County Defendants for clarity regarding the term "asset management reports." During the meet-and-confer on October 16, 2023, counsel for the County Defendants described an "asset management report" as an internal report that has income and operating expense information on it, as well as information about the cash flow of the property, and potentially updated information about the valuation of the property. The report could also discuss leasing information or vacancies on the property. During the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley stated that Simon/Fox Valley do not possess any asset management reports, and noted that Simon/Fox Valley already produced the Operating Income and Expense Statements in response to Request No. 83 to the extent those are responsive to Request No. 124.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any asset management reports in their possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

125. Any and all broker price opinions relating to the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited in scope to the relevant time period, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and is grossly disproportionate to the needs of the case, as Plaintiffs are not contesting the official market values on which the taxes at issue were based. Further answering, Plaintiffs state that because they do not engage with brokers, Plaintiffs do not possess material responsive to this request.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023 and October 16, 2023. During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley stated that Simon/Fox Valley do not have any responsive documents. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that if Simon/Fox Valley withdraw the objections to Request No. 125, the County Defendants will move on from this Request.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any documents responsive to this Request in their possession, custody, or control. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

126. Any and all materials filed with, provided or submitted to the Securities and Exchange Commission or Internal Revenue Service at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited to a relevant time period, and as broadly phrased without relevant and necessary limitation, is unduly burdensome, oppressive, and harassing. Plaintiffs also object to this request to the extent it seeks the production of documents that are publicly available and therefore as accessible to Defendants as they are Plaintiffs. In addition, Plaintiffs object that this request seeks information or documents that are neither relevant to the subject matter of this action nor proportional to the needs of the case, particularly, but not exclusively, because Plaintiffs are not contesting the official market values on which the taxes at issue are based.

Subject to and without waiving the foregoing objections, Plaintiffs refer defendants to access filings responsive to this request at the publicly available website here: https://www.sec.gov/edgar/browse/?CIK=1063761&owner=exclude. Further responding, subject to the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will perform a search of reasonable scope and produce non-privileged tax filings to the extent they exist and are within their possession, custody, or control for the tax years in dispute.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023. During the meet-and-confer on September 29, 2023, the parties discussed the fact that SEC filings are publicly available, but that neither Simon nor Fox Valley filed anything with the SEC because they are not publicly traded. The parties also agreed to treat Request Nos. 126 and 127 (which seeks similar information) collectively. During the meet-and-confer on October 16, 2023, counsel for the County Defendants stated that if Simon/Fox Valley are not publicly traded and did not file anything with the SEC, then the County Defendants would limit this Request to any SEC filings by nonparty Simon Property Group, Inc. that reference or relate to River Oaks Mall. During the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley confirmed that they would produce the SEC filings for Simon Property Group, Inc. that relate to River Oaks Mall as well as the filings with the IRS.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley have produced documents responsive to this Request. *See* RIVEROAKS_00030058-499, RIVEROAKS_00033931-34033, and RIVEROAKS_00034068-37738. Further, as stated in the General Objections and Reservations section, Simon/Fox Valley have withdrawn the General Objections contained herein, and Simon/Fox Valley withdraw the specific objections to this Request.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

127. Any and all Schedule K-1's for the plaintiff at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is not limited to the relevant time period, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly given that Plaintiffs are not contesting the official market values on which the taxes at issue are based. Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will produce only those Schedule K-1s relating to the subject property within their possession, custody, or control.

**SUPPLEMENTAL RESPONSE**: *See* Simon/Fox Valley's supplemental response to Request No. 126.

128. Any and all documents, electronic information or other materials relating to each and every mortgage and loan on the subject property at any point in time between January 1, 2002 and December 31, 2017.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that the use of "relating to" renders this request vague, ambiguous, oppressive, harassing, and such that the burden of responding exceeds any putative probative value. Plaintiffs further object that is unclear whether "any point in time" refers to (i) "documents, electronic information, or other materials," or to (ii) "every mortgage and loan." In addition, Plaintiffs object that this

request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values on which the taxes at issue are based.

Subject to and without waiving these objections, and pending the Court's ruling on Plaintiffs' pending motion to bar market-value discovery (ECF No. 214), Plaintiffs will perform a search of reasonable scope and produce non-privileged materials to the extent they exist and are within Plaintiffs' possession, custody, or control and are relevant to the claims and defenses in the case.

129. Any and all documents, electronic information or other materials sent to or received from a property manager for the subject property at any point in time between January 1, 2002 and December 31, 2017 relating to a lease, vacancy or the value of the subject property.

**RESPONSE**:  Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, particularly given that Plaintiffs are not contesting the official market values on which the taxes at issue are based. Plaintiffs further object that the use of "property manager" and "relating to" renders this request vague, ambiguous, oppressive, harassing, such that the burden of responding vastly exceeds the request's putative probative value.

**SUPPLEMENTAL RESPONSE**: The parties met and conferred regarding this Request on September 29, 2023, October 16, 2023, and December 28, 2023.

During the meet-and-confer on September 29, 2023, counsel for Simon/Fox Valley explained that, as written, this Request seeks every email sent to or by a property manager for 15 years "relating to a lease, vacancy or the value of the subject property," and asked whether the County Defendants would narrow this Request in any way. Counsel for the County Defendants acknowledged that the Request is extremely broad and that he understood Simon/Fox Valley's concern, and agreed to revert with the County Defendants' position. During the meet-and-confer on October 16, 2023, the County Defendants explained that their expert would limit the scope of Request No. 129 to "asset management reports," which are the same documents sought in Request No. 124. During the meet-and-confer on December 28, 2023, counsel for Simon/Fox Valley stated that Simon/Fox Valley do not possess any asset management reports.

Based on the foregoing, Simon/Fox Valley respond to this Request as follows: Simon/Fox Valley do not have any asset management reports in their possession, custody, or control.

Simon/Fox Valley reserve the right to supplement or amend this response through the time of trial.

130. A copy of any and all documents, electronic information or other materials that are referenced by plaintiff's counsel at any deposition in this case.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is premature, as no depositions have been taken yet in the federal proceedings, and Plaintiffs also object

to the request as seeking an itemization of material not required by the Federal Rules of Civil Procedure. Plaintiffs object to producing material already in Defendants possession, custody, and control. Subject to and without waiving these objections, Plaintiffs will produce any documents referenced by Plaintiffs' counsel at any deposition to the extent such documents were not already produced by Plaintiffs or Defendants in this litigation.

131.   Any and all documents, electronic information or other materials that plaintiff's counsel will mark as a deposition exhibit at least seven (7) days in advance of the deposition.  Production at the time of the deposition is insufficient.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request is premature. Plaintiffs also object to this request as seeking material in advance of depositions not required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs will supplement this response when depositions are taken in this case. At the time of those depositions, Defendants will be provided copies of any exhibits used, as was the case with the deposition of Alfonso Sarro, on December 1, 2021.

132.   Any and all document retention policies or procedures of the plaintiff in effect at any time from January 1, 2005 to the present.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Subject to and without waiving these objections, Plaintiffs have produced responsive documents, Bates-stamped SIMON0000011–32.

133. Any and all documents, electronic information or other materials requested in these defendants' interrogatories to plaintiffs.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs also object to this request as vague. Subject to and without waving the foregoing objections, Plaintiffs refer Defendants to Plaintiffs' responses to these Defendants' interrogatories.

134. Any and all documents, electronic information or other materials cited, identified or referenced in plaintiff's answers to any defendants' interrogatories.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object that this request seeks an itemization of material not required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs will produce documents referred to in Plaintiffs' answers to interrogatories to the extent those documents have not otherwise been produced in this litigation.

135. Any and all documents, exhibits or other materials plaintiff intends to display at trial.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as premature, because Plaintiffs have not completed their preparation for trial and have not determined what witnesses, documents, and other evidence it will or may introduce. Subject to and without waiving the forgoing objection, Plaintiffs intend to make pre-trial disclosures as required by Rule 26(a)(3)(B), Court order, or agreement of the parties.

136. Any and all documents, electronic information or other materials cited, identified or referenced in plaintiff's initial Rule 26 disclosure and any supplements to that disclosure, including but not limited to, "the documents and materials, including Ratio Study Reports, Market Value Materials, and other relevant materials," cited in the Rule 26(a)(1) Initial Disclosures of Plaintiffs, dated January 29, 2021.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs object to this request as seeking production of materials already in Defendants possession, custody, and control, or which is as accessible to Plaintiffs as it is Defendants. Plaintiffs object to this request as duplicative of Plaintiffs' initial disclosures, and refer Defendants to Plaintiffs' Second Amended Rule 26(a) disclosures, dated November 12, 2021.

137. Any and all documents, electronic information or other materials the plaintiff will use to establish the level of assessment for any year.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object to this request as premature, and reserve the right to supplement this response as Plaintiffs' investigation of its claims continues. In addition, Plaintiffs object to this request as duplicative of other discovery requests, including but not limited to Requests Nos. 1–66 above, and Plaintiffs fully incorporate the answers to those requests as if fully set forth herein, as Plaintiffs already produced documents to Defendants that are responsive to this request. Further responding, the Assessor produced documents CCAO-RO-000001 – CCAORO-001535, CCAO000001 – CCAO0135250, CCAO0135251 – CCAO0135466, CWCAM_00001 – CWCAM_005793, FedCCAO000001 – FedCCAO000055, FedCCAO000056 –

FedCCAO009390, CCWH0000001 − CCWH0017886, FOIA000001 − FOIA101709

that are available to all Defendants, some of which may be responsive to this request.

138. All documents, information and communications exchanged between REAC and any attorney or employee of O'Keefe Lyons & Hynes regarding the sales of properties to be used in preparing each of the following:

(a) the 2019 preliminary analysis report; and

(b) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks material protected from disclosure, including by the attorney client privilege, or the attorney work-product doctrine. Further responding, Plaintiffs state that they do not possess additional material responsive to this request.

139. All documents, information and communications exchanged between Dr. McMillen and any attorney or employee of O'Keefe Lyons & Hynes regarding the sales of properties to be used in preparing each of the following:

(a) the 2019 preliminary analysis report; and

(b) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks material protected from disclosure, including by the attorney client privilege, or the attorney work-product doctrine. Further responding, Plaintiffs state that they do not possess additional material responsive to this request.

140. All documents, information and communications exchanged between Dr. McMillen and REAC regarding the sales of properties to be used in preparing each of the following:

(a) the 2019 preliminary analysis report; and

(b) the 2020 study.

**RESPONSE**: Plaintiffs incorporate all General Objections and Reservations stated above. Plaintiffs further object that this request seeks material protected from disclosure, including by the attorney client privilege, or the attorney work-product doctrine. Further responding, Plaintiffs state that they do not possess additional material responsive to this request.

**SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents:

- FedPltfs017473–74
- FedPltfs020362–66
- FedPltfs023646–50
- FedPltfs007672–88
- FedPltfs008116–259

**SECOND SUPPLEMENTED RESPONSE**: Plaintiffs have already produced all materials responsive to this request, such that none have been withheld, and object to Defendants' demand that Plaintiffs identify with further particularity such documents by Bates-label range—much less create documents that do not exist—as improper, unduly burdensome, and far exceeding the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Without waiving the foregoing objections, and instead in an attempt to accommodate the agreement facilitated by the Special Master and finalized on April 26, 2023, Plaintiffs identify the following documents:

- FedPltfs017473–74

- FedPltfs020362–66

- FedPltfs023646–50

- FedPltfs007672–88

- FedPltfs008116–259

Dated: February 8, 2025       *s/ Paul H. Tzur*
Paul H. Tzur
Andrew Schrag
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776-2600
Paul.Tzur@BlankRome.com
Andy.Schrag@BlankRome.com

James T. Smith
Samuel M. Ventresca
BLANK ROME LLP
One Logan Square

130 North 18th Street
Philadelphia, Pennsylvania 19103
(215) 569-5500
Jim.Smith@BlankRome.com
Samuel.Ventresca@BlankRome.com

*Attorneys for Plaintiffs*
  *Fox Valley/River Oaks Partnership and*
  *Simon Property Group (Delaware), Inc.*

# CERTIFICATE OF SERVICE

I, Samuel M. Ventresca, hereby certify that on February 8, 2025, I caused a true and correct copy of the foregoing *Plaintiffs Fox Valley/River Oaks Partnership and Simon Property Group (Delaware), Inc.'s Seventh Supplemental Responses to Defendants Maria Pappas and County of Cook's First Request for Production of Documents* to be served on all counsel of record via email.

*s/ Samuel M. Ventresca*

Samuel M. Ventresca