

444 West Lake Street | Suite 1650 | Chicago, IL 60606

| *Phone:* | *(312) 776-2521* |
| *Fax:* | *(312) 264-2461* |
| *Email:* | *andy.schrag@blankrome.com* |

July 21, 2025

**VIA EMAIL**
Daniel J. Cozzi
Romteen Bahramirad
Brittany C. Dushman
Edwin Tripp Burton
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
dcozzi@smbtrials.com
rbahramirad@smbtrials.com
bdushman@smbtrials.com
eburton@smbtrials.com

> **RE:** ***A.F. Moore & Assocs., Inc. et al. v. Pappas et al.,***
> **No. 18 CV 4888**

Dear Counsel:

We write on behalf of Plaintiffs Fox Valley/River Oaks Partnership and Simon Property Group (Delaware), Inc. (collectively, "Plaintiffs") in response to your letter dated July 3, 2025, sent on behalf of Defendants Maria Pappas and County of Cook (collectively, the "County Defendants"), which requests the production of 19 categories of documents following the deposition of Juan Paz. We responded to this letter by email on July 11, and then met and conferred about the letter on July 15. As we stated during our July 15 meet-and-confer, we will work cooperatively with you to respond to discovery and resolve any disputes—including, within reason, by supplementing Plaintiffs' document production by searching for specific documents discussed during depositions.

However, as we noted during our meet-and-confer, we do not believe that the majority of these requests fall within any of the 201 timely requests for production ("RFPs") that Defendants collectively served in this case. We have asked repeatedly for you to provide us with a written list of which RFPs the County Defendants contend apply to each of the July 3 requests, and you have not done so—instead taking the position that the taking of depositions allows you to seek supplemental documents that you learn about in those depositions. We strongly disagree with your statement

that "Plaintiffs' failure to produce these relevant materials violates Rule 26 and 34," because Defendants have never before sought most of these documents and Plaintiffs therefore have been under no obligation to search for or produce them. (July 3 Ltr. at 3.)

That said, in a good-faith effort to avoid disputes and work cooperatively in discovery, we respond to each of the July 3 requests as follows, with our numbering corresponding to the numbering in your July 3 letter:

1. You requested documents "related to Simon's corporate policy regarding email retention," and during the July 15 meet-and-confer clarified that you are seeking only a copy of any separate email retention policy that Plaintiffs have had in addition to the document retention policy already produced. You asked us to confirm whether or not such a separate policy exists; we have confirmed with Plaintiffs that there is no such separate policy.

2. You requested Mr. Paz's handwritten notes taken during his deposition preparation. As stated during the meet-and-confer, these notes were Mr. Paz's contemporaneous recording of advice from and questions for counsel during deposition preparation, not notes he reviewed to assist his testimony or help him recall facts, and as such they are privileged and not subject to disclosure. *See Ryan Six v. IQ Data Int'l, Inc.*, 2025 U.S. App. LEXIS 4167 (9th Cir. Feb. 24, 2025) (affirming denial of motion to compel production of deposition preparation notes).

3. You requested documents "reflecting the valuation of the River Oaks Mall," to the extent that they have not already been produced. During the July 15 meet-and-confer, you indicated that your primary concern was whether all potential data sources had been searched in response to your RFPs and previous follow-up requests. We have confirmed with Plaintiffs that all sources that could reasonably be expected to contain any information regarding the market value (as defined in Code of Ord. Ch. 74 Sec. 74-62) of the River Oaks Mall have been searched. Plaintiffs are conducting follow-up searches for hard-copy documents and will advise if any are located.

4. You requested data prepared by Karen Couch regarding River Oaks Mall, as described by Mr. Paz in his deposition. We have confirmed with Plaintiffs that the data in question consists of "Pending Appeals" tables, which are addressed in No. 19 below.

5.      At the July 15 meet-and-confer, you clarified that this request seeks any training materials or binders used by Plaintiffs' property tax group. Plaintiffs are searching for any such documents and will produce any such materials or binders that are located.

6.      You requested "documents identifying" the individuals in Plaintiffs' "Payment Services Department responsible for handling River Oaks Mall." During the July 15 meet-and-confer, you clarified that you are asking for the identities of the personnel responsible for issuing property tax refunds to tenants. We have confirmed that there is no "Payment Services Department" at Simon; refunds to tenants were issued by the Treasury group at Simon, and Plaintiffs are in the process of identifying the name(s) of Simon's Treasurer(s) during the applicable time period.

7.      You requested "meeting agendas and minutes" from Plaintiffs' property tax department. We have confirmed with Plaintiffs that no meeting minutes were ever kept. Plaintiffs are searching for any meeting agendas that have been retained and agree to produce any that are located.

8.      You requested "all responsive documents," which we take to mean documents responsive to Defendants' RFPs, from various electronic sources. We have confirmed with Plaintiffs that all the listed electronic sources have already been searched, with the exception of OneSource. OneSource contains the "Real Estate Tax Transmittal" reports discussed below in No. 16, and as discussed below, Plaintiffs agree to produce annual Real Estate Tax Transmittal reports for the tax years at issue in response to this request.

9.      You requested the litigation hold letter Mr. Paz received from in-house counsel. This document is plainly privileged based on your own description, and will not be produced. *E.g.*, *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) (litigation hold notices were "communications of legal advice from corporate counsel to corporate employees regarding document preservation" and therefore on their face "appear to be privileged material").

10.     You requested "all responsive documents," which we take to mean documents responsive to Defendants' RFPs, from hard copy storage facilities. Plaintiffs are confirming (a) what hard copy storage facilities have already been searched, and (b) whether any additional responsive documents are reasonably likely to be located in facilities that have not been searched. We will promptly advise you of the results of that investigation.

11.     You requested "all responsive documents," which we take to mean documents responsive to Defendants' RFPs, from various emails programs. We have confirmed with Plaintiffs that all email programs with potentially responsive documents have been searched.

12.     You requested "all communications with tenants regarding tax appeals pertaining to River Oak Mall from 2005 to 2017," and during the July 15 meet-and-confer clarified that you are asking Plaintiffs to search the communications of a "point person" or persons responsible for such communications. We have inquired with Plaintiffs, and there were no such "point persons." As such, responding to this request—which is an entirely new request, following the close of written discovery—would require extensive, exhaustive searches of every River Oaks tenant's lease file for a thirteen-year period. Moreover, the only information likely to be found would be about the amounts of refunds received (which is public information amply known to Defendants) and paid to tenants. In light of the cumulative and irrelevant nature of this information, responding to this untimely request would be unduly burdensome and not likely to result in the identification of additional relevant evidence.

13.     You requested "all reports reflecting property tax savings or refunds for River Oaks Mall." Although this information is public and readily available to Defendants, Plaintiffs agree to search for reports summarizing this information and will produce any such reports to the extent they have not already been produced.

14.     You requested all "lease accounting transmittals to tenants contributing to real estate taxes" at the River Oaks Mall. After conferring with Plaintiffs on this issue, we now understand that responding would, similar to No. 12 above, require unduly burdensome searches of lease files for a thirteen-year period and is unlikely to result in the identification of additional relevant evidence.

15.     You requested "all documents and electronic information related to" certain presentations made by Plaintiffs to the Assessor's office, and during the July 15 meet-and-confer, clarified that you are seeking copies of the presentation materials. Plaintiffs have agreed to search for them and we will produce any such materials to the extent they have not already been produced.

16.     You requested copies of "real estate tax transmittal reports" for the relevant tax years. Plaintiffs agree to produce annual real estate tax transmittal reports for each of the relevant tax years.

17.     You requested the most recent resume of Mr. Paz. Plaintiffs have asked Mr. Paz to provide it, and he has agreed to do so, so we will produce this document.

18.     You requested documents related to River Oaks Mall property tax appeals from 2005 to 2009 that were "in the possession of Lisa Clements" and were "subsequently provided to Juan Paz." We have confirmed that Plaintiffs are aware of no such documents that have not already been produced.

19.     You requested "all tables and reports referenced" during Mr. Paz's July 1 deposition, and clarified during the July 15 meet-and-confer that you are seeking the "Pending Appeals" tables. Plaintiffs have agreed to search for Pending Appeals tables, and we will produce them to the extent they have not already been produced, again with nonresponsive information regarding other properties redacted as we have done with the Pending Appeals reports already produced.

In addition, you inquired during the meet-and-confer on July 15 about Board of Review "file jackets." The O'Keefe firm has searched its files and located documents responsive to this request, which we will produce this week.

We emphasize again that written discovery is closed, and all of the foregoing represents good-faith efforts by Plaintiffs to satisfy the County Defendants' informal requests for supplemental documents following the close of written discovery—rather than supplemental productions in response to any timely RFPs. Plaintiffs do not waive any objections to the admissibility (including relevance) of any additional documents to be produced, and reserve the right to object to any further requests of this nature by Defendants as untimely.

Very truly yours,

*/s/ Andrew Schrag*

Andrew Schrag

cc:     All counsel of record