**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| A.F. Moore & Associates, Inc., et al., | No. 1: 18-cv-04888 |
| Plaintiffs, | Judge John J. Tharp, Jr. |
| v. | Magistrate Judge Daniel P. McLaughlin |
| Maria Pappas, Cook County Treasurer and Ex Officio County Collector, Fritz Kaegi, Cook County Assessor, and the County of Cook, | |
| Defendants. | |

**AMENDED NOTICE OF RULE 30(b)(6) VIDEORECORDED DEPOSITION**

TO:    Paul H. Tzur                                          cc:    All Counsel of Record
        Andy Schrag
        Blank Rome LLP
        444 W. Lake Street, Suite 1650
        Chicago, IL 60606
        paul.tzur@blankrome.com
        andy.schrag@blankrome.com

You are hereby notified that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for defendant Fritz Kaegi, Cook County Assessor, Maria Pappas, Cook County Treasurer and Ex Officio County Collector, and the County of Cook will take the videorecorded deposition by oral questions of **Simon Property Group (Delaware), Inc.** and **Fox Valley/River Oaks Partnership** through one or more of their officers, partners, managing agents or other persons who consent to testify on their behalf and who are most knowledgeable with respect to the deposition topics set forth in Exhibit A to this notice.

This deposition will be recorded by audiovisual and stenographic means and will take place upon oral examination before a notary public or any other duly authorized officer at Hinshaw & Culbertson, LLP, 151 N. Franklin St., Suite 2500, Chicago, IL 60606, on **July 17, 2025**, beginning at **9:00 a.m.** Alternatively, this deposition may proceed on a date and time as may be agreed to by counsel for all parties or as ordered by the Court.

Daniel J. Cozzi (ARDC# 6303107)
Romteen Bahramirad  (ARDC# 6345462)
Brittany C. Dushman (ARDC #6349022)
E. Tripp Burton (ARDC #6348840)

SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
*Attorneys for Defendants*,
Cook County Treasurer, Maria Pappas,
and the County of Cook

*/s/ Katherine G. Schnake*
Steven M. Puiszis
spuiszis@hinshawlaw.com
Katherine G. Schnake
kschnake@hinshawlaw.com
Matthew L. Pagano
mpagano@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin, Suite 2500
Chicago, IL 60606
Tel:  312-704-3000
Fax:  312-704-3001
*Attorneys for Defendant*,
Cook County Assessor

2

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" and "documents" shall have the broadest meaning ascribed to them by Rule 34 of the Federal Rules of Civil Procedure.  The terms include, without limitation, all writings, drawings, graphs, charts, electronic information, spreadsheets, photographs, recordings and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form and all SMS text messages, MMS messages, iMessages, iChat messages, social media, online messaging (Slack, Skype, Teams, WhatsApp, Signal or other messaging applications), correspondence, letters, papers, books, records, emails, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, workpapers, transcripts, depositions, minutes, reports and recordings of telephone or other conversations, interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing, however denominated.

2.      "Person(s)" shall mean all individuals and entities, including without limitation, all natural persons, companies, partnerships, joint ventures, corporations, associations, groups, government agencies, trusts and estates, predecessors and successors in interest, present or former divisions, subsidiaries and affiliates and present or former directors, officers, executives, trustees, employees, principals or agents, attorneys, representatives and other persons acting or purporting to act on such person's behalf.

3.      For purposes of this notice of deposition and topic rider, references to "the property commonly known as River Oaks Mall," "the property located at 159th Street and Torrence Avenue, Calumet City, Illinois," "the subject property" or "the property" shall all mean the property at issue in the plaintiffs' third amended complaint in this matter, as described by the plaintiffs in Paragraph 11(d) thereof, and which is identified by one or more or all of the following property index numbers:

30-19-100-128-0000
30-19-300-006-0000
30-19-100-135-0000

4.      The term "date" means the exact day, month and year, if ascertainable, or if not, the best approximation.

5.      In accordance with Fed. R. Civ. P. 30(b)(6), the plaintiffs are advised of their duty to designate one or more of its officers, directors or other persons to testify on plaintiffs' behalf with respect to the topics listed below.  At least 14 days in advance of the date of each Rule 30(b)(6) deposition, the plaintiff should provide written designation of the name(s) and position(s) of the person(s) designated to testify regarding each topic.

6.      The plaintiffs must also produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for each Rule 30(b)(6) deposition, except those documents already produced in response to the discovery requests, which should be identified by production number.  This production and document identification should occur at least seven days before the deposition of the Rule 30(b)(6) witness to which the documents apply.

## **EXHIBIT A – Topic Rider**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the following topics are designated as the subject matter on which deposition examination is to be conducted and concerning which designation is requested.

1.  The size, age, condition and use of the property commonly known as River Oaks Mall from January 1, 2003 to December 31, 2015.

2.  The nature and cost of any improvements to the property commonly known as River Oaks Mall, and any related investment capital, capital expenditures and financing between January 1, 2003 and December 31, 2015.

3.  The existence of and nature of any lease of the property commonly known as River Oaks Mall, in whole or in part, between January 1, 2003 and December 31, 2015, including but not limited to: rental rates; the nature and number of rental space/property/units; and the identities of the parties to any lease and their relationship (other than landlord and tenant or lessor and lessee).

4.  The existence of any vacancy of the property commonly known as River Oaks Mall, in whole or in part, between January 1, 2003 and December 31, 2015, including but not limited to: the duration of each vacancy; the reasons for each vacancy; the attempts made to lease any vacant space; and the reasons no attempt to rent a vacant space was made.

5.  Any and all sales of, transfers of ownership and offers to sell or purchase the property located at 159th Street and Torrence Avenue, Calumet City, Illinois between January 1, 2003 and December 31, 2017, including, but not limited to: the sale referenced in Paragraph 44(c) of plaintiffs' amended complaint (Dkt. No. 124) in this matter; the identities of the buyers and sellers or transferors and transferees; the relationship between them (other than buyer and seller or transferor and transferee); the financing involved in any sale or transfer of ownership; and the events leading upon to the sale or transfer, including broker listings, negotiations, length of time on the market and reasons for the sale.

6.  Any and all mortgages and loans on the subject property applied for, obtained or in effect at any time between January 1, 2003 and December 31, 2015.

7.  Any and all tax objection complaints filed, litigation and appeals pursued with the Cook County Assessor's Office, the Board of Review, before the Property Tax Appeal Board, in the Circuit Court of Cook County and in the United States District Court for the Northern District of Illinois related to the property taxes for the property commonly known as River

4

Oaks Mall for tax years 2003 through 2015, including but not limited to the following: plaintiffs' involvement in the *In re: Level of Assessment* litigation in the Circuit Court of Cook County; developments during that litigation; the bases for challenging the subject property's taxes; plaintiffs' involvement and participation in any hearing before the Board of Review or Property Tax Appeal Board; the outcome of any challenge/dispute/litigation/appeal/hearing/administrative review related to the property taxes for the subject property; and the settlement of any challenge/dispute/litigation/appeal/administrative review, including the identities of the parties to the settlement(s) and the amount of the settlements.

8. Any and all actions taken with respect to appeals, reviews, re-reviews, meetings and hearings before the Cook County Board of Review for matters relating to the property taxes for the property commonly known as River Oaks Mall for tax years 2003 through 2015, including but not limited to: communications with the Board of Review; signatories to owner-lessee attorney verification forms; retention, imaging and viewing of file jackets, notes and file materials from by the Board of Review; and any meetings with Board of Review personnel.

9. The subject matter of any and all meetings between the plaintiffs (or plaintiffs' authorized representatives) and the Cook County Assessor's Office between 2003 and 2015, related in any way to River Oaks Mall.

10. The decision to appeal the Cook County Assessor's property tax assessment for the subject property from 2005 to 2014.

11. Any and all appraisals, valuations, fairness opinions and any estimates of the value of the property commonly known as River Oaks Mall performed between January 1, 2003 and December 31, 2015, including but not limited to the appraisals of the subject property referenced in Paragraph 44(c) of plaintiffs' first amended complaint (Dkt. No. 124) in this matter.

12. Compliance with Simon Property Group (Delaware), Inc.'s reporting obligations to the Securities and Exchange Commission ("the SEC") between January 1, 2003 and December 31, 2015, including but not limited to: all documents and correspondence exchanged between Simon Property Group (Delaware), Inc. and the SEC; all filings with and disclosures made to the SEC; disclosure of assets and liabilities to the SEC; any enforcement action taken or threat to pursuit an enforcement action made by the SEC against Simon Property Group (Delaware), Inc.; any penalties, bars or trading suspensions imposed by the SEC on Simon Property Group (Delaware), Inc.; any monetary or non-monetary relief ordered by the SEC; and any legal action, including litigation, pursued by the SEC against Simon Property Group (Delaware), Inc.

13. Simon Property Group (Delaware) Inc.'s net asset valuation and any similar valuation of its properties, including but not limited to the River Oaks Mall property, for 2003 through 2015.

14. Information relating to River Oaks Mall contained in Simon Property Group (Delaware), Inc.'s balance sheets from January 1, 2003 to December 31, 2015.

15. Simon Property Group (Delaware), Inc.'s spin-off of Washington Prime Group in 2014.

16. Simon Property Group (Delaware), Inc.'s transfer of the property to Washington Prime Group.

17. Any and all communications, including meetings and written communications, between the plaintiffs (and any of their affiliates) and representatives and an official or representative of Calumet City relating to the property.

18. How Simon Property Group (Delaware), Inc. and third parties it hired valued the property commonly known as River Oaks Mall between 2003 and 2015, including but not limited to the processes and procedures used, the factors considered, and any internal or external appraisals, reports or analyses prepared or relied on in connection with such valuations, the role of any third party consultants, assessors or internal departments involved, any documentation maintained reflecting or supporting such valuations, any changes in methodology or approach over time, and how such valuations were communicated to external organizations and authorities or used for financial reporting, SEC filing or for loan-related purposes.

19. Property taxes for the property commonly known as River Oaks Mall for the tax years between 2003 and 2015, which includes but is not limited to: the tax amounts billed; payment or non-payment of the billed property taxes, in whole or in part; the dates on which the property tax bills were received by Simon Property Group (Delaware) and, if applicable, paid; the identity of the individual and entity who paid the property taxes and that individual's and entity's relationship to the subject property; the final assessed values of the subject property for the relevant period; the fair market values of the subject property for the relevant period; receipt of any tax refund, whether in whole or in part; disputes related to the property taxes and the outcome, including any appeals filed to the Cook County Assessor, Board of Review and any judicial body.

20. Communications regarding property taxes for the property commonly known as River Oaks Mall, including the assessment levels and equalization of the value of the subject property, for tax years 2003 to 2015, that Simon Property Group (Delaware), Inc. had or any of its agents, employees, representatives, accountants or lawyers had with the Cook County Assessor's Office, the Cook County Treasurer's Office, any member or former member of the Cook County Board of Review, any member or former member of the Property Tax Appeal Board and the Illinois Department of Revenue.

21. The actions taken by Simon Property Group (Delaware), Inc. to identify, search and obtain production documents, materials and other information requested by the defendants in written discovery requests to the plaintiffs in this matter.

22. The documents, communications and materials references or listed on Simon Property Group (Delaware), Inc.'s amended privilege log in this case, including but not limited to: the general subject matter, authors, recipients, date(s) of creation, custodians and the

factual circumstances under which such documents were created, received, stored or transmitted; the existence of any copies, drafts, attachments or related documents and any facts regarding the chain of custody, storage or transfer of such documents, communications and materials.

23. Simon Property Group (Delaware), Inc.'s custom, practice, policy and procedure for maintaining, retaining, backing up, archiving, deleting and destroying the type of documents and records, including electronically stored information such as e-mail correspondence, requested by defendants in written discovery to the plaintiffs in this matter.

24. Plaintiffs' and their agents' determination of the fair market value of the property commonly known as the River Oaks Mall from January 1, 2003 to December 31, 2015.

25. Plaintiffs' storage of paper and electronic information about the fair market value of River Oaks Mall from 2023 to 2015.

26. The processes, methodologies and results of any and all appraisals, assessments or valuations of River Oaks Mall conducted or obtained by or on behalf of Simon Property Group (Delaware), Inc. at any time between January 1, 2003 and December 31, 2015, including the purpose of such valuations, the individuals or entities involved, and how such valuations were used or relied upon in the organization's operations or decision-making, including but not limited to those identified in Bates numbers:

    a. RIVEROAKS_00037739; RIVEROAKS_00037747; RIVEROAKS_00037752; RIVEROAKS_00037771; RIVEROAKS_00037783; RIVEROAKS_00037842; RIVEROAKS_00037843; RIVEROAKS_00037873; RIVEROAKS_00037874; RIVEROAKS_00037890; RIVEROAKS_00037891; RIVEROAKS_00039425; RIVEROAKS_00039432-37; RIVEROAKS_00039441-42; RIVEROAKS_00039447-49; RIVEROAKS_00039451-65; RIVEROAKS_00039473-74; RIVEROAKS_00039476-84; RIVEROAKS_00039491-94; RIVEROAKS_00039497-507; RIVEROAKS_00039513-29; RIVEROAKS_00039533; RIVEROAKS_00039534; RIVEROAKS_00039535-37; RIVEROAKS_00039540-45; RIVEROAKS_00039546-52; RIVEROAKS_00039558-81; RIVEROAKS_00039582-92; RIVEROAKS_00039601-09; RIVEROAKS_00039671-92; RIVEROAKS_00039693-94; RIVEROAKS_00039701-03; RIVEROAKS_00039704; RIVEROAKS_00039705; RIVEROAKS_00039714; RIVEROAKS_00039738-47; RIVEROAKS_00039751-54; RIVEROAKS_00039767-73; RIVEROAKS_00039781-84; RIVEROAKS_00039794-95; RIVEROAKS_00039797-809; RIVEROAKS_00039820-31; RIVEROAKS_00039840-64; RIVEROAKS_00039865-89; RIVEROAKS_00039900-03; RIVEROAKS_00039911-14; RIVEROAKS_00039920-27; RIVEROAKS_00039931-33; RIVEROAKS_00039936-43; RIVEROAKS_00039948-51; RIVEROAKS_00039957-64;

RIVEROAKS_00039969-76;                          RIVEROAKS_00039980-83;
RIVEROAKS_00040003-07;                              RIVEROAKS_00040009;
RIVEROAKS_00040031-42;                          RIVEROAKS_00040047-72;
RIVEROAKS_00040076-80;                          RIVEROAKS_00040086-94;
RIVEROAKS_00040099-101;                       RIVEROAKS_00040104-111;
RIVEROAKS_00040120-21;                              RIVEROAKS_00040122;
RIVEROAKS_00040136-37;                          RIVEROAKS_00040139-51;
RIVEROAKS_00040165-67;                          RIVEROAKS_00040169-83;
RIVEROAKS_00040190-96;                          RIVEROAKS_00040200-08;
RIVEROAKS_00040218-29;                          RIVEROAKS_00040238-41;
RIVEROAKS_00040242;                             RIVEROAKS_00040244-46;
RIVEROAKS_00040253-61;                          RIVEROAKS_00040263-71;
RIVEROAKS_00040287-91;                        RIVEROAKS_00040297-309;
RIVEROAKS_00040310-11;                          RIVEROAKS_00040312-16;
RIVEROAKS_00040339-42;                          RIVEROAKS_00040344-61;
RIVEROAKS_00040368;  RIVEROAKS_00040369;  RIVEROAKS_00040370;
RIVEROAKS_00040371;                             RIVEROAKS_00040376-77;
RIVEROAKS_00040378-83;                          RIVEROAKS_00040391-96;
RIVEROAKS_00040397-98;                          RIVEROAKS_00040403-06;
RIVEROAKS_00040407-14;                          RIVEROAKS_00040597-99;
RIVEROAKS_00040600;  RIVEROAKS_00040608;  RIVEROAKS_00040616;
RIVEROAKS_00040621-24;                          RIVEROAKS_00040627-37;
RIVEROAKS_00040652-54;                          RIVEROAKS_00040673-79;
RIVEROAKS_00040688-702;                         RIVEROAKS_00040703-17;
RIVEROAKS_00040734-35;                          RIVEROAKS_00040748-50;
RIVEROAKS_00040758-61;                          RIVEROAKS_00040764-73;
RIVEROAKS_00040778-810;                            RIVEROAKS_00040815;
RIVEROAKS_00040816;                             RIVEROAKS_00040903-07;
RIVEROAKS_00040908;                             RIVEROAKS_00040911-13;
RIVEROAKS_00040947-71;                          RIVEROAKS_00040972-75;
RIVEROAKS_00040976;                             RIVEROAKS_00040980-87;
RIVEROAKS_00040991-94;                        RIVEROAKS_00040998-1026;
RIVEROAKS_00041037-47;                          RIVEROAKS_00041060-64;
RIVEROAKS_00041067-78;                        RIVEROAKS_00041086-118;
RIVEROAKS_00041122-25;                          RIVEROAKS_00041128-37;
RIVEROAKS_00041147-58;                          RIVEROAKS_00041168-69;
RIVEROAKS_00041170-74;                          RIVEROAKS_00041182-86;
RIVEROAKS_00041192-200;                         RIVEROAKS_00041207-11;
RIVEROAKS_00041224;  RIVEROAKS_00041225;  RIVEROAKS_00041236-
37;            RIVEROAKS_00041238-42;              RIVEROAKS_00041244;
RIVEROAKS_00041250-51;                             RIVEROAKS_00041252;
RIVEROAKS_00041253;                             RIVEROAKS_00041263-64;
RIVEROAKS_00041265-75;                          RIVEROAKS_00041456-59;
RIVEROAKS_00041465-72;                          RIVEROAKS_00041479-95;
RIVEROAKS_00041510-12;                          RIVEROAKS_00041532-36;
RIVEROAKS_00041584-86;                        RIVEROAKS_00041594-1601;

RIVEROAKS_00041604-08; RIVEROAKS_00041654-56;
RIVEROAKS_00041657-58; RIVEROAKS_00041692-95;
RIVEROAKS_00041696-98; RIVEROAKS_00041703;
RIVEROAKS_00041826-27; RIVEROAKS_00041828-29;
RIVEROAKS_00041832-35; RIVEROAKS_00041879-81;
RIVEROAKS_00041883-97; RIVEROAKS_00041902-04;
RIVEROAKS_00041925-26; RIVEROAKS_00041927-30;
RIVEROAKS_00041937-39; RIVEROAKS_00041940-42;
RIVEROAKS_00041943; RIVEROAKS_00041944-45;
RIVEROAKS_00041980; RIVEROAKS_00042036-37;
RIVEROAKS_00042041-51; RIVEROAKS_00042087-96;
RIVEROAKS_00042113; RIVEROAKS_00042114; RIVEROAKS_00042115-16; RIVEROAKS_00042239-41; RIVEROAKS_00042242;
RIVEROAKS_00042265; RIVEROAKS_00042266; RIVEROAKS_00042319-25; RIVEROAKS_00042358-60; RIVEROAKS_00042361;
RIVEROAKS_00042384-87; RIVEROAKS_00042388;
RIVEROAKS_00042389-91; RIVEROAKS_00042392;
RIVEROAKS_00042634-36; RIVEROAKS_00042671;
RIVEROAKS_00042672; RIVEROAKS_00042713-15; and
RIVEROAKS_00042721-22.

27. Plaintiffs' preparation, analysis and use of any projections, forecasts, budgets or estimates of property tax expenses for River Oaks Mall for the period from January 1, 2003 through December 31, 2015, including the methodologies used, assumptions made, individuals or entities involved in preparing such projections, the storage of this data and the role such projections played in financial planning, reporting and decision-making, including but not limited to any materials identified by the following Bates numbers:

   a. RIVEROAKS_00042761; RIVEROAKS_00042762; RIVEROAKS_00042763; RIVEROAKS_00042764-76; RIVEROAKS_00042777; RIVEROAKS_00042778; RIVEROAKS_00042779; RIVEROAKS_00042780-97; FedPltfs014658–792; FedPltfs014847–014910; FedPltfs015038–165; FedPltfs0015311–435; FedPltfs015488–524; FedPltfs015591–771; FedPltfs015906–68; FedPltfs016153–220; and FedPltfs016384–426.

28. Plaintiffs' policies, procedures, rules, guidelines and standards relating to property tax appeals from 2003 to 2015.

29. Plaintiffs' policies, procedures, rules, guidelines and standards regarding determining the fair market value of a property from 2003 to 2015.

30. Plaintiffs' reports to shareholders referencing River Oaks Mall from 2003 to 2015.

31. The purpose, duties, responsibilities, rules, funding, guidelines, standards, policies, procedures and practices of Property Tax Management, LLC from 2003 to 2015.

32. All income and expense information for River Oaks Mall from 2003 to 2015.

33. The corporate structure, including but not limited to, articles of organization, bylaws and decision-making authority, of the plaintiffs.

34. The formation and, from 2003 to the present, the day-to-day operations of the plaintiffs.

35. The income generated by the plaintiffs, as identified in Simon Property Group's 8-K, 10-Q and 10-K filings and, more specifically, any data in those filings related to the property known as the River Oaks Mall.

36. Plaintiffs' accounting and numeric methodology for calculating revenue, income, expenses, assets, liabilities, profit and revenue losses from 2003 to 2015.

37. Plaintiffs' filing of tax grievances, and reasons for filing or not filing same, for any of its properties, with any village, town, city and municipality in Cook County from 2003 to 2015.

38. The factual bases for the allegations and claims in plaintiffs' third amended complaint.

39. Plaintiffs' answers to written discovery in this case.

40. Plaintiffs' responses to requests to admit in this case.

41. Any and all property tax managers, tax analysts, tax evaluators and any other individuals affiliated with the plaintiffs who performed any work related to property taxes on River Oaks Mall from 2003 to 2015.

42. The relationship between Simon Property Group (Delaware), Inc. and Fox Valley/River Oaks Partnership from 2003 to 2015.

43. All of plaintiffs' communications regarding property taxes on River Oaks Mall from 2003 to 2015.

44. Plaintiffs' revenue, expenses, assets and liabilities from 2003 to 2015.

45. Any and all communications between Simon Property Group and the Cook County Assessor's Office from 2003 to 2016.

46. Any and all communications between Simon Property Group and the Board of Review from 2003 to 2016.

47. The training provided to Property Tax Management, LLC employees and personnel from 2003 to 2015.

48. Plaintiffs' financial and other reporting regarding the market value of its properties, including the River Oaks Mall, from 2003 to 2015.

49. Financial, auditing and accounting services provided by Ernst & Young related to River Oaks Mall.

50. River Oaks__00041253.

51. The amount of revenue generated and reported by the plaintiffs each year since 2005.

52. Whether, as of the date of this deposition, the plaintiffs have received complete discovery responses from the defendants and have had an opportunity to depose any witnesses pertaining to the property taxes on River Oaks Mall from 2005 to 2014, and if not, plaintiffs' explanation of what additional discovery the plaintiffs believe needs to be produced.

53. The legal fees and costs incurred by the plaintiffs to date in the above-captioned federal litigation and any related state court litigation.

54. Plaintiffs' relationship with REAC and Michael Kelly, including the number and type of matters on which the plaintiffs or any of their affiliated entities have engaged REAC or Michael Kelly, or any entity employing either of them.

55. Plaintiffs' relationship with Dr. Daniel McMillen, including the number and type of matters on which the plaintiffs or any of their affiliated entities have engaged Dr. Daniel McMillen, or any entity employing him.

56. Plaintiffs' process of collecting responsive documents in this litigation.

In addition, the person designated to so testify on behalf of the plaintiffs is requested to produce on or before the scheduled deposition at the office of defendants' attorneys at the address set forth above, all documents bearing upon the subject matters listed above which are either in the personal possession, custody or control of the person designated or any of his or her agents or representatives, unless already produced.