

444 West Lake Street | Suite 1650 | Chicago, IL 60606

*Phone:* **(312) 776-2521**

*Fax:* **(312) 264-2461**

*Email:* **andy.schrag@blankrome.com**

October 3, 2025

**VIA EMAIL**

Daniel J. Cozzi
Brittany C. Dushman
Edwin Tripp Burton
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
dcozzi@smbtrials.com
bdushman@smbtrials.com
eburton@smbtrials.com

Katherine G. Schnake
Matthew L. Pagano
Hinshaw & Culbertson LLP
151 North Franklin, Suite 2500
Chicago, IL 60606
kschnake@hinshawlaw.com
mpagano@hinshawlaw.com

> **RE:** ***A.F. Moore & Assocs., Inc. et al. v. Pappas et al.,***
> **No. 18 CV 4888**

Dear Counsel:

We write on behalf of Plaintiffs Fox Valley/River Oaks Partnership and Simon Property Group (Delaware), Inc. (collectively, "Plaintiffs") to follow up on the parties' multiple meet-and-confers regarding Defendants' Amended Notice of Rule 30(b)(6) Videorecorded Deposition ("Defendants' 30(b)(6) Notice"). Through the meet-and-confer process, the parties reached agreements on most of the topics in Defendants' 30(b)(6) Notice, and agreed that stipulations could potentially resolve many others. On those where agreement was not reached during the meet-and-confers, you generally clarified what information the Defendants are seeking to have witnesses prepared to address under Rule 30(b)(6), and we agreed to consult with our clients and revert with our positions.

**List of 30(b)(6) Topics**

The below list summarizes our understanding of the agreements the parties have reached on each topic in Defendants' 30(b)(6) Notice during the meet-and-confer process and, where no agreement was reached, states the subject matter on which Plaintiffs will prepare and present witnesses under Rule 30(b)(6):

**Topic 1.**     As discussed during the parties' meet-and-confers, Plaintiffs will stipulate to the acreage of the properties at issue, the square footage and gross leasable area of the buildings, and the age of the buildings. Defendants agreed to send a definition of the "condition" of the building; Plaintiffs will consider whether a stipulation for that sub-topic is suitable after receiving that definition.[1]

**Topic 2.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify as to capital expenditures in excess of $5,000 at the River Oaks Mall from 2003 through 2015.

**Topic 3.**     No agreement was reached on this topic during the parties' meet-and-confers. In the interest of compromise, Plaintiffs will present a witness to testify as to how property tax payments and refunds were generally handled under a lease at the River Oaks Mall from 2003 to 2015, in the event a tenant paid property taxes under the terms of its lease.

**Topic 4.**     No agreement was reached on this topic during the parties' meet-and-confers. In the interest of compromise, Plaintiffs will present a witness to testify as to the vacancy rates at the River Oaks Mall from 2003 to 2015.

**Topic 5.**     As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding any sales, transfers of ownership, and/or offers to sell or purchase the River Oaks Mall between January 1, 2003 and December 31, 2017.

**Topic 6.**     As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding the terms of any mortgages and/or loans on the River Oaks Mall applied for, obtained, or in effect at any time between January 1, 2003 and December 31, 2015.

**Topic 7.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify, for each tax year from 2003 to 2015, as to whether an appeal was taken, the reason an appeal was taken, and the procedural history of each appeal. Defendants agreed to send a definition of "developments" as used in this topic; Plaintiffs will consider

---

[1]     We note that for this and several other topics, Defendants agreed to send follow-up information to Plaintiffs but have not yet sent it. Please do so promptly, and we will respond as soon as possible.

whether to present a witness as to "developments during" each appeal after receiving that definition.

**Topic 8.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify, for each tax year from 2003 to 2015, about the materials provided to the Cook County Board of Review in any tax year in which Plaintiffs submitted a petition to the Board of Review for the River Oaks Mall, the attendance of Plaintiffs' employees or agents (with the exception of outside counsel) at meetings with the Board of Review, and Plaintiffs' knowledge of the "file jackets" prepared by the Board of Review.

**Topic 9.** As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding the subject matter of any and all meetings between the plaintiffs (or plaintiffs' authorized representatives) and the Cook County Assessor's Office between 2003 and 2015, related in any way to River Oaks Mall.

**Topic 10.** Plaintiffs will present a witness to testify on this topic as written.

**Topic 11.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present witnesses to testify about this topic. For clarity, these witnesses will testify regarding (a) appraisals; (b) preliminary opinions of value provided by appraisers; (c) internal evaluations of fee simple fair market value (including value projections created for budgetary purposes); (d) internal evaluations of leased fee fair market value, if any; (e) net book valuations; (f) "fairness opinions" (meaning, as defined by Defendants, "assessments prepared by a qualified valuation or appraisal professional, stating whether the concluded value or range of values assigned to a property is reasonable or generally supported by valuation principles"); and (g) net asset valuations (meaning, as defined by Defendants, ""the fair market value of the total assets of an entity, minus total liabilities").

**Topic 12.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding reporting regarding the River Oaks Mall in 10-K and 10-Q reports filed by Simon Property Group, Inc. to the SEC from 2003-2015.

**Topic 13.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs understand that Defendants will withdraw this topic because Plaintiffs will present witnesses on Topic 11.

**Topic 14.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding balance sheets maintained by any affiliate of Plaintiffs regarding the River Oaks Mall from January 1, 2003 to December 31, 2015.

**Topic 15.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding this topic as limited to the River Oaks Mall, including when the spin-off transaction became effective, when the official transfer of assets including the River Oaks Mall occurred, and who was responsible for handling property tax appeals for River Oaks Mall after the transaction and communicating with tenants about property tax appeals.

**Topic 16.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding the financial terms of Simon Property Group (Delaware), Inc.'s transfer of the River Oaks Mall to Washington Prime Group, as well as any documentation or description of the value of the River Oaks Mall at the time of the transfer.

**Topic 17.**     Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding meetings between Plaintiffs' affiliates and the Mayor of Calumet City and/or any other representatives of Calumet City about economic development opportunities related to the River Oaks Mall, ways to improve the River Oaks Mall, and/or ways to reduce the tax burden on the River Oaks Mall.

**Topic 18.**     During the parties' meet-and-confers, Defendants explained that this topic will not require a witness to testify as to the methodology used by outside appraisers or consultants in reaching opinions of value of the River Oaks Mall. In light of that limitation, Topic 11 already covers the same information, and Plaintiffs propose consolidating this topic into Topic 11.

**Topic 19.**     As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding all of the information requested in this topic.

**Topic 20.**     During the parties' meet-and-confers, Defendants agreed to limit this topic to communications involving Simon employees, not including outside counsel. Subject to that limitation, Plaintiffs will present a witness to testify regarding this topic.

**Topic 21.** Based on Plaintiffs' production of the September 8, 2025 Affidavit of Lindsey Miller and agreement to present a witness on Topic 23, Plaintiffs will not present an additional witness on this topic.

**Topic 22.** During the parties' meet-and-confers, the parties agreed to table this topic pending a resolution of the privilege log dispute now before the Special Master. Plaintiffs will revisit this topic once those issues are decided.

**Topic 23.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify on this topic as written.

**Topic 24.** During the parties' meet-and-confers, Defendants agreed that with respect to third-party valuations, this topic will be limited to (a) the existence of a valuation for a given tax year, (b) the conclusions of a valuation if one exists, and (c) when such valuation was communicated to Plaintiffs; those limitations do not apply to internal valuations. Subject to those limitations, Plaintiffs will present a witness to testify regarding this topic.

**Topic 25.** Plaintiffs will present a witness to testify regarding the storage of paper and electronic information about the internal opinions of value of River Oaks Mall prepared by the Property Tax department from 2003 to 2015.

**Topic 26.** During the parties' meet-and-confers, Defendants agreed to send Plaintiffs a reasonable sample of documents on which they would like Plaintiffs to prepare a witness, out of the 187 documents listed in the topic. Plaintiffs will present a witness to testify on Topic 11 as described above (which substantially overlaps with this topic), and will in addition present a witness prepared to testify regarding this topic as to no more than 15 documents selected from the list of 187, provided Defendants identify those documents with adequate time for Plaintiffs to prepare a witness.

**Topic 27.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify as to the process of budgeting and/or forecasting property tax expenses for the River Oaks Mall, and the amount of property tax expenses budgeted for the River Oaks Mall, for 2003 through 2015.

**Topic 28.** During the parties' meet-and-confers, Defendants agreed to remove the terms "rules" and "standards" from this topic, and clarified that they are seeking testimony regarding (a) whether Plaintiffs have a policy about how properties are valued; (b) whether Plaintiffs have a policy regarding what

information is disclosed to shareholders about property value; and (c) what policy or policies Frank Lima was deemed to have violated, if any. Subject to those limitations, Plaintiffs will present a witness to testify regarding this topic.

**Topic 29.** During the parties' meet-and-confers, Defendants agreed to remove the terms "rules" and "standards" from this topic, and clarified that they are seeking testimony regarding internal policies, procedures, or guidelines for determining the fair market value of a property. Subject to those limitations, Plaintiffs will present a witness to testify regarding this topic with respect to the River Oaks Mall.

**Topic 30.** During the parties' meet-and-confer, Plaintiffs noted that this topic appears to be duplicative of Topic 12, but Defendants declined to withdraw it. Plaintiffs will present a witness to testify regarding references to the River Oaks Mall in Simon Property Group, Inc.'s shareholder reporting from 2003-2015.

**Topic 31.** During the parties' meet-and-confers, Defendants agreed to remove the terms "rules" and "standards" from this topic. Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify regarding the purpose, duties, responsibilities, funding, guidelines, policies, and procedures of Property Tax Management, LLC.

**Topic 32.** During the parties' meet-and-confers, Plaintiffs expressed a concern about the burden of preparing a witness regarding all specific numbers contained within "all income and expense information for River Oaks Mall from 2003 to 2015," and Defendants agreed the Plaintiffs can reserve objections to questions about specific figures within income and expense reports. Subject to that understanding, Plaintiffs will present a witness to testify generally about income and expense reporting for the River Oaks Mall from 2003 to 2015, and will prepare the witness to testify about a reasonable sampling of specific income and expense documents provided Defendants identify a specific set of such documents with adequate time for Plaintiffs to prepare a witness.

**Topic 33.** As discussed during the parties' meet-and-confers, Plaintiffs will provide each Plaintiff's corporate formation documents and/or organizational charts showing their corporate structures in lieu of a stipulation and/or testimony.

**Topic 34.** During the parties' meet-and-confers, Defendants agreed to limit this topic to the formation and day-to-day operations of Fox Valley/River Oaks Partnership. Plaintiffs note that at all relevant times, Fox Valley/River Oaks Partnership was a single-asset special purpose entity with no employees, and did not conduct any "day-to-day activities." Plaintiffs will produce corporate formation documents as part of their stipulation for Topic 33, and will provide an additional stipulation on this topic if requested.

**Topic 35.** Pursuant to the parties' meet-and-confers, Defendants have withdrawn this topic.

**Topic 36.** During the parties' meet-and-confers, Defendants agreed to limit this topic to the financials of the River Oaks Mall. Subject to that limitation and consistent with the parties' discussions during the meet-and-confers, Plaintiffs will present a witness to testify regarding the income, expenses, assets, and liabilities of the River Oaks Mall from 2003 to 2015, and how those financials rolled up to Plaintiffs' parent entities.

**Topic 37.** During the parties' meet-and-confers, Defendants explained that for the properties covered by this topic, they are seeking information regarding (1) whether an appeal was taken; (2) the procedural history of the appeal (including what administrative or judicial bodies the appeal was taken to); (3) what determinations if any were made by those bodies; and (4) whether an appraiser was engaged for the appeal, and if so, which appraiser. Subject to the foregoing limitations, as to every property other than the River Oaks Mall owned by Plaintiffs or their affiliates during tax years 2003 to 2015, Plaintiffs will provide a stipulation for each property and tax year containing the information requested.

**Topic 38.** Plaintiffs will present a witness to testify on this topic as written.

**Topic 39.** As stated during the parties' meet-and-confers, Plaintiffs will present a witness to testify as to the factual bases for Plaintiffs' interrogatory responses.

**Topic 40.** Plaintiffs will present a witness to testify on this topic as written.

**Topic 41.** As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation identifying all property tax managers and tax analysts supporting the River Oaks Mall from 2003 to 2015.

**Topic 42.** As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding the relationship between Simon Property Group (Delaware), Inc. and Fox Valley/River Oaks Partnership from 2003 to 2015.

**Topic 43.** During the parties' meet-and-confers, Plaintiffs expressed concern about the burden of preparing a witness regarding "all" communications about the River Oaks Mall's property taxes from 2003 to 2015. Consistent with the parties' discussions, Plaintiff will present a witness to testify as a Rule 30(b)(6) designee regarding this topic as to no more than 25 documents, provided Defendants identify those documents with adequate time for Plaintiffs to prepare a witness.

**Topic 44.** As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding their revenue, expenses, assets, and liabilities from 2003 to 2015.

**Topic 45.** Given that Plaintiffs are already presenting witnesses for Topic 20 and Topic 37 as described above, Plaintiffs will not present a witness on this topic separately.

**Topic 46.** Given that Plaintiffs are already presenting witnesses for Topic 20 and Topic 37 as described above, Plaintiffs will not present a witness on this topic separately.

**Topic 47.** Plaintiffs will present a witness to testify regarding this topic as written.

**Topic 48.** During the parties' meet-and-confers, Defendants clarified that they are seeking testimony regarding the reporting of the River Oaks Mall's market value by Simon Property Group, Inc., as well as any references to market value in any other tax returns or public filings. Subject to those limitations, Plaintiffs will present a witness to testify on this topic with respect to the fair market value of the River Oaks Mall.

**Topic 49.** During the parties' meet-and-confers, Defendants agreed to limit this topic to the period 2003 to 2015, and clarified that they are seeking testimony about what information was provided to Ernst & Young ("EY"), and what services EY performed with respect to the River Oaks Mall. Subject to those limitations, Plaintiffs will present a witness to testify regarding this topic, with the clarification that Plaintiffs will not present a witness to give

Rule 30(b)(6) testimony about the substance of every communication, transmittal, or document produced by EY related to the River Oaks Mall.

**Topic 50.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs will present a witness to testify as to this topic.

**Topic 51.** As discussed during the parties' meet-and-confers, Plaintiffs will provide a stipulation regarding the amount of revenue generated and reported by Fox Valley/River Oaks Partnership and Simon Property Group, Inc. for the period 2003 to 2015.

**Topic 52.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs suggest that the parties table this topic pending the resolution of ongoing discovery disputes.

**Topic 53.** Consistent with the parties' discussion during the meet-and-confers, Plaintiffs suggest that this topic should be withdrawn, and in exchange Plaintiffs will withdraw their similar topic issued to the County Defendants.

**Topic 54.** During the parties' meet-and-confers, Defendants declined to limit this topic to the tax years at issue. Plaintiffs will provide a stipulation regarding the number and type of matters on which Plaintiffs or any of their affiliates have engaged REAC, Michael Kelly, or any entity employing or engaging them.

**Topic 55.** Plaintiffs will present a witness to testify regarding this topic as written.

**Topic 56.** Pursuant to the parties' meet-and-confers and in light of Topic 21, Defendants have withdrawn this topic.

Please contact us as soon as possible with any questions about the list of topics.

### Designees

Plaintiffs are designating and will prepare Juan Paz to testify on the following topics, and will present him for deposition on the previously agreed date of October 13, 2025:

- Topics 4, 7, 8, 10, 11 (except with respect to net book value), 17, 20, 24, 25, 26, 27, 28, 29, 31, 38, 39, 40, 43, 47, 50, 54, and 55.

Plaintiffs are designating and will prepare Jodi Calisto to testify on the following topics, and will present her for deposition on a mutually agreeable date; please let us know your availability in October as soon as possible:

- Topics 2, 3, 11 (with respect to net book value only), 12, 14, 15, 16, 30, 32, 36, 48, and 49.

On the balance of topics for which Plaintiffs will present a witness, we are finalizing our designee(s) and will advise as soon as possible.

Very truly yours,

*/s/ Andrew Schrag*

Andrew Schrag

cc: All counsel of record