## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

A.F. MOORE & ASSOCIATES, INC.; J. EMIL ANDERSON & SON, INC.; ERLING EIDE; and FOX VALLEY/RIVER OAKS PARTNERSHIP, and SIMON PROPERTY GROUP (Delaware), INC.

    Plaintiffs,

     v.

MARIA PAPPAS, Cook County Treasurer and Ex Officio County Collector, FRITZ KAEGI, Cook County Assessor, and the COUNTY OF COOK,

    Defendants.

No. 1:18-cv-04888

Judge John J. Tharp, Jr.

Judge Daniel P. McLaughlin

### Minutes of Conference With Special Master Grossman Held on February 16, 2026

- Having reviewed the parties' letter briefing regarding Michael Dart's Rule 30(b)(6) deposition, and having watched four hours of the video of the deposition, Special Master Grossman stated that she had reached a decision resolving the parties disputes regarding Michael Dart's deposition preparation and conduct.

- First, Special Master Grossman stated that Plaintiffs should have objected to Defendants' request for production of Mr. Dart's deposition notes in advance of the deposition if they intended not to comply with Defendants' request. However, she stated that Mr. Dart's use of notes was not improper. She noted that even though Mr. Dart could not have memorized every single specific detail related to document productions and meet-and-confers, Mr. Dart was designated as the person most knowledgeable about Plaintiffs' searches and document productions and should have been more prepared to testify to that topic. She explained that for future depositions, Plaintiffs should abide by Defendants' deposition riders and provide deposition notes in advance of the deposition, so that counsel has time to review the notes. With Juan Paz's Rule 30(b)(6) deposition scheduled for the next day, the parties agreed that Plaintiffs would provide those notes in advance of the deposition to give Defendants the opportunity to review them. If Defendants object to when deposition notes are produced, Special Master Grossman will review the notes to determine whether the late production caused any prejudice.

- Second, Special Master Grossman determined that Mr. Dart's deposition would not be reopened at this time. However, she believed that Mr. Dart was not completely prepared for his deposition and could have taken additional steps to prepare, noting that there were measures she herself would have taken had she been a corporate designee, which he did not. Special Master Grossman found that Defendants should be granted relief with respect

to certain topics for which Defendants contended Mr. Dart was not adequately prepared. These items were addressed as follows:

o Defendants requested the production of all impairment memoranda and related spreadsheets for River Oaks from 2002 through 2017. With respect to this request Special Master Grossman directed Plaintiffs to identify which Simon Property personnel prepared and/or sent the impairment memoranda and related spreadsheets, including any versions transmitted to Ernst & Young. She further indicated that if those individuals were not already included as custodians in prior searches, their email accounts should be searched for the impairment memoranda and related spreadsheets. Defendants noted that the valuation data reflected in the impairment materials supports a valuation for River Oaks approximately $30 million higher than the value Simon Property is claiming in this litigation.

o Special Master Grossman granted Defendants relief regarding the one-page summaries accompanying David Simon's annual budget binders. The Special Master acknowledged that because the one-page summaries were electronic documents, the destruction of any physical binders would not necessarily eliminate the underlying ESI for the 2005 through 2012 budget binder materials. The Special Master directed Plaintiffs to conduct a thorough search for those documents, including asking additional individuals for information about those documents, and confirming whether the budget binder summaries still exist for tax years 2005 through 2012. Special Master Grossman also acknowledged that while Plaintiffs indicated that they had searched Mr. Campbell's emails for these documents, they were to contact David Campbell to determine whether the budget binders were collected after the annual budget meetings or stored in locations not previously searched, and to ask the individuals who prepared the budget binder summaries about their handling and storage. Plaintiffs' counsel stated that Jodi Calisto was intimately involved in preparing the one-page summaries and would be prepared to testify during her upcoming Rule 30(b)(6) deposition on February 18 regarding their substance and location. Plaintiffs were directed to identify the Bates numbers of the one-page summaries that Plaintiffs had produced by February 20, 2026.

o With respect to direct capitalization reports, Defendants' counsel asked whether Plaintiffs had produced all such reports. Defendants explained that testimony from Simon Property employees indicates these reports were prepared regularly throughout the tax years at issue, and that those employees have testified that direct capitalization reports are synonymous with opinions of value. Special Master Grossman indicated that Juan Paz should be prepared to testify during his Rule 30(b)(6) deposition as to whether such reports still exist and how often such reports were created. She also directed Plaintiffs (who also agreed) to conduct an additional search for direct capitalization reports and directed Simon Property to provide defendants with a clear written response identifying what reports have been produced, including the corresponding Bates numbers. Defendants stated that

numerous direct capitalization reports were produced for tax year 2013, which is not at issue in this case, while testimony suggests that these reports were prepared regularly before and after 2013, and reflect Simon Property's internal valuation of River Oaks during the tax years at issue. Plaintiffs indicated that "opinions of value" are synonymous with "direct capitalization reports."

o With respect to documents and communications related to the transfer of River Oaks from Simon Property to Washington Prime Group, including the valuation implications of that transfer, Special Master Grossman stated that Jodi Calisto is designated on this topic and should be prepared to testify regarding the transfer. Defendants questioned how Washington Prime Group acquired River Oaks without documentation reflecting the property's value, and clarified that they are also seeking information regarding the value Simon Property recorded as leaving its books when River Oaks transferred to Washington Prime in 2014. Defendants' counsel also asked if Plaintiffs produced communications with Washington Prime Group, and Plaintiffs responded that they had. At Defendants' request, Special Master Grossman directed Plaintiffs to identify the Bates numbers of those communications and documents.

o Defendants stated that Plaintiffs appear to have destroyed eProperty Tax spreadsheets and forecasting data after tax year 2009. Defendants stated that during his deposition, Mr. Dart indicated that such information still exists, but that it was unclear whether Plaintiffs intended to produce those materials or whether his testimony was mistaken. Plaintiffs stated that Mr. Paz will be prepared to address this issue during his Rule 30(b)(6) deposition.

- Next, Defendants raised a concern regarding the amount of time that witnesses spend reviewing exhibits during depositions. The parties agreed that when a witness requires significant time to review a document, the witness will do so off the record.

- The parties then discussed Defendants' amended Rule 30(b)(6) deposition notices for Jodi Calisto and Juan Paz served on February 11, 2026. Defendants explained those notices were provided the week prior to their depositions, providing more advance notice than Plaintiffs had provided for prior depositions of defense Rule 30(b)(6) witnesses. Defendants noted that after the amended notices were served, Plaintiffs raised objections to several topics that Defendants viewed as noncontroversial. Defendants noted that they had proposed a meet and confer to resolve any issues, but received an email shortly before the depositions stating that Ms. Calisto and Mr. Paz would be produced subject to objections. Because of this lack of clarity regarding Plaintiffs' designations, Defendants were hesitant to proceed with the Rule 30(b)(6) depositions without clear agreements on the scope of certain topics and would therefore reserve their rights with respect to those issues. The defendants emphasized that they are entitled to clear witness designations for

3

each 30(b)(6) topic.  The parties agreed to meet and confer following the conference in an attempt to resolve any disputes regarding the 30(b)(6) topics.

- Lastly, Defendants requested that Plaintiffs produce copies of the trial transcripts, and, if possible, the opening and closing statements, from the *Pleasant Prairie* case, and Plaintiffs agreed to do so by February 17, 2026.

**Next Conference with Special Master.**  The parties and the Special Master will reconvene for a conference via Teams on February 27, 2026, at 9:30 a.m. Eastern/8:30 a.m. Central.